UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:22-cv-00174-MMH-PDB

VANESSA TREMINIO,

       Plaintiff,

vs.

CROWLEY MARITIME CORPORATION,
and JUAN EMILIO BLANCO,

       Defendants.
_____/

## MOTION FOR SPECIAL ADMISSION

J. Ryan Melogy, Esquire, moves for special admission to represent Plaintiff Vanessa Treminio in this action.

I am a member in good standing of a bar of a United States district court; specifically, the U.S. District Court for the Southern District of New York.

I am not a member in good standing of the Florida Bar and have never been a member of the Florida Bar. I have not abused the privilege of special admission by maintaining a regular law practice in Florida. I have not appeared in the last thirty-six months in any cases in state or federal court in Florida.

I am a Florida resident/domiciliary. However, I do not work for, or maintain, a law office in the state of Florida, do not practice Florida law, have never advertised

that I practice Florida law, and have not created any public presence or profile as a Florida attorney. I will not solicit any Florida clients.

I maintain a license to practice law in the State of New York, am frequently physically present within the State of New York, and in accordance with New York Judiciary Law § 470, I maintain a physical "*office for the transaction of law business*" within the State of New York. My Attorney Registration Number is 4831152.

A purpose of Local Rule 2.01(c)(1) is the avoidance of the unauthorized practice of law in Florida. On May 20, 2021 the Supreme Court of Florida issued Opinion No. SC20-1220, "*The Florida Bar Re: Advisory Opinion–Out-Of-State Attorney Working Remotely From Florida Home*" attached as Exhibit 1. In Opinion No. SC20-1220, the Florida Supreme Court approved an advisory opinion of the "Florida Standing Committee on the Unlicensed Practice of Law," which found that an attorney licensed to practice law in another state who "*simply establishes a residence in Florida and continues to provide legal work to out-of-state clients from his private Florida residence under the circumstances described in this request does not establish a regular presence in Florida for the practice of law.*"

In the Standing Committee's Advisory Opinion of August 17, 2020, the Committee wrote, "In light of the current COVID-19 pandemic, the Standing Committee finds the written testimony of Florida-licensed attorney, Salomé J.

Zikakis, to be particularly persuasive": *'I believe the future, if not the present, will involve more and more attorneys and other professionals working remotely, whether from second homes or a primary residence. Technology has enabled this to occur, and this flexibility can contribute to an improved work/life balance. It is not a practice to discourage…Using the attorney's physical presence in Florida as the definitive criteria [sic] is inappropriate. So long as the attorney is not practicing Florida law, is not advertising that he practices Florida law, and creates no public presence or profile as a Florida attorney, then there is no UPL simply because the attorney is physically located in Florida. There is no harm to the public. These facts do not and should not constitute UPL in Florida.*"

Because my law practice is substantially similar to the law practice sanctioned by the Florida Supreme Court in Opinion No. SC20-1220 and by the Standing Committee's Advisory Opinion of August 17, 2020, and because I am not engaged in the unlawful practice of law in Florida, I respectfully request that Local Rule 2.01(c)(1) be suspended for me in this case.

Additionally, in the present case, the Plaintiff herself is not a resident of Florida and has never been a resident of Florida or a resident of the United States. The Plaintiff initially contacted me from her home in El Salvador because of my national reputation as an advocate for victims of sexual abuse, not because she believed I was licensed to practice law in Florida. Over the course of months, I have

3

established a strong bond with the Plaintiff and have helped her process the sexual abuse that was inflicted upon her through an international sex trafficking scheme.

Sex trafficking is often a transnational enterprise, and it would not serve the interests of the victim in this case, or victims generally, if attorneys with specialized knowledge and training in helping victims access the justice system were not allowed to associate with local attorneys in order to hold traffickers accountable. Because allowing me to serve as co-counsel in this case would serve the best interests of the Plaintiff/victim and would advance the interests of justice for a victim of sex trafficking, I respectfully request that Local Rule 2.01(c)(1) be suspended for me in this matter.

I will comply with the federal rules and this Court's local rules.

I am familiar with 28 U.S.C. § 1927, which provides:

*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

I have paid the fee for special admission.

I will register with the Court's CM/ECF system.

I affirm the oath, which states:

*I will support the Constitution of the United States. I will bear true faith and allegiance to the government of the United States. I will maintain the respect due to the courts of justice and all judicial officers. I will*

4

*well and faithfully discharge my duties as an attorney and officer of this Court. I will conduct myself uprightly and according to the law and the recognized standards of ethics of the legal profession.*

Dated March 1, 2022

                                                  Respectfully submitted,

                                                  */s/  J. Ryan Melogy*
                                                  **J. RYAN MELOGY***
                                                  Maritime Legal Solutions, PLLC
                                                  276 Fifth Ave., Suite 704-1454
                                                  New York, NY 10001
                                                  Telephone: (302) 827-3890
                                                  E-mail: maritimelegalsolutions@pm.me
                                                  **pro hac vice* admission requested