UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANESSA TREMINIO,

     Plaintiff,

v.                        CASE NO.: 3:22-cv-00174-MMH-PDB

CROWLEY MARITIME
CORPORATION, and
JUAN EMILIO BLANCO,

     Defendants.

_____/

## DEFENDANT CROWLEY MARITIME CORPORATION'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Crowley Maritime Corporation, pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6), hereby moves this Court for an order dismissing all

claims against Crowley, which include Counts II, V, VI, VII, VIII, IX, and X of

Plaintiff's Amended Complaint and Demand for Jury Trial, for failure to state a claim

under Rule 12(b)(6). Crowley offers the following in support thereof:

### BACKGROUND

This case arises from an event that Plaintiff alleges occurred over four years ago

while she was employed by Crowley Shared Services S.A. de C.V., an El Salvador

company.[1]  Specifically, Plaintiff, who lives and worked in El Salvador, alleges that,

---

[1] Although Plaintiff was employed by a foreign entity, Crowley Shared Services S.A. de C.V., and
Crowley Maritime Corporation was not Plaintiff's employer, for purposes of this Motion, Defendant
will refer to Plaintiff's employer throughout the Motion as "Crowley" or the "Company."

in November 2017, she was sexually assaulted by her direct supervisor while on a business trip, after which Plaintiff continued her employment until her termination for performance in January 2021. Plaintiff's lawsuit stems from her claim that Crowley failed to adequately address Plaintiff's complaint of sexual assault and that Crowley somehow benefitted from the alleged assault. Crowley is committed to the safety and welfare of its people and diligently strives to ensure a safe and respectful work environment for all. In her lawsuit, Plaintiff presents a troubling set of allegations that have been taken with utmost seriousness. Notwithstanding, Crowley vigorously denies the allegations set forth in Plaintiff's Amended Complaint and Demand for Jury Trial ("Amended Complaint"), which was filed on March 30, 2022. The lengthy Amended Complaint alleges the following seven (7) causes of action against Crowley:

- (Count II) Sex Trafficking under 18 U.S.C. § 1591, *et seq.*
- (Count V) Forced Labor under 18 U.S.C. §1589, *et seq.*
- (Count VI) Negligence
- (Count VII) Negligent Supervision and Retention
- (Count VIII) Negligent Misrepresentation
- (Count IX) Intentional Infliction of Emotional Distress
- (Count X) Negligent Infliction of Emotional Distress

Plaintiff has failed to state a cause of action as to all of the claims alleged against Crowley and the Amended Complaint should be dismissed in its entirety, with prejudice.

## MEMORANDUM OF LAW

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule

8(a), in order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Sarver v. Jackson*, 344 Fed. App'x. 526, 527 n.2 (11th Cir. 2009) (internal citations omitted). "Conclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support [her] allegations." *Watershed Treatment Programs, Inc. v. United Healthcare Ins. Co. , Inc.*, No. 07-80091 CIV, 2007 WL 1099124, at *2 (S.D. Fla. 2007). Although the Court must accept the allegations in the Amended Complaint as true and in the light most favorable to plaintiff, the Court should ignore those allegations that contain no more than opinions or legal conclusions. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996); *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1187 (11th Cir. 2002). Moreover, it is "proper to grant a Rule 12(b)(6) motion if noncompliance with the statute of limitations is apparent on the face of the complaint." *See Omar exrel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003). All of Plaintiff's claims against Crowley, each of which will be individually addressed, should be dismissed for failure to state a claim under Rule 12(b)(6).

### A.   Plaintiff fails to state a claim in Count II for sex trafficking under 18 U.S.C. section 1951

"The Trafficking Victims Protection Act of 2000 ("TVPA") was enacted to deal

with a social ill whose international as well as interstate dimensions have invited federal attention and action. The statute focuses on those (usually men) who make money out of selling the sexual services of human beings (usually women) they control and treat as their profit-producing property." *United States v. Biancofiori*, No. 16 CR 306-1, 2018 WL 372172, at *1 (N.D. Ill. Jan. 11, 2018) (internal citations omitted). In her Amended Complaint, Plaintiff argues that Crowley engaged in sex trafficking because Plaintiff was on a business trip for Crowley when she was allegedly sexually assaulted by Defendant Juan Blanco ("Blanco").[2]

> Section 1951 of the TVPA prohibits sex trafficking and applies to a person who,
>
> knowingly . . . in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes or solicits by any means a person . . . . knowingly or . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act.

18 U. S. C. § 1591(a).  "[S]ection 1591(a)(1) punishes primary violators who directly engage in sex trafficking, and section 1591(a)(2) punishes secondary participants who 'knowingly benefit, financially or by receiving anything of value, from participation in a venture' with a primary violator." *Doe #1 v. MG Freesites, LTD*, No. 7:21-CV-00220-LSC, 2022 WL 407147, at *7 (N.D. Ala. Feb. 9, 2022).  Trafficking victims may use section 1595 to pursue civil claims against perpetrators of trafficking (direct liability) or those who knowingly benefit financially from trafficking (beneficiary liability). *Id.*; *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *5 (C.D. Cal. Jan.

---

[2] (Doc. 14) Amended Complaint at 41-52.

6, 2022) ("The language of the statute creates two species of liability: (1) liability for the perpetrator of a violation; and (2) liability for anyone who knowingly benefits from participation in a venture that engaged in a violation"). Plaintiff's Amended Complaint alleges "principal liability" against Crowley which appears to be an attempt to assert a claim for direct liability of the alleged sex trafficking through some form of *respondeat superior*.[3]  Plaintiff, now, also asserts a claim for "venture liability" which is presumably an attempt to plead beneficiary liability.[4]

### 1. The Amended Complaint contains no allegations that Plaintiff engaged in a "commercial sex act" as defined by the statute

Regardless of the theory of liability pled by Plaintiff in Count II, in order for the TVPA to apply to Plaintiff's claims, a "commercial sex act" must have occurred. *See Doe v. Fitzgerald*, No. CV 20-10713-MWF (RAOx), 2022 WL 425016, at *5 (C.D. Ca. Jan. 6, 2022) (engaging in a commercial sex act is an element of the claim for direct liability); *Bridges v. Poe*, 487 F. Supp. 3d 1250, 1260 (N.D. Ala. Sept. 9, 2020) ("to state a claim . . . based on venture liability [a plaintiff] must first show . . . [a violation of] § 1591 of the TVPA"). The TVPA defines "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). Courts have interpreted a "thing of value" to include such things as intangible benefits that are of subjective value to the recipient. *Noble v. Weinstein*, No.

---

[3] (Doc. 14) Amended Complaint at 47-51. Because Plaintiff includes allegations of a "venture" under the Plaintiff's theory of "principal liability," it is difficult to determine Plaintiff's theory of liability. Regardless, Plaintiff fails to adequately state a claim for violations of the TVPA under either direct liability or beneficiary liability.
[4] (Doc. 14) Amended Complaint at 41-47.

17-CV-09260 (AJN), 2019 WL 3940125, at *3 (S.D.N.Y. Aug. 5, 2019).  According to the Amended Complaint, the alleged sex trafficking occurred when Plaintiff traveled to the United States on a business trip in 2017 and Blanco allegedly broke into Plaintiff's hotel room and sexually assaulted her.[5]   However, absent from the Amended Complaint are any facts that meet the TVPA's definition of a "commercial sex act."  While courts have interpreted the TVPA to extend to "enticement of victims by means of fraudulent promises of career advancements, for the purposes of engaging them in consensual or non-consensual sexual activity," there are no allegations that Blanco or Crowley made any promises to Plaintiff with regard to her employment or career in order for the alleged sex act to occur.  *Corradino v. Liquidnet Holdings, Inc.*, No. 19 Civ. 10434 (LGS), 2021 WL 2853362, at * 3 (S.D. N.Y. July 8, 2021).   In fact, notwithstanding courts' broad interpretations of the statute, the Amended Complaint is devoid of allegations that Plaintiff, or any person, was promised or received "anything of value" in exchange for the alleged sex act.  *C.f. David v. Weinstein Company LLC*, 431 F. Supp. 3d 290, 303 (S.D. N.Y. 2019) (discussing cases in which promises of career advancement were made by the alleged perpetrator or the plaintiff expected to receive something of value from the alleged perpetrator); *Doe  v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *6 and 8 (C.D. Cal. Jan. 6, 2022) (holding that "sexual gratification" alone is not a "thing of value" under the definition of "commercial sex act" and finding no commercial sex act took place where nothing

---

[5] (Doc. 14) Amended Complaint at 12-14.

of value was exchanged).

Plaintiff seeks to avoid dismissal by alleging that she "benefitted financially and received something of great value . . . [because] [s]he was allowed to continue her employment with Crowley and allowed to continue receiving her salary and benefits."[6] Plaintiff further alleges that the "possibility of valuable career advancement within Crowley" was another "thing of value" received by Plaintiff.[7] However, "[t]he use of the phrase 'on account of which' [in the definition of 'commercial sex act'] suggests that there needs to be a causal relationship between the sex act and an exchange of an item of value." *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 10-CV-4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013); *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *7 (C.D. Cal. Jan. 6, 2022) (finding the defendant's actions qualified as a commercial sex act because the plaintiff "received a trip to Mexico and lodging on [d]efendant's property in exchange for his sexual assault").  It is clear on the face of the Amended Complaint that Plaintiff was allegedly permitted to continue her employment with Crowley, not because she engaged in any sexual activity with Blanco, but because she went on the business trip.[8] *See Kolbek*, 2013 WL 6816174, at *16.   Moreover, the Amended Complaint is devoid of any allegation that even the *possibility* of career advancement was in any way promised to Plaintiff.   Therefore, Plaintiff has failed to allege any type of causal

---

[6] (Doc. 14) Amended Complaint ¶ 126.
[7] (Doc. 14) Amended Complaint ¶ 126.
[8] (Doc. 14) Amended Complaint at 39-40, ¶ ¶ 109-113.

relationship between the alleged sex act and an exchange of an item of value, and her claim fails for that reason.

Crowley is not conceding that a sexual assault occurred back in 2017. However, for purposes of the Motion, the Court must construe the allegations in the light most favorable to the Plaintiff. That said, "[w]hile . . . rape is reprehensible, not all . . . rapes are meant to be punishable by a sex trafficking statute." *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *8 (C.D. Cal. Jan. 6, 2022). In this case, although Plaintiff's allegations of rape by her supervisor are deeply disturbing, even if true, Plaintiff has not identified a "commercial sex act" as defined by the statute and, therefore, Count II should be dismissed in its entirety.

### 2. Plaintiff fails to allege that Crowley had sufficient knowledge of the alleged sex trafficking for direct liability[9]

To establish direct (i.e., perpetrator) liability, Plaintiff must allege that Crowley "(i) knowingly; (ii) in interstate or foreign commerce; (iii) recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited by any means; (iv) knowing, or, in reckless disregard of the fact, that means of force, threats of force, fraud, or any combination of such means will be used; (v) to cause the person to engage in a commercial sex act." *Doe v. Fitzgerald*, No. CV 20-10713-MWF (RAOx), 2022 WL 425016, at *5 (C.D. Ca. Jan. 6, 2022).

---

[9] Because Plaintiff makes allegations of a "venture" under both "Venture Liability" and "Principal Liability" in Count II, Plaintiff's claims are unclear. However, because section 1595 only provides for direct liability and venture liability, Defendant assumes Plaintiff is attempting to state a claim under both theories. *See* 18 U.S.C. §1595(a).

To the extent Plaintiff pled her cause of action under section 1591(a)(1), "[section 1591] requires that the defendant have actual knowledge of sex trafficking at issue while the civil statute allows a plaintiff to plead that the defendant merely had constructive knowledge." *Doe #1 v. MG Freesites, LTD*, No. 7:21-CV-00220-LSC, 2022 WL 407147, at *11 (N.D. Ala. Feb. 9, 2022). Therefore, for direct liability Plaintiff must plead sufficient underlying facts to establish that Crowley "knew" or acted "in reckless disregard of the fact" that Plaintiff would be forced, defrauded, or coerced into engaging in a commercial sex act. 18 U.S.C. § 1591(a); *Doe*, 2022 WL 425016, at *5.

Under section 1591, knowledge "requires . . . that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in prostitution." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). Under section 1591, when a defendant did not personally cause the victim to engage in a sex act, a defendant may be liable if the defendant "allowed a client or a codefendant to do so." *United States v. Wearing*, 865 F.3d 553, 556 (7th Cir. 2017). "[The TVPA] requires the pleader allege awareness, at the initial recruitment or enticement stage, that certain prohibited means will be employed to achieve a perverse end goal: a commercial sex act." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 518 (S.D.N.Y. 2018). "In other words, Defendant must have recruited or enticed Plaintiff with the knowledge that certain statutorily-prohibited means . . . will be used to cause plaintiff to engage in a sex act." *Id.*

In this case, to have violated the TVPA, Crowley would have to have known, or recklessly have disregarded the fact that it was likely that, Blanco would allegedly

break into Plaintiff's hotel room, sexually assault her during their business trip to the United States, and that the assault would constitute a commercial sex act. In attempting to meet the knowledge prong, Plaintiff argues that (1) multiple female Crowley employees previously notified Crowley that Blanco had sexually harassed and sexually assaulted them in Crowley's offices; (2) Plaintiff reported that Blanco sexually assaulted her in the elevator; and (3) Plaintiff told Crowley that she did not feel safe traveling with Blanco.[10]   In her Amended Complaint, Plaintiff included numerous new allegations that "senior Crowley employees" required Plaintiff to travel to the U.S. with Blanco, even though Plaintiff claims they knew Plaintiff did not feel safe traveling with Blanco and that Plaintiff had made prior sexual misconduct allegations against Blanco.[11]   However, "[w]hat the statute requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in [a commercial sex act]." *Todd*, 627 F.3d 329 at 334.  Therefore, even assuming Crowley's knowledge of all of the foregoing is true, the Amended Complaint lacks sufficient allegations to establish that Crowley knew, or could have known, that Blanco had allegedly planned to use surreptitious means to obtain Plaintiff's hotel key, enter Plaintiff's hotel room, and force her to engage in a commercial sex act.  Again, not only must Crowley have known a sexual assault would occur, but the Company must have known that a commercial sex act would take place. Because Plaintiff has failed to adequately plead "knowledge" under the direct liability

---

[10] (Doc. 14) Amended Complaint at 48-50.
[11] (Doc. 14) Amended Complaint at 48-50.

provisions of the TVPA, Count II should be dismissed.   Count II should also be dismissed because there was no commercial sex act that occurred, so the "knowledge" requirement automatically fails for that reason as well.

### 3. Plaintiff failed to adequately plead beneficiary liability under the TVPA

"To state a claim under a section 1595(a) beneficiary theory, plaintiff[ ] must allege facts to plausibly infer the defendant (1) knowingly benefitted financially or by receiving anything of value, (2) from participation in a venture, (3) it knew or should have known has engaged in sex trafficking under section 1591."[12]  *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1255–56 (M.D. Fla. 2020).   Therefore, the first element Plaintiff must establish is that Crowley "knowingly benefitted from participating in a venture . . ."  *Bridges*, 487 F. Supp. 3d at 1261.   A "benefit" can be financial or the receipt of anything of value.  *Doe v. MG Freesites, LTD*, No. 7:21-CV-00220-LSC, 2022 WL 407147, at *18 (N.D. Ala. Feb. 9, 2022).

However, the Amended Complaint contains only conclusory allegations that Crowley benefitted from the alleged "sex trafficking."   Indeed, the only factual allegations of benefit to Crowley are the following:  (1) Crowley obtained Plaintiff's assistance on certain contracts and (2) Crowley received a financial benefit from Blanco's continued employment.[13]   Notably, Crowley must have benefited from the

---

[12] To state a claim based on beneficiary liability, Plaintiff must first establish a "commercial sex act" in violation of Section 1591 of the TVPA.  *See Bridges v. Poe*, 487 F. Supp. 3d 1250, 1260 (N.D. Ala. Sept. 9, 2020).  Because Plaintiff fails to adequately plead a commercial sex act for the reasons already discussed, her claim for beneficiary liability fails.

[13] (Doc. 14) Amended Complaint ¶¶ 15, 129.

sex trafficking venture. *See* 18 U.S.C. §1595(a). None of the alleged benefits were even remotely derived from participation in the alleged "sex trafficking venture." Indeed, the alleged benefits do not "sync" with Crowley's alleged participation in any purported venture to force Plaintiff to travel with Blanco so Blanco could sexually assault Plaintiff.[14]  *See Doe v. Fitzgerald*, No. CV 20-10713-MWF (RAOx), 2022 WL 425016, at *9 (C.D. Ca. Jan. 6, 2022).

Another element of beneficiary liability requires "participation in a [sex trafficking] venture." *Naples Hotel Co.*, 476 F. Supp. 3d at 1255–56. A "venture" is defined in the TVPA as "any group of two or more individuals associated in fact." 18 U.S.C. 1591(e)(6). While an overt act in furtherance of the venture is not required, a plaintiff must "allege at least a showing of a continuous business relationship between the trafficker and [the defendant] such that it would appear that the trafficker and [the defendant] have established a pattern of conduct or could be said to have a tacit agreement." *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1256 (M.D. Fla. 2020); *Doe v. MG Freesites, LTD*, No. 7:21-CV-00220-LSC, 2022 WL 407147, at *17 (N.D. Ala. Feb. 9, 2022) (internal citations omitted). Plaintiff has failed to allege anything but conclusory allegations of a "sex trafficking venture." Instead, the only allegations are that Plaintiff was required, as a condition of her employment, to travel to Jacksonville with Blanco on a business trip.[15]

Finally, Crowley must have had "constructive knowledge" that the venture

---

[14] *See* (Doc. 14) Amended Complaint at 43-46.
[15] *See* (Doc. 14) Amended Complaint at 42-44.

"engaged in sex trafficking" and violated the TVPA. *Bridges*, 487 F. Supp. 3d at 1262. Plaintiff attempts to meet this element by alleging that Blanco had sexually harassed and/or sexually assaulted other female employees.[16]  However, none of Blanco's conduct of which Crowley allegedly had knowledge rises to the level of sex trafficking. Indeed, none of the allegations against Blanco would have put Crowley on notice that Blanco would allegedly "use force or fraud to obtain a commercial sex act" from any woman, much less allegedly rape Plaintiff on a business trip. *See Eckhart v. Fox News Network, LLC*, 20-CV-5593 (RA), 2021 WL 4124616, at *11 (S.D.N.Y. Sept. 9, 2021) (allegations of an affair, that the employee was a "serial harasser," that the employee "engaged in sexually inappropriate conduct toward [women]" did not rise to the level of sex trafficking or involve the employee using force or fraud to obtain a commercial sex act from any of these women. "In sum, these allegations, while troubling, are insufficient to establish that [the employer] knew or should have known that [the employee] was specifically engaged in sex trafficking").  For these reasons as well, Count II should be dismissed.

### 4.  Plaintiff fails to state a claim for *respondeat superior*

In the Amended Complaint, Plaintiff alleges that Crowley is liable for the acts of its employees under a theory of *respondeat superior*.[17]  Plaintiff has not cited, and Defendant has been unable to locate, any cases under the TVPA in which the theory of *respondeat superior* is used to establish liability.  To the extent Plaintiff is attempting

---

[16] (Doc. 14) Amended Complaint ¶ 117.
[17] (Doc 14) Amended Complaint ¶ 139.

to allege some type of indirect, vicarious liability, Plaintiff's claims fail. *See A.B. v. Hilton Worldwide Holdings, Inc.*, 484 F. Supp. 921, 940 (D. Or. 2020). This is because Plaintiff failed to state a claim under agency theory, which requires a plaintiff to plausibly allege that (1) there was an agency relationship and (2) the agents are plausibly liable under section 1595. *See J.L. v. Best Western International, Inc.*, 521 F. Supp. 3d 1048, 1064-65 (D. Co. 2021). In any event, there is no plausible liability for any alleged agent of Crowley because Plaintiff fails to state a claim against any agent of Crowley for the same reasons it has failed to state a claim against Crowley itself.

**B.**   **Plaintiff fails to state a claim in Count V for labor trafficking under 18 U.S.C. section 1589**

In Count V, Plaintiff alleges violation of the TVPA's prohibition of forced labor. 18 U.S.C. § 1589. Plaintiff ostensibly alleges that the November 5, 2017 through November 10, 2017 business trip was "forced labor" under the TVPA.[18] Section 1589 prohibits someone from "knowingly provid[ing] or obtain[ing] the labor or services of a person by any one or, or by any combination of . . . force, threats of force, physical restraint, or threats of physical restraint . . . serious harm or threats of serious harm . . . [or] abuse or threatened abuse of the law or legal process." 18 U.S.C. § 1589 (a)(1-3). The TVPA defines "serious harm" as "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor

---

[18] (Doc. 14) Amended Complaint at 55-57.

or services in order to avoid incurring that harm." 18 U.S.C. § 1589.

"The threat is considered from the vantage point of a reasonable person in the place of the victim and must be sufficiently serious to compel that person to remain." *Martinez-Rodriguez v. Giles*, 391 F. Supp. 3d 985, 993 (D. Idaho 2019) (citing *United States v. Dann*, 652 F.3d 1160, 1169–1170 (9th Cir. 2011)). "[T]he relevant inquiry is whether the defendant intentionally caused the oppressed person reasonably to believe, given her special vulnerabilities, that she had no alternative but to remain in involuntary service for a time." *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1164 (D. Kan. 2018). "[E]ven though the 'serious harm' that § 1589 encompasses is extremely broad it must at least pass a threshold objective standard such that it would cause a reasonable person in the victim's shoes to render forced labor." *Dinsay v. RN Staff Inc.*, No. 119CV00907TWPDML, 2022 WL 581033, at *5 (S.D. Ind. Feb. 25, 2022).

> In considering this objectively reasonable standard, courts may consider many factors such as whether the alleged victim voluntarily entered the employment arrangement; whether they voluntarily terminated the employment; whether they had a viable 'exit option' and had freedom of movement; whether they had numerous opportunities to leave and were able to do so successfully without consequence; whether they had access to vehicles, phones, and the Internet; and whether they were in intolerable living conditions; as well as the alleged victim's financial status and the amount of a victim's compensation; and the alleged victim's age, experience, and education.

*Id.* (citing *Muchira v. Al-Rawaf*, 850 F.3d 605, 620–21 (4th Cir. 2017). Notably, "not all bad employer-employee relationships or even bad employer-immigrant nanny relationships will constitute forced labor." *United States v. Dann*, 652 F.3d 1160, 1170 (9th Cir. 2011). "In applying the [TVPA], [courts] must distinguish between "improper threats or coercion and permissible warnings of adverse but legitimate

consequences." *Headley v. Church of Scientology Intern.*, 687 F.3d 1173, 1180 (9th Cir. 2012). "Whether an employer's threatened consequences are legitimate and therefore do not qualify as serious harm will depend on the surrounding circumstances in each case." *United States v. Zhong*, No. 19-4110, 2022 WL 532947, at *6 (2d Cir. Feb. 23, 2022).

Plaintiff argues that the "threats of serious harm" required by the TVPA are the alleged threats by Crowley employees that Plaintiff's employment would be terminated if she refused the business trip and the effect that her termination would have on her welfare and the welfare of her child.[19] However, these types of alleged "threats" do not rise to the level of "serious harm" as required by the statute, but instead are more akin to warning of adverse but legitimate consequences. *See Martinez-Rodriguez v. Giles*, 391 F. Supp. 3d 985, 995 (D. Idaho 2019) (holding threats that employees would be returned to Mexico if they violated their employer's rules were not "sufficiently serious to compel [the plaintiffs] to remain" or sufficient to "instill in plaintiffs a fear that, if they did not work, they would suffer "serious harm"). While not specifically referenced in Count V, to the extent Plaintiff asserts that various Crowley employees threatened that her ability to find other employment would be inhibited because Crowley would provide "negative feedback about [Plaintiff's] character and job performance,"[20] these types of threats do not rise to the level required

---

[19] (Doc. 1) Complaint at 44-45.
[20] (Doc. 14) Amended Complaint ¶¶ 34-35.   While Plaintiff does not specifically identify these allegations in Count V, they are incorporated by reference in paragraph 153. (Doc. 14) Amended Complaint at 54-58.

under the statute. *See Mallela v. Cogent Infotech Corp.*, No. 2:19-CV-01658-NR, 2020 WL 2541860, at *4 (W.D. Pa. May 19, 2020) ("[T]ypically, forced-labor claims only survive dispositive legal motions where: (1) plaintiffs are severely underpaid; (2) plaintiffs are confined, starved, or physically abused; or (3) if plaintiffs are not physically abused, they are coerced into staying by means of an employer threatening objectively harmful things—such as criminal action or deportation proceedings.")

Indeed, Plaintiff was free to terminate her employment with Crowley at any time. *Martinez-Rodriguez v. Giles*, 391 F. Supp. 3d 985, 994 (D. Idaho 2019) (finding no "serious harm" where employees were "free to live, free to work, and . . . free to leave employment at any time"); *Muchira v. Al-Rawaf*, 850 F.3d 605, 619–20 (4th Cir. 2017), *as amended* (Mar. 3, 2017) (finding no forced labor where the employer never physically abused the employee, never threatened the employee or her loved ones with physical harm, never physically restrained or impeded her from leaving her employment situation, never threatened her with arrest, deportation, adverse immigration consequences, or other legal consequences if she left their employment). Moreover, there are no allegations that Plaintiff's freedom of movement, access to her family, or her finances was limited in any manner by Crowley. In fact, Plaintiff referenced her family in the Amended Complaint and continued her employment with Crowley for several more years, until January 14, 2021.[21]

---

[21] (Doc. 14) Amended Complaint at 18, 31. Plaintiff also alleges that she was somehow "exploited" because she was paid less than employees who worked in the United States. (Doc. 14) Amended Complaint ¶ 93. This argument is without merit. It is irrelevant what Plaintiff earned as an employee in El Salvador as compared with Crowley's U.S. based employees. Plaintiff has made no comparison

Plaintiff further fails to adequately allege that Crowley "knowingly benefitted" from its purported participation in her forced labor. The Amended Complaint is clear that the alleged "forced labor" was accompanying Blanco on the five-day business trip to Jacksonville.[22] However, there are no allegations of any benefit received by Crowley for Plaintiff's business trip. Indeed, the Amended Complaint merely alleges Plaintiff *assisted* (many other employees) in the implementation of a new contract for Crowley.[23] In short, the Amended Complaint is devoid of any allegations that Plaintiff's presence in Jacksonville benefitted Crowley to the extent required to state a claim. *See Jingyu Chen v. Yong Zhao Cai*, No. 19-CV-05387 (PMH), 2022 WL 917575, at *5 (S.D.N.Y. Mar. 28, 2022) (plaintiff failed to plausibly state a claim that defendants benefitted when she did not plausibly allege how her attendance "bolstered" defendant's business). In sum, even when viewing the allegations in a light most favorable to Plaintiff, there is no violation of section 1589 of the TVPA, and Count V should be dismissed.

## C. Plaintiff's claims in Counts VI and VII for negligence and negligent supervision/retention are barred by the statute of limitations

Florida Statutes section 95.11 provides for a four (4) year statute of limitations for "an action founded on negligence." Fla. Stat. § 95.11(3)(a). "To be timely, an action for negligence must be commenced within four years after the cause of action

---

of her salary with other El Salvador based employees and she has not alleged that she was paid substantially less than her colleagues in El Salvador.
[22] (Doc. 14) Amended Complaint ¶¶ 40-41.
[23] (Doc. 14) Amended Complaint ¶¶ 15-16.

accrues." *Riverwalk at Sunrise Homeowners Ass'n, Inc. v. Biscayne Painting Corp.*, 199 So. 3d 348, 350 (Fla. 4th DCA 2016). "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). Under Florida law, "[g]enerally, a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1338 (11th Cir. 2001); *Raphael v. Shecter*, 18 So. 3d 1152, 1157 (Fla. 4th DCA 2009) (actions for personal injury based on the wrongful or negligent act of another accrue at the time of the injury and the statute of limitations begins to run at the same time); *Sussman v. First Fin. Title Co. of Fla.*, 793 So.2d 1066, 1069 (Fla. 4th DCA 2001) (cause of action accrues when damage is suffered as a result of alleged negligence).

"The elements of a negligence cause of action are duty, breach, causation, and damages." *Bryan v. Galley Maid Marine Prod., Inc.*, 287 So. 3d 1281, 1285 (Fla. 4th DCA 2020). In Counts VI and VII, Plaintiff alleges that the injury she suffered as a result of Crowley's alleged negligence was being sexually assaulted by Blanco.[24] Pursuant to section 95.031(1), Florida Statutes, Plaintiff's cause of action accrued at the time she suffered injury as a result of the alleged sexual assault. When this injury occurred, it constituted the last element of Plaintiff's negligence cause of action, damages. *See Bryan*, 287 So. 3d at 1285.

Plaintiff attempts to avoid the statute of limitations in Count IV of the Amended

---

[24] (Doc. 14) Amended Complaint at 63, 67.

Complaint by alleging purportedly intentional conduct by Crowley employees resulting in an alleged "continuing" injury to Plaintiff.[25]  Indeed, Plaintiff claims that "[t]he lasting effects are still felt by Plaintiff to this day, as she deals with posttraumatic stress disorder, anxiety, depression, and panic attacks."[26]  Plaintiff makes identical allegations in Count VII.[27]  Notwithstanding Plaintiff's attempts to circumvent the statute of limitations on her negligence claims, Florida law is well established that "[a] cause of action for the negligence of another accrues at the time the injury is *first* inflicted." *Raphael v. Shecter*, 18 So. 3d 1152, 1157 (Fla. 4th DCA 2009) (emphasis added); *Schlutz v. Gov't Emp. Ins. Co.*, No. 1:15cv172-MW/GRJ, 2018 WL 10742647, at *1 (N.D. Fla. Oct. 20, 2018) ("plaintiff had four years from the date of her car accident to file her claims").[28]  Plaintiff's Amended Complaint is clear, as set forth in paragraphs 180, 183, 197, and 199 Plaintiff's alleged injury forming the basis of her negligence claims was the alleged sexual assault.[29]

According to the Amended Complaint, Plaintiff alleges she was sexually assaulted on November 9, 2017.[30]  Therefore, the four (4) year statute of limitations ran on November 9, 2021.  Plaintiff's Complaint was filed on February 15, 2022 – over

---

[25] (Doc. 14) Amended Complaint ¶¶ 176-178.
[26] (Doc. 14) Amended Complaint ¶ 178.
[27] (Doc. 14) Amended Complaint at 65-66.
[28] To the extent Plaintiff attempts to argue that the doctrine of continuing tort applies, this argument fails.  "Florida law provides that a continuing tort is established by continual tortious acts, not by continual harmful effects from an original completed act.  When a defendant's damage-causing act is completed, the existence of continuing damages . . . even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort." *Chakra 5, Inc. v. City of Miami Beach*, 254 So. 3d 1056, Fla. 3d DCA 2018) (internal citations omitted).
[29] (Doc. 14) Amended Complaint ¶¶ 180, 183, 197, 199.
[30] (Doc. 14) Amended Complaint at 13-14.

three (3) months after the statute of limitations had expired.  Because Plaintiff's claims in Counts VI and VII are founded in negligence and it is clear from the face of the Amended Complaint that more than four years have passed since Plaintiff's claims accrued, Counts VI and VII should be dismissed with prejudice.

### D.   Plaintiff's claim for negligence is duplicative of Plaintiff's claim for negligent retention/supervision

Plaintiff's claim for negligence in Count VI is duplicative of Count VII and should be dismissed.  Count VI alleges Crowley owed Plaintiff a duty of care to keep her safe at work, that Crowley had actual or constructive knowledge of Blanco's "predisposition to harass and assault female subordinates and abuse his supervisory capacity," and, as a result, Plaintiff was sexually assaulted by Blanco.[31]  Count VII alleges that Crowley had a duty of care to protect Plaintiff as its employee, Crowley had actual or constructive knowledge that Blanco "previously engaged in sexual misconduct, assault, and violence in the workplace," and Plaintiff was sexually assaulted because Blanco was not previously terminated by Crowley.[32]  Moreover, Counts VI and VII are also supported by the same allegations of fact – paragraphs 1 through 100.[33]  The allegations in Counts VI and VII are different ways of saying the same thing - that Crowley was allegedly negligent in failing to terminate Blanco's employment after the Company knew or should have known of his improper conduct with other employees and, as a result, Plaintiff was subject to the similar conduct

---

[31] (Doc. 14) Amended Complaint at 59-63.
[32] (Doc. 14) Amended Complaint at 63-67.
[33] (Doc. 14) Amended Complaint at 59, 63.

resulting in injury to her. Because Count VI is identical to Count VII, Count VI should be stricken.

**E.     Plaintiff fails to state a claim for negligent misrepresentation in Count VIII**

The elements of a claim for negligent misrepresentation are: (1) the defendant made a misrepresentation of material fact; (2) the defendant either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the defendant intended to induce another to act on the misrepresentation; and (4) an injury resulted to the plaintiff who acted in justifiable reliance upon the misrepresentation. *Owl Creek I, L.P. v. Ocwen Fin. Corp.*, No. 18-80506-CIV, 2018 WL 4844019, at *5 (S.D. Fla. Oct. 4, 2018).

**1.   Plaintiff fails to adequately allege misrepresentation of a material fact**

Under Florida law, "[a] material fact is one of such importance that the claimant would not have entered into the transaction but for the false statement." *Hill v. Celebrity Cruises, Inc.*, No. 09-23815-CIV, 2011 WL 5360629, at *7 (S.D. Fla. Sept. 19, 2011), *report and recommendation adopted in part, rejected in part*, No. 09-23815-CIV, 2011 WL 5360247 (S.D. Fla. Nov. 7, 2011); *Silverman v. Pitterman*, 574 So. 2d 275, 276 (Fla. 3d DCA 1991) ("A material fact is generally defined as one to which a reasonable person would attach importance in determining a choice of action"). Moreover, an action for negligent misrepresentation, as in fraud, must be based on statements concerning a past or existing fact. *See Tardif v. People for Ethical Treatment of Animals*, 829 F. Supp.

2d 1219, 1231 (M.D. Fla. 2011).

Generally, "[n]either an opinion nor a promise of future action supports a claim of fraud or negligent misrepresentation." *Drilling Consultants, Inc. v. First Montauk Sec. Corp.*, 806 F. Supp. 2d 1228, 1237-38 (M.D. Fla. 2011). In limited circumstances, an opinion may be subject to a claim if "the person expressing the opinion is one having superior knowledge of the subject of the statement and . . . [the] person knew or should have known from facts in his or her possession that the statement was false . . . ." *See Mejia v. Jurich*, 781 So. 2d 1175, 1177 (Fla. 3d Dist. App. 2001) (discussing the exception in the fraud context). Similarly, if the plaintiff can demonstrate that "[a] person promising future action does so with no intention of performing or with a positive intention not to perform" then a promise of future conduct may be subject to a claim." *See id.* "[I]n the normal business transaction a person should not rely on such ephemeral matters as an opposing party's opinions, judgments, or legal views, but instead should rely on more substantial matters, namely, the opposing party's representations of fact which are material to the transaction." *Chino Elec., Inc. v. U.S. Fid. & Guar. Co.*, 578 So. 2d 320, 323 (Fla. 3d DCA 1991).

In the Amended Complaint, Plaintiff alleges that Crowley made the following statements:

> (1) We obey the law. We go beyond to protect our employees and our environment. We leverage our diversity of people and ideas. We treat everyone as we would want to be treated ourselves;[34]
> (2) Crowley is committed to providing a work environment free from

---

[34] (Doc. 14) Amended Complaint at 69.

harassment of any kind;[35]

(3)  At Crowley, women are empowered and encouraged to lead despite transportation being historically male-dominated . . . Our company provides opportunities for contribution and leadership with a commitment to equity and inclusion. I'm proud to work at Crowley and encourage other women to grow in their career with Crowley;[36]

(4)  I encourage all employees to think about how their knowledge, background and experiences can contribute to Crowley's success and encourage them to share their ideas with their peers and leaders of this organization;[37]

Plaintiff alleges that these statements, pulled from Crowley's code of conduct and elsewhere, "induced" her to continue her employment after the investigation and termination of Blanco.[38]  The foregoing statements are not misrepresentations of material fact.  Instead, the referenced statements reflect the culture and environment Crowley strives to reinforce for all employees.  Therefore, at most, the statements constitute opinions and/or promises of future action.  To the extent Plaintiff attempts to rely on the cited statements, there are no facts supporting a claim that Crowley had no intention of performing the alleged promises.  *See Mejia v. Jurich*, 781 So. 2d 1175, 1177 (Fla. 3d Dist. App. 2001).  Based on the foregoing, Count VIII should be dismissed.

### 2.  Plaintiff fails to adequately allege that she justifiably relied on the alleged misrepresentations, thereby causing her injury

"Florida law is clear that reliance is an essential element of a claim for . . .

---

[35] (Doc. 14) Amended Complaint at 69.

[36] (Doc. 14) Amended Complaint at 70.

[37] (Doc. 14) Amended Complaint at 70.  To the extent Plaintiff alleges that there are any statements not listed that were negligent misrepresentations by Crowley, the failure to plead such statements with particularity fails to comply with Rule 9(b). *See Hirsh v. Silversea Cruises Ltd. (Inc.)*, 0:14-CV-61533, 2015 WL 12780626, at *5 (S.D. Fla. Mar. 5, 2015).

[38] (Doc. 14) Amended Complaint at 72.

negligent misrepresentation even when the claim is based on a misrepresentation." *S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 9701121, at *5 (S.D. Fla. Mar. 11, 2007). "Reliance requires a plaintiff to establish that, but for the alleged misrepresentation or omission, the plaintiff would not have entered into the transaction at issue." *Id.; Tim Minn, Inc. v. Tim Hortons USA Inc.*, No. 20-23481-CIV, 2021 WL 4482733, at *15 n. 8 (S.D. Fla. Aug. 2, 2021). "Failure to allege how a plaintiff relied on the alleged misrepresentations or omission requires dismissal." *Id.* "Additionally, any alleged reliance must be reasonable or justifiable." *Id.* Here, Plaintiff does not allege that she was induced to enter into an employment relationship with Crowley due to the alleged statements. Instead, Plaintiff alleges that she relied on the statements in "continu[ing] employment at Crowley" following her alleged sexual assault.[39]

Notably, the Eleventh Circuit has held that, under Florida law, a plaintiff cannot justifiably rely on an employer's general statement in a policy manual of an intent to follow the law. *Roberts v. Rayonier, Inc.*, 135 Fed. Appx. 351, 362 (11th Cir. 2005) (holding that the plaintiff could not establish justifiable reliance with regard to claims for estoppel and misrepresentation because "[t]he general statement in a policy manual of an intent to follow the law does not create any new, specific expectations based upon which it would be reasonable for an employee to change positions. Put differently . . . [the plaintiff] would not have been justified in changing

---

[39] (Doc. 14) Amended Complaint at 72.

[her] position on the basis of general language committing [the employer] to do that which it was already legally committed to do.")  The alleged misrepresentations are effectively statements by Crowley that the Company follows the law and complies with the laws prohibiting harassment and discrimination.[40]  As stated by the Eleventh Circuit, Plaintiff is not justified in changing her position based on Crowley's alleged promise to do what it is already legally committed to do.  For this reason alone, Plaintiff's claim for negligent misrepresentation should be dismissed.

Further, Plaintiff claims she justifiably relied on the foregoing statements despite the fact that she was allegedly "threatened to remain silent about the [alleged] assault," obstructed by Crowley from reporting the alleged assault to the police immediately following the event, and "intimidated into silence" soon after the alleged sexual assault.[41] Based on the foregoing allegations, Plaintiff's alleged reliance was not justified.

### 3. Plaintiff fails to plead damages caused by the alleged negligent misrepresentations

In addition, Plaintiff fails to adequately allege that she suffered any injury from her purported reliance on the alleged misrepresentations.  "To prevail on a claim of negligent misrepresentation . . . the plaintiff bears the burden of proving that the defendant's conduct proximately caused their alleged damages."  *Jaffe v. Bank of Am., N.A.,* 667 F. Supp. 2d 1299, 1320 (S.D. Fla. 2009), *aff'd*, 395 Fed. Appx. 583 (11th Cir.

---

[40] (Doc. 14) Amended Complaint at 69-70.
[41] (Doc. 14) Amended Complaint at 15-16; 23-24.

2010). "Proximate cause is defined in terms of foreseeability. Thus, when the loss is not a direct result of the negligent act complained of, or does not follow in natural ordinary sequence from such act but is merely a possibility, as distinguished from a natural and probable, result of the negligence, recovery will not be allowed." *Id.* Plaintiff alleges that she suffered emotional distress as result of the alleged statements. However, the injury pled by Plaintiff (her termination) was not proximately caused by the alleged statements. Therefore, Count VIII should be dismissed.

### F. Plaintiff's claim in Count IX for intentional infliction of emotional distress should be dismissed for failure to meet the outrageous conduct requirement

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which caused the suffering; and (4) the suffering must have been severe." *Hargis v. City of Orlando, Fla.*, No. 6:12-cv-723-Orl-37KRS, 2012 WL 6089715, at *10 (M.D. Fla. Dec. 7, 2012). "[T]he applicable statute of limitations under Florida law for intentional infliction of emotional distress claims is four (4) years." *Broomfield v. Demings*, No. 617CV1348ORL18GJK, 2017 WL 4484341, at *3 (M.D. Fla. Oct. 6, 2017). To the extent Plaintiff relies on alleged "retaliation" by Arthur LaMoureaux due to events that allegedly occurred immediately following the alleged sexual assault, Plaintiff's claim is time barred.

To meet the "outrageous conduct" requirement "a plaintiff must allege that the conduct was outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

the civilized community." *Id.* Even actions that are "reprehensible, objectionable, and offensive" do not necessarily satisfy the threshold requirements for a claim of intentional infliction of emotional distress. *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004). This is an "incredibly high standard." *Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1368 (M.D. Fla. 1999). "In applying this test, Florida courts apply an objective standard, which must be evaluated as a matter of law; the subjective response of a person does not control the question of whether the tort occurred." *Martin v. Baer*, 928 F.2d 1067, 1073 (11th Cir. 1991).

Plaintiff alleges the following as Crowley's "outrageous" conduct:   (1) Crowley's alleged retaliation, (2) the alleged withholding of Plaintiff's paycheck, (3) alleged coercion of Plaintiff to remain silent, (4) alleged threats regarding Plaintiff's social media, and (5) Plaintiff's termination.[42] The foregoing allegations do not rise to the level of being "outrageous behavior" as required by Florida law. *See Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004) (alleged discrimination, racially derogatory names, false disciplinary incidents, false accusations of stealing, and repeated threats of termination did not rise to the level of outrageous conduct required to sustain a claim for IIED); *Johnson v. Knupp*, No. 5:99-CV-50-OC-10C, 2000 WL 1238976, at *4 (M.D. Fla. Mar. 28, 2000) (allegations of discrimination, retaliatory termination and arbitrary discipline done with malice and intent to inflict severe emotional distress do not amount to outrageous conduct).

---

[42] (Doc. 14) Amended Complaint at 74-77.

Moreover, "Florida and federal courts are generally reluctant to recognize outrageous conduct in the employment context." *Khan v. Rundle*, No. 05-23123-CIV, 2006 WL 8433501, at *2-3 (S.D. Fla. Apr. 28, 2006), *aff'd sub nom. Khan v. Fernandez-Rundle*, 287 Fed. Appx. 50 (11th Cir. 2007) (stating "the undersigned has not identified a single case permitting an intentional infliction of emotional distress claim based upon an employee's termination"); *see also Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994) (termination of employee was not sufficiently outrageous conduct). "Courts have rejected . . . claims even where the alleged termination violated other laws." *Id.* The "touchstone" of viable claims of intentional infliction of emotional distress occurring in the workplace is that they allege circumstances of outrageousness that involve "repeated verbal abuse coupled with repeated offensive physical contact." *Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Plaintiff makes no such allegations here. Based on the foregoing, Plaintiff's claim for intentional infliction of emotional distress in Count IX should be dismissed.

### G.    Plaintiff's claim in Count X for negligent infliction of emotional distress should be dismissed for failure to meet the requirements

In Count X, Plaintiff attempts to state a claim for negligent infliction of emotional distress ("NIED") against Crowley. The prerequisites for NIED in Florida differ depending on whether the plaintiff has suffered "physical impact" from external force or suffered a "physical injury;" if the plaintiff has suffered impact, she may recover for emotional distress stemming from the incident during which the impact

occurred and not merely from the impact itself. *Kaufman v. Pfizer Pharm., Inc.*, 1:02-CV-22692, 2010 WL 9438673, at *8 (S.D. Fla. Nov. 23, 2010). "In Florida, claims for negligent infliction of emotional distress are governed by the judicially created 'impact rule' designed to assure the validity of claims for emotional distress." *Echeverria v. BAC Home Loans Serv., LP*, 900 F. Supp. 2d 1299, 1304 (M.D. Fla. 2012) *aff'd*, 523 F. App'x 675 (11th Cir. 2013).

"The impact rule requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress must flow from physical injuries the plaintiff sustained in an impact." *Id.* While there are exceptions to the impact rule, these exceptions are "narrowly created and defined in a certain very narrow class of cases." *Id.*; *see also Pipino v. Delta Air Lines, Inc.*, 196 F. Supp. 3d 1306, 1318 (S.D. Fla. 2016) (stating that "[i]t does not appear that [the] modification of the impact rule extends beyond the bystander situation, where the plaintiff witnesses or otherwise is within sensory perception of a direct injury to a third party"); *Rivers v. Grimsley Oil Co., Inc.*, 842 So. 2d 975, 977 (Fla. 2d DCA 2003) (stating that within the realm of simple negligence, the exceptions to the impact doctrine are limited and specific). To the extent Plaintiff's claim seeks to recover for the impact of the alleged sexual assault, her claim is barred by the statute of limitations. *See* Fla. Stat. § 95.11(3)(a). As to the remaining allegations in Count X, none of the other purported negligent acts alleged in Count X include allegations of Plaintiff suffering an "impact" or that her claim falls within any of Florida's narrow exceptions.

If Plaintiff's claim is not based on an impact, "Plaintiff must demonstrate that

[her] emotional distress caused a serious physical injury" such as death, paralysis, muscular impairment, or a similarly objectively discernible physical impairment. *Nickerson v. HSNi, LLC*, No. 8:11-cv-538-T-27AEP, 2011 WL 3584366, at *2 (M.D. Fla. Aug. 15, 2011) (citing *Brown v. Cadillac Motor Car Div.*, 468 So. 2d 903, 904 (Fla. 1985)).   Allegations of negligent infliction of emotional distress that do not allege impact are typically asserted in "bystander claims."   *See Pipino v. Delta Air Lines, Inc.*, 196 F. Supp. 3d at 1318  (stating that "[i]t does not appear that [the] modification of the impact rule extends beyond the bystander situation, where the plaintiff witnesses or otherwise is within sensory perception of a direct injury to a third party").   Plaintiff has made no such allegations here.   In Count X, Plaintiff alleges that she suffers from "psychiatric and psychological harm, emotional pain, mental anguish, depression, insomnia, humiliation, loss of dignity, [and] loss of enjoyment of life."[43]   However, injuries such as depression, insomnia, short-term memory loss, muscle and stomach pain, hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and the inability to stop reliving the damaging event are not the type of injuries that permit a plaintiff to recover for negligent infliction of emotional distress. *Godelia v. Zoll Services, LLC*, 16-CV-60471, 2017 WL 201826, at *6 (S.D. Fla. Jan. 18, 2017), *aff'd in part, rev'd in part Godelia v. Doe 1*, 881 F.3d 1309 (11th Cir. 2018).

Because Plaintiff cannot satisfy the impact rule and, further, failed to allege a "discernible physical injury" of the sort articulated by the Florida Supreme Court in

---

[43] (Doc. 14) Amended Complaint at 79.

*Brown v. Cadillac Motor Car Div.*, 468 So. 2d 903, 904 (Fla. 1985), Count X must be dismissed for failure to state a claim. Moreover, Plaintiff cannot satisfy the third and fourth elements as she has not alleged any injury to another person. Therefore, Plaintiff fails to state a claim for negligent infliction of emotional distress. Because Plaintiff has not alleged impact and failed to allege the elements of a cause of action for negligent infliction of emotional distress, Count X should be dismissed.

## CONCLUSION

For the foregoing reasons, Crowley respectfully requests that Counts II, V, VI, VII, VIII, IX, and X be dismissed with prejudice.

Dated this 13th day of April, 2022.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: _____

Kelly DeGance
Florida Bar No. 0606022
E-mail: Kelly.degance@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*
*Crowley Maritime Corporation*

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, counsel for Crowley has conferred with counsel for Plaintiff, who stated that Plaintiff opposes the relief sought in this Motion.

ATTORNEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to the following: Adria G. Notari, Notari Law, P.A., 1820 SW 14th Court, Fort Lauderdale, Florida 33312 (anotari@NotariLaw.com) and J. Ryan Melogy, Maritime Legal Solutions, PLLC, 276 Fifth Ave., Suite 704-1454, New York, NY 10001 (maritimelegalsolutions@pm.me)

ATTORNEY