# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANESSA TREMINIO,

    *Plaintiff*,

v.                           CASE NO.: 3:22-cv-174-MMH-PDB

CROWLEY MARITIME CORPORATION,
and JUAN EMILIO BLANCO,

    *Defendants*.
_____/

## PLAINTIFF'S DISCLOSURE OF EXPERT AND HYBRID WITNESSES

Pursuant to Fed. R. Civ. P. 26 and the Court's Order Extending Pre-Trial Deadlines (ECF No. 39), Plaintiff, Vanessa Treminio, submits her Disclosure of Expert and Hybrid Witnesses.

1. Dr. Patricia Rivas
   9a Calle Poniente 4713,
   San Salvador, El Salvador

   **A. Subject Matter on Which the Witness is Expected to Present Evidence.**

   Dr. Rivas is a licensed psychologist who graduated from José Simeón Cañas Central American University in El Salvador. She has participated and been involved in the Plaintiff's psychological treatment and diagnosis. She is expected to testify regarding her medical diagnosis and treatment of the

Plaintiff based on her files, reports, and examination of the Plaintiff. As such, she is a lay witness within the meaning of Fed. R. Evid. 701, and hence, is not identifiable as an expert insofar as her testimony: (1) will concern facts and circumstances rationally based on her perceptions; and (2) will be helpful to clearly understanding the witness' testimony. Because Dr. Patricia Rivas is a hybrid witness who is not required to provide a written report under Fed. R. Civ. P. 26(a)(2)(B), Plaintiff discloses Dr. Patricia Rivas under Rule 26(a)(2)(C).

### B. Summary of Facts and Opinions to which the Witness is Expected to Testify.

Dr. Rivas is Plaintiff's treating psychologist. She is expected to testify regarding her psychological evaluation of Plaintiff, which was conducted over the course of seven sessions so far. Dr. Rivas will testify that during therapy, Plaintiff disclosed that her symptoms began while she was working at Crowley.

Dr. Rivas is further expected to testify that during therapy, Plaintiff disclosed that her supervisor at Crowley at sexually harassed her, sexually assaulted her, and eventually raped her during a business trip to the United States.

Dr. Rivas is also expected to testify about Plaintiff's symptoms, including increased smoking, sleeplessness, fear of the darkness, fear for her health, fear for her safety, nausea, feelings of diminished self-worth, hopelessness, guilt, shame, extremely intense anxiety or state of panic, ongoing nightmares, and suicidal ideations. In particular, Dr. Rivas will testify that the Plaintiff recounts that she frequently re-experiences the trauma of having been sexually abused by her Crowley supervisor. Dr. Rivas will testify that Plaintiff has recounted experiencing body flashbacks and sensory flashbacks even involving her senses of touch, smell, and taste which reawaken the sensory reactions she experienced while she was being raped by her Crowley supervisor.

Dr. Rivas is expected to testify that Plaintiff's symptoms are consistent with rape-trauma syndrome, severe depression, and post-traumatic stress disorder and that her symptoms are directly attributable to the Plaintiff's rape by her supervisor at Crowley and her employer's subsequent treatment of Plaintiff and reaction to her sexual abuse. In addition, Dr. Rivas is expected to testify that Plaintiff did not have a history of these symptoms before her attack. Dr. Rivas is also expected to testify regarding Plaintiff's lack of significant emotional or mental trauma, and lack of prior history of

psychological treatment, prior to being raped by her Crowley supervisor in November of 2017.

Dr. Rivas is further expected to testify how Plaintiff's symptoms have disrupted and continue to disrupt her career and personal life. Dr. Rivas is expected to testify that Plaintiff's symptoms have had a direct impact on her romantic and familial relationships, and that the devaluation, humiliation, ridicule, and exclusion Plaintiff experienced as a result of her sexual abuse had a direct impact on her job performance. In addition, Dr. Rivas is expected to testify that the sexual abuse Plaintiff suffered while working for Crowley has diminished her ability to have close relationships with men, including her older son, her father, and her husband.

Dr. Rivas is also expected to testify about the future medical treatment she recommends for Plaintiff, which is estimated to cost at least $90,000. The treatment will consist of mental health counseling and therapy for at least three years. Dr. Rivas recommends two or three therapy sessions a week until Plaintiff can overcome the more critical stages of her severe depression and post-traumatic stress disorder as demonstrated by further psychological testing. Afterward, Dr. Rivas recommends weekly therapy for at least two

years with yearly assessment to evaluate improvement. Dr. Rivas further recommends at least 10 therapy sessions with her husband and oldest son.

Because Plaintiff is unable to pay the costs of the recommended medical treatment, her medical treatment to date has been limited to talk therapy during which Plaintiff has learned breathing and visualization techniques, which have helped her manage her symptoms. The recommended course of treatment, however, will assist in mitigating Plaintiff's suicidal ideations. It is also expected that this treatment, in the long term, will help Plaintiff manage her anxiety and panic attacks, improve her personal relationships, and resolve her fears, sleeplessness, and nightmares.

Dr. Rivas' CV is enclosed.

2. **Dr. Barbara Ziv, M.D.**
   1107 Bethlehem Pike Suite 101
   Flourtown, PA 19301
   Tel. 215-242-4802
   Fax. 215-248-1847
   barbaraziv@comcast.net

Dr. Barbara Ziv is a trained forensic psychiatrist who is on the Medical-Legal Advisory Board for the Prevention of Child Abuse and the Pennsylvania Sex Offender Assessment Board. Additionally, she teaches at

Temple University Medical School, is the Medical Director at Aetna, has her own private practice, has testified in 190 cases around the country, and has evaluated over 1,000 victims of sexual assault.

Dr. Ziv is expected to testify regarding the dynamics of sexual violence, victim responses to sexual violence, and the impact of sexual violence on victims during and after being assaulted. She is expected to testify regarding rape trauma, a recognized phenomenon that causes victims of sexual assault to engage in behavior vis-á-vis their assailants that is counter-intuitive to what outside observers would expect. Dr. Ziv will explain why a victim's behavior differs from what a juror might presume it would be, as a result of such a traumatic event. Dr. Ziv is also expected to testify regarding "rape myths," which are preconceived notions, widely and persistently held throughout society, about how victims should respond to sexual assault. Dr. Ziv's testimony will also address how a victim's memory is affected by a traumatic incident, including by a traumatic sexual assault.

Dr. Ziv's expert testimony will clarify an issue calling for professional or technical knowledge because, as courts have recognized, the reaction of a rape victim following her attack is not something within the common understanding of the average lay juror. *People v. Spicola*, 947 N.E. 2d 620

(N.Y. 2011) ("[w]e have long held that expert testimony regarding rape trauma syndrome, abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand."); *see also People v. Weinstein*, 194 N.E. 3d 737 (N.Y. App. 2022) ("because the syndrome is shrouded by certain rape "myths," we can think of no more appropriate area where a jury requires the elucidation that can be facilitated by an expert witness").

Dr. Ziv's testimony will also assist the trier of fact in determining a fact at issue because, here, Crowley seeks to avoid liability by casting Plaintiff's post-rape reactions as unreasonable. Indeed, in its affirmative defenses, Crowley contends that "Plaintiff did not suffer serious harm as defined by the TVPA" because, inter alia, she: (1) "continued her employment with Crowley following the alleged events and failed to bring this cause of action until years later and after her termination from employment"; (2) "failed to mitigate her damages by failing to obtain reasonable and necessary medical treatment and/or by failing to follow the medical recommendations of her treating healthcare providers"; (3) "unreasonable delay[ed] in filing her claims"; and (4) "unreasonably failed to avail herself of Crowley's preventative and corrective measures." In sum, Dr. Ziv's testimony will

counter Crowley's contention that a victim's behavior is "unreasonable" by assisting the trier of fact in understanding the range of behaviors observed in cases of sexual abuse, some of which seem counterintuitive to a layperson.

Dr. Ziv's written report, CV, case list, and rate sheet are enclosed.

3. **Johanna Lopez**
   San Salvador, El Salvador

Ms. Johanna Lopez is an expert on Salvadoran law, licensed to practice law in the Republic of El Salvador since 2007. Ms. Lopez is expected to testify that the alleged "releases" Crowley alleges Plaintiff executed "in or around December 2017, December 2018, December 2019 and December 2020" are invalid and unenforceable under Salvadoran law. Ms. Lopez is expected to testify that:

1. *Salvadoran law prohibits the use of releases to terminate any and all causes of action the employee may have against an employer.*
2. *Even if the releases were enforceable under Salvadoran Law, which they certainly are not, the releases do not shield Crowley of liability because they do not extend to any claims stemming from the sexual assault and harassment alleged in the complaint.*
3. *Even if the releases were enforceable under Salvadoran Law, which they certainly are not, the releases do not shield Crowley of liability because they are void for want of consideration.*

Attorney Lopez' written report and CV are enclosed.

Respectfully submitted,

*/s/ Adria G. Notari*             */s/ J. Ryan Melogy*
**ADRIA G. NOTARI**             **J. RYAN MELOGY**
Florida Bar No. 87272             *pro hac vice*
**MICHELLE E. DURIEUX**             Maritime Legal Solutions, PLLC
Florida Bar No. 71716             276 Fifth Ave., Suite 704-1454
NOTARI LAW, P.A.             New York, NY 10001
1820 SW 14th Court             Telephone: (347) 562-9119
Fort Lauderdale, Florida 33312             maritimelegalsolutions@pm.me
Tel: (954) 257-9028             *Counsel for Plaintiff*
Fax: (954) 231-1128
anotari@NotariLaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 17, 2023 I served the foregoing via e-mail on all counsel of record, as listed on the service list below.

## SERVICE LIST

**KELLY DEGANCE**             **C. MICHAEL WILLIAMS**
Florida Bar No. 0606022             Florida Bar No. 691046
**SAMANTHA GIUDICI BERDECIA**             Law Office of C. Michael Williams, P.A.
Florida Bar No. 0058667             1710 Shadowood Ln, Ste. 220
ALEXANDER DEGANCE BARNETT, P.A.             Jacksonville, Florida 32207
1500 Riverside Avenue             (904) 629-0313
Jacksonville, FL 32204             seemichaelwilliams@gmail.com
(904) 345-3277 Telephone             *Attorney for Defendant, Juan Blanco*
(904) 345-3294 Facsimile
Kelly.degance@adblegal.com
samantha.giudici@adblegal.com
*Attorneys for Defendant, Crowley Maritime Corporation*