UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANESSA TREMINIO,

    Plaintiff,                                                      CASE NO.: 3:22-cv-174-MMH-PDB

vs.

CROWLEY MARITIME
CORPORATION and
JUAN EMILIO BLANCO,

    Defendants.
_____/

**DEFENDANT CROWLEY MARITIME CORPORATION'S
MOTION FOR SANCTIONS, INCLUDING BUT NOT LIMITED TO
STRIKING THE EXAMINATION UNDER OATH OF LUIS SANTAMARIA**

    Pursuant to Rule 26 and Rule 37, Federal Rules of Civil Procedure ("Rule(s)"), Defendant, Crowley Maritime Corporation ("Crowley"), requests this Court strike the Examination Under Oath of Luis Santamaria (Doc. 103-5), exclude the evidence contained therein from consideration in deciding Crowley's Motion for Summary Judgment, prohibit Luis Santamaria from testifying at trial, grant Crowley its fees and costs in bringing this Motion, and enter any other sanctions that this Court deems appropriate. In support of the Motion, Crowley states:

**I. BACKGROUND**

    On January 30, 2023, Crowley served its First Request for Production to Plaintiff ("Crowley's First RFPs"). Crowley's First RFPs, Request No. 7, sought "[a]ll statements of employees, former employees, or agents of Defendant Crowley

related in any way to the facts alleged in Plaintiff's Amended Complaint."[1] Crowley's First RFPs, Request No. 8, sought "[a]ny and all statements by other persons with knowledge or information of the facts alleged in Plaintiff's Amended Complaint."[2] Crowley's First RFPs, Request No. 9, sought "[a]ny and all affidavits or statements, written, audio, digital or video records or otherwise, obtained by Plaintiff at any time that contain information that relates to any of the allegations set forth in Plaintiff's Amended Complaint." On March 12, 2023, Plaintiff, without objection, responded, "None in Plaintiff's possession" to all the foregoing requests.[3]

On May 15, 2023, Crowley served a Second Request for Production on Plaintiff ("Crowley's Second RFPs"). Crowley's Second RFPs, Request No. 7, sought "[a]ll documents not previously produced that are responsive to Defendant Crowley Maritime Corporation's First Request for Production to Plaintiff."[4] On June 21, 2023 Plaintiff responded, "Plaintiff will continue to supplement her responses to requests for production and Rule 26 disclosures as the case proceeds."[5] However, Plaintiff produced no documents in response to the various requests seeking witness statements, affidavits, or related written, audio, digital, or video records.

---

[1] **Exhibit 1**, Plaintiff's Notice of Serving Responses to Defendant Crowley Maritime Corporation's First Request for Production at 3.
[2] **Exhibit 1**, Plaintiff's Notice of Serving Responses to Defendant Crowley Maritime Corporation's First Request for Production at 3.
[3] **Exhibit 1**, Plaintiff's Notice of Serving Responses to Defendant Crowley Maritime Corporation's First Request for Production at 3.
[4] **Exhibit 2**, Plaintiff's Responses to Defendant Crowley Maritime Corporation's Second Request for Production at 4.
[5] **Exhibit 2**, Plaintiff's Responses to Defendant Crowley Maritime Corporation's Second Request for Production at 4.

On June 12, 2023, Plaintiff took the deposition of Blanca Hernandez ("Hernandez"). During the June 12, 2023 deposition, Crowley learned for the first time that counsel for Plaintiff had met with witnesses to obtain "sworn statements under oath."[6] Hernandez testified that on April 25, 2023, counsel for Plaintiff took Hernandez's testimony over a two-to-three-hour period with a court reporter present and videotaped the session.[7] Crowley was never informed of the deposition.

On June 14, 2023, Crowley filed a Motion to Compel Responses to Defendant Crowley's First Request for Production ("Motion to Compel"), requesting this Court compel Plaintiff to produce all sworn examinations under oath taken by Plaintiff in this case.[8] In response to Crowley's Motion to Compel and although Plaintiff had not previously objected, claimed any privilege, or produced a privilege log, Plaintiff argued that she "should not be compelled to produce transcripts of any examinations under oath . . . obtained during this litigation because they are protected by the attorney work product doctrine."[9] Plaintiff unequivocally stated that the "examinations under oath" taken by Plaintiff are "attorney work product."[10]

---

[6] **Exhibit 3**, excerpts from the June 12, 2023 Deposition of Blanca Hernandez at 6.

[7] **Exhibit 3**, excerpts from the June 12, 2023 Deposition of Blanca Hernandez at 6.

[8] (Doc. 66) Defendant Crowley Maritime Corporation's Motion to Compel Responses to Defendant's First Request for Production and to Expert Witness Request For Production To Plaintiff at 8-15.

[9] (Doc. 72) Plaintiff's Response in Opposition To Crowley Maritime Corporation's Motion to Compel at 7-10. Notably, in her response Plaintiff argues that the "sworn examination under oath" is not a "statement or affidavit" because it is a transcript of a question-and-answer session between Plaintiff's counsel and a third-party witness. *See* (Doc. 72) Response at 8. However, counsel for Plaintiff told the witness, Luis Santamaria, "This is an Examination Under Oath. ***It's like a sworn statement***, which you are giving voluntarily." (Doc. 103-5) Examination Under Oath of Luis Santamaria at 1 (emphasis added).

[10] (Doc. 72) Plaintiff's Response in Opposition To Crowley Maritime Corporation's Motion to Compel at 8.

Pursuant to the Court's instruction, the parties conferred on this issue and Plaintiff continued to assert the work product privilege, although she failed to assert any objection to the discovery requests at the time they were served or to provide a privilege log in the case.[11]

Shortly after Crowley filed its Motion to Compel, on July 3, 2023, Plaintiff responded to Crowley's Third Request for Production ("Crowley's Third RFP"), which was served on June 2, 2023, in which Plaintiff formally disclosed for the first time in discovery the existence of sworn statements under oath, although Plaintiff did not identify the witnesses and has never produced a privilege log. The relevant requests and responses are as follows:

> Request No. 2: Any formal or informal statements from current or former employees of Crowley regarding any of the allegations in the Amended Complaint or that are in any way regarding or related to this lawsuit.
>
> **Response: Plaintiff is not in possession of formal or informal statements from current or former employees of Crowley Maritime Corporation. Plaintiff's counsel conducted the examinations under oath of two former employees of Crowley, in anticipation of litigation, and after the litigation had begun, on April 25, 2023 and on May 3, 2023. The transcripts of the examinations under oath are protected by the work product doctrine.**[12]
>
> Request No. 3: All written statements, whether formal declarations or informal statements, from Wendy Ponce, Ayesha Diaz, Blanca Hernandez, Luis Santamaria, Lya Santamaria, Jeannie Stewart and/or any other third party regarding any of the allegations in the Amended Complaint or that are in any way regarding to or related to this lawsuit.
>
> **Response: Plaintiff is not in possession of any written statements from third parties. Plaintiff's counsel conducted the examinations under oath of two former employees of Crowley, in anticipation of litigation, and after**

---

[11] (Doc. 77) Order; (Doc. 84) Defendant Crowley Maritime Corporation's Reply to Plaintiff's Response in Opposition to Motion to Compel at 5.
[12] **Exhibit 4**, Plaintiff's Responses to Defendant Crowley Maritime Corporation's Third Request for Production at 3.

> the litigation had begun, on April 25, 2023 and on May 3, 2023. The transcripts of the examinations under oath are protected by the work product doctrine.[13]
>
> Request No. 4:  Any documents or writings of any kind received from any third party regarding this case, including but not limited to Wendy Ponce, Ayesha Diaz, Blanca Hernandez, Luis Santamaria, Lya Santamaria, and/or Jeannie Stewart.
>
> Response: Plaintiff objects to this request to the extent that it seeks attorney client privileged communications and information prepared in anticipation of litigation which is protected by the work product doctrine. Relevant, unprotected, nonprivileged communications regarding facts about this lawsuit and/or any of the allegations set forth in the Plaintiff's Amended Complaint were produced in response to the Second Request for Production and supplemented here. Plaintiff is not in possession of any other writings from third parties. Plaintiff's counsel conducted the examinations under oath of two former employees of Crowley, in anticipation of litigation, and after the litigation had begun, on April 25, 2023 and on May 3, 2023. The transcripts of the examinations under oath are protected by the work product doctrine.[14]

Ten (10) days after the discovery deadline in this case, on July 13, 2023, Plaintiff served her Second Supplemental Rule 26 Disclosures identifying the following witnesses: Wendy Ponce, Luis Santamaria, Blanca Hernandez, Lya Santamaria, Jenny Muniz, Elisa Castro, and Heitzel Monroy.[15]  These witnesses were not identified in Plaintiff's Initial Rule 26 Disclosures.  At the time, Crowley correctly assumed that at least some of the seven witnesses were the individuals from whom Plaintiff obtained "sworn examinations under oath."  To verify whether their assumption was correct, counsel for Crowley contacted counsel for Plaintiff and specifically asked for Plaintiff to clarify her Second Supplemental Rule 26

---

[13] **Exhibit 4**, Plaintiff's Responses to Defendant Crowley Maritime Corporation's Third Request for Production at 3.
[14] **Exhibit 4**, Plaintiff's Responses to Defendant Crowley Maritime Corporation's Third Request for Production at 3.
[15] **Exhibit 5**, Plaintiff Second Supplemental Rule 26 Disclosures.

Disclosures and to confirm the identities of the witnesses subject to examinations under oath. Counsel for Crowley stated:

> On July 13, 2023, Plaintiff produced a Second Supplemental Rule 26 Disclosures identifying Wendy Ponce, Blanca Hernandez, Lya Santamaria, Jenny Muniz, and Elsa Castro as individuals likely to have discoverable information. Please confirm that these individuals are the witnesses referenced on page 9 of Plaintiff's response who were the subject of "Examinations Under Oath" by Plaintiff as the Supplemental Rule 26 Disclosures do not provide this information.[16]

Counsel for Plaintiff wholly ignored Crowley's inquiry and did not respond.

Moreover, in her Second Supplemental Rule 26 Disclosures, Plaintiff failed to include the addresses of Luis Santamaria, Blanca Hernandez, and Lya Santamaria while including at least some contact information for Jenny Muniz and Elisa Castro.[17] This is despite the fact that Plaintiff knew, at least as of May 2023, that Luis Santamaria resides in Texas and no longer resides in El Salvador.[18] As part of her Second Supplemental Rule 26 Disclosures served after the close of discovery, Plaintiff identified Luis Santamaria as having knowledge of "Plaintiff's allegations of sexual harassment, sexual assault and sex trafficking; aftermath; Crowley's coverup; Juan Blanco's sexual misconduct; threats from HR to Plaintiff and others; HR's failure to stop Juan Blanco's misconduct."[19] While Luis Santamaria had been referenced by Plaintiff as someone who Defendant Blanco supervised and as a male employee who was "on the receiving end" of Defendant Blanco's alleged

---

[16] **Exhibit 6**, July 18, 2023, email.
[17] **Exhibit 5**, Plaintiff Second Supplemental Rule 26 Disclosures. The deadline for completing discovery in this case and filing motions to compel was July 3, 2023. (Doc. 39) Order at 3.
[18] (Doc. 103-5) Examination Under Oath of Luis Santamaria at 2.
[19] **Exhibit 5**, Plaintiff Second Supplemental Rule 26 Disclosures.

inappropriate verbal statements and jokes, there had been no discussion or indication during discovery that Luis Santamaria had the breadth of knowledge identified by Plaintiff in her Second Supplemental Rule 26 Disclosures or set forth in the secret "examination under oath."[20]

On August 14, 2023, this Court ordered Plaintiff to file under seal and ex parte the "sworn examinations under oath" of Blanca Hernandez and any other witness in El Salvador because an in-camera review was necessary to decide the discovery dispute about the examinations.[21] Presumably, the Court took the extraordinary action of permitting the "sworn examinations under oath" to be filed under seal to preserve Plaintiff's claimed work product privilege. *See* Middle District Local Rule 1.11 ("Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification."). On August 21, 2023, Plaintiff filed two separate "sworn examinations under oath" under seal. The docket entry for the filing is notable and further demonstrates Plaintiff's attempts to impermissibly hide the identity of Luis Santamaria for as long as possible. The docket reads:

| 08/21/2023 | 100 | SEALED DOCUMENT re 96 Order by Vanessa Treminio (Attachments: # 1 Examination under oath of Blanca Hernandez, # 2 Examination under oath)(Notari, Adria). (Entered: 08/21/2023) |

---

[20] In Crowley's First Set of Interrogatories to Plaintiff, Crowley sought information regarding persons with knowledge of the facts alleged by Plaintiff and Crowley asked to whom Plaintiff reported the alleged assault. In her responses, Plaintiff did not disclose Luis Santamaria and never supplemented her interrogatory responses with Luis Santamaria's name.
[21] (Doc. 96) Endorsed Order.

The docket entry reveals that Plaintiff disclosed Blanca Hernandez's identity in the filing but intentionally concealed the identity of Luis Santamaria when filing his "sworn examination under oath."

Incredibly, just two days later, on August 23, 2023, Plaintiff publicly filed the 117-page transcript of the Examination Under Oath of Luis Santamaria in its entirety and unredacted as evidence in support of her response in opposition to Crowley's Motion for Summary Judgment.[22] The Examination Under Oath of Luis Santamaria was taken on May 3, 2023 and was not produced to Crowley (or Defendant Blanco) despite Crowley's many requests and filing of a Motion to Compel. Indeed, Plaintiff refused to produce the evidence. Plaintiff's use of the Examination Under Oath of Luis Santamaria in an attempt to defeat Crowley's Motion for Summary Judgement, after first failing to object to the multiple requests for it and then steadfastly asserting the work product privilege, is contrary to the letter and spirit of the Federal Rules of Civil Procedure and is wholly improper. Accordingly, the Examination Under Oath of Luis Santamaria (Doc. 103-5) should be stricken in its entirety, any evidence cited in Plaintiff's response in opposition to Crowley's Motion for Summary Judgment (Doc. 103) obtained therefrom should be disregarded, Luis Santamaria should be prohibited from testifying at trial, and Crowley should be granted its fees and costs incurred in bringing this Motion.

## II. **MEMORANDUM OF LAW**

"A litigant cannot use the work product privilege doctrine as both a sword and

---

[22] (Doc. 103-5) Examination Under Oath of Luis Santamaria.

4855-3154-6492, v. 1

shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1327-28 (N.D. Ala. 2008). In this case, Plaintiff used the work product doctrine as a shield to prevent Crowley from obtaining the transcript (and any related video) of the Examination Under Oath of Luis Santamaria or any additional discovery on it, then used the exact same document and information as a sword in opposition to Crowley's Motion for Summary Judgment. Crowley made significant efforts to obtain the information including serving multiple requests for production, some specifically identifying Luis Santamaria, serving interrogatories, sending correspondence to counsel for Plaintiff, and filing a motion to compel. Despite Crowley's repeated efforts, Plaintiff refused to produce the information, first stating that none existed and then citing work product; Plaintiff even asserted this position just two days prior to filing the entire 117-page transcript into the public record as evidence to support her opposition to Crowley's Motion for Summary Judgment.[23] "Allowing [Plaintiff] . . . to use the work-product doctrine . . . as both a sword and shield would erode the truth seeking process and betray fundamental fairness." *Ocasio v. C.R. Bard, Inc.*, No. 8:13-cv-1962-T-36AEP, 2014 WL 12629779, at *1 (M.D. Fla. Nov. 7, 2014) (asserting work product with regard to a document, but requesting the court consider the document in camera in support of a motion).

Furthermore, Rule 26 requires each party to produce to the other parties "a

---

[23] *See* (Doc. 100) Sealed Documents.

copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless such use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiff relied on the transcript obtained via Plaintiff counsels' "examination under oath" in response to Crowley's Motion for Summary Judgment and, as a result, was obligated to produce the information during discovery. Moreover, pursuant to Rule 26(e)(1), Plaintiff had an ongoing duty to supplement her discovery responses and should have produced the sworn testimony as soon as she received it. However, Plaintiff failed to do so and, instead, made the tactical decision to obstruct Crowley's discovery efforts and assert the work product privilege with regard to the testimony she obtained on May 3, 2023 (two (2) months before the discovery deadline) and the transcript she appears to have obtained on June 7, 2023 (one (1) month prior to the discovery deadline).[24] Plaintiff should not be permitted to now rely on this evidence to oppose Crowley's dispositive motion.

Plaintiff's actions in this case are virtually identical to the plaintiff in *Gonzalez v. State of Fla. Dept. of Mgmt. Serv.*, 124 F. Supp. 3d 1317, 1326-27 (S.D. Fla. 2015). In *Gonzalez*, plaintiff filed a declaration of a third-party witness, a former employee of defendant, which plaintiff failed to disclose to defendant until it was filed in support of plaintiff's opposition to defendant's motion for summary judgment. *Id.* at 1326. The plaintiff argued that he withheld the declaration based on work product and that

---

[24] (Doc. 103-5) Examination Under Oath of Luis Santamaria at 1, 29-30.

it was not a "document" that required disclosure under Rule 26. *Id.* The *Gonzalez* court disagreed with the plaintiff, stating that "instead of providing [the defendant] with [the declaration], [p]laintiff held onto it in what appears to have been a tactical decision to ambush the [d]efendant in his response to [d]efendant's Motion for Summary Judgment." *Id.* The *Gonzalez* court granted the defendant's request to strike the declaration pursuant to Rule 37 for failure to comply with Rule 26. *Id.*

> Rule 37(c)(1)(A-C) states,
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(b)(2)(A)(i)-(vi) sets forth a list of other sanctions available to the Court, including "prohibiting . . . [a] party from . . . introducing designated matters in evidence."

"A party's discovery conduct should be found substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Seals v. Sprint/United Mgmt. Co.*, No. 1:17-CV-3019-MLB-CCB, 2019 WL 13060748, at *4 (N.D. Ga. Sept. 30, 2019) (quoting *Devaney v. Cont'l Am. Ins. Co.*, 989 F. 2d 1154, 1163 (11th Cit. 1993)). "A failure to disclose is harmless when there is no prejudice to the party entitled to

11

receive the disclosure." *Id*. "In deciding whether a failure to disclose is harmless under Rule 37(c), courts consider: (1) the importance of the evidence, (2) the reasons for the failure to disclose, and (3) the prejudice to the opposing party if the evidence is considered. Other relevant considerations include whether the undisclosed evidence was a surprise to the opposing party, whether the non-disclosing party acted in bad faith, whether the party seeking exclusion suffered prejudice, and whether the prejudice can be cured." *Id.* (internal citations omitted).

Plaintiff's conduct was not reasonably justified and was not harmless. Crowley attempted to obtain the "examination under oath" via multiple discovery requests, discussions with counsel for Plaintiff, and ultimately by filing a motion to compel production of the information. Plaintiff, however, steadfastly dodged Crowley, eventually insisting the information was privileged pursuant to the work product doctrine and refusing to produce it, only to then file the entire document into the public record days later to support her response to Crowley's Motion for Summary Judgment. Plaintiff also intentionally refused to disclose Luis Santamaria's identity when discussing the transcripts, failed to properly provide his contact information, ignored Crowley's request for clarification, and omitted Luis Santamaria's identity when filing under seal, to conceal his identity until long after the close of discovery and to ambush Crowley with the evidence. Plaintiff should not be shielded from having to produce evidence that she intends to rely upon because she opted to obtain that evidence in the form of a sworn and transcribed

"question and answer session" as opposed to an affidavit or declaration.[25] *See Minor v. Cent. Forest Products, Inc.*, No. 3:19-CV-01631-CLS, 2021 WL 2637384, at *3 (N.D. Ala. Mar. 8, 2021) (holding affidavits should have been produced and stating that "*final, signed*, and *notarized third-party affidavits* are normally not immune from disclosure for the very reason that an affidavit purports to be a statement of facts within the personal knowledge of the witness, and not an expression of opinion of counsel." (emphasis in original)). Moreover, Plaintiff clearly took steps to hide the identity of Luis Santamaria prior to filing the "examination under oath." Indeed, in order to use the "sworn examination under oath" as evidence in support of her claims, Rules 26 and 37 required Plaintiff produce that evidence to Crowley, particularly when it is undisputed that Crowley requested production of such evidence multiple times. "The procedural and discovery rules were not put in place to be ignored. They are just as important to the administration of justice as the substantive law." *Edwards v. Nat'l Vision, Inc.*, 946 F. Supp. 2d 1153, 1160 (S.D. Ala. 2013).

Moreover, Crowley is prejudiced by Plaintiff's failure to produce the "examination under oath" and refusal to disclose Luis Santamaria's identity as the witness who was unilaterally (and secretly) deposed. Indeed, as Plaintiff certainly knows, Crowley's last known contact information for Santamaria was when he

---

[25] *See* (Doc. 72) Plaintiff's Response in Opposition to Crowley Maritime Corporation's Motion to Compel where Plaintiff argues, without any citation to authority, that "Crowley conflates the meaning of statement, affidavit, and examination under oath. The transcript of a question-and-answer session between Plaintiff's counsel and a third-party witness should not be considered to be equivalent to a written statement by that witness, or an affidavit of that witness. Plaintiff should not be penalized because of Crowley's lack of diligence in procuring its own examinations under oath.

13

worked for Crowley, lived in El Salvador, and was, therefore, outside the subpoena power of this Court. However, Plaintiff knew, months before the discovery deadline, that Santamaria moved to the United States and currently resides in Texas. If Plaintiff had appropriately supplemented her discovery responses and produced the "examination under oath," Crowley would have subpoenaed Luis Santamaria and deposed him. *See Seals v. Sprint/United Mgmt. Co.*, No. 1:17-CV-3019-MLB-CCB, 2019 WL 13060748, at *4 (N.D. Ga. Sept. 30, 2019) (finding the defendant was "significantly prejudiced" because it never deposed the witness "as it might have done it if had timely been made aware of the declaration."); *see also Edwards v. Nat'l Vision, Inc.*, 946 F. Supp. 2d 1153, 1159 (S.D. Ala. 2013) (stating that the defendant never deposed the witness "as it might have done if it had timely been made aware of [the witness's] declaration."); *Minor v. Cent. Forest Products, Inc.*, No. 3:19-CV-01631-CLS, 2021 WL 2637384, at *3 (N.D. Ala. Mar. 8, 2021) (stating that "[w]hile it is true that plaintiff's attorney *could have* interviewed those four witnesses on his own accord, it is disingenuous to say it was 'harmless' to withhold affidavits that might have prompted him to take such a step." (emphasis in original)). Moreover, Plaintiff waited to disclose Luis Santamaria as required under Rule 26 until *ten (10) days after the close of discovery*.[26] Then, when he was identified, Plaintiff included him on a list of seven (7) other witnesses, refused to clarify, when asked, if he was an individual from whom Plaintiff obtained an examination under oath, and omitted Santamaria's contact information, seemingly intending to ensure that Crowley remained unaware

---

[26] **Exhibit 5**, Plaintiff Second Supplemental Rule 26 Disclosures.

that Luis Santamaria now resides in the United States and is within the subpoena power of this Court. These actions guaranteed that Santamaria's testimony was a surprise to Crowley and would remain unrefuted and unchallenged. Furthermore, as outlined in detail above, Plaintiff clearly acted in bad faith with regard to this issue.

The evidence set forth in the Examination Under Oath of Luis Santamaria is important. Indeed, Plaintiff cites the Examination Under Oath of Luis Santamaria throughout her response in opposition to Crowley's Motion for Summary Judgment in an attempt to bolster Plaintiff's testimony regarding her allegations against Blanco.[27] Crowley was not given the opportunity to refute, cross examine, or further explore the testimony of Luis Santamaria, particularly his claims regarding Defendant Blanco's alleged workplace behavior and Plaintiff's supposed disclosure to him of the alleged assault, because Plaintiff improperly hid the testimony behind the cloak of the work product privilege only until such time as it benefitted her. Moreover, Luis Santamaria testified to some facts that could be helpful to Crowley in its defense of this case if Crowley had been given the opportunity to properly explore those issues on cross examination.

Finally, at this point in the litigation, the prejudice to Crowley cannot be cured. Crowley spent substantial time preparing its dispositive motion and discovery has been closed for almost two months. Crowley has also spent significant time and resources attempting to obtain the information that Plaintiff unwaveringly refused to

---

[27] *See* (Doc. 103) Plaintiff's Response in Opposition to Crowley Maritime Corporation's Motion for Summary Judgment at 3-4, 8, 12-15.

provide, but then opted to file in the public record when it suited her purposes. *See Seals v. Sprint/United Mgmt. Co.*, No. 1:17-CV-3019-MLB-CCB, 2019 WL 13060748, at *4 (N.D. Ga. Sept. 30, 2019) (finding reopening discovery was not a viable resolution to the violation of withholding a declaration because it would be time consuming and require the filing of a new dispositive motion and revised brief.)

Based on the foregoing, this Court should strike the Examination Under Oath of Luis Santamaria and decline to consider any evidence cited by Plaintiff obtained from the document when ruling on Crowley's Motion for Summary Judgment. *See Gonzalez v. State of Fla. Dept. of Mgmt. Serv.*, 124 F. Supp. 3d 1317, 1326-27 (S. D. Fla. 2015) (striking declaration under Rule 37 for violating discovery obligations under Rule 26(e) where the plaintiff withheld the declaration until filing it in support of his response to defendant's motion for summary judgment notwithstanding plaintiff's argument the declaration was work product.); *see also McSwain v. World Fuel Serv. Corp.*, No. 20-cv-21203-BLOOM/Goodman, 2022 WL 17551061, at *4 (S.D. Fla. Dec. 9, 2022) (striking declarations of third party witnesses submitted after the discovery deadline in response to a motion for summary judgment); *Nance v. Ricoh Elecs., Inc.*, No. CIV.A.1:06CV2396RWS, 2008 WL 926662, at *3 (N.D. Ga. Apr. 4, 2008), *aff'd,* 381 Fed. App'x. 919 (11th Cir. 2010) (excluding declaration of non-disclosed witnesses attached to plaintiff's opposition brief under Rule 37).

## III. <u>CONCLUSION</u>

For the foregoing reasons, Crowley Maritime Corporation requests this Court

strike the Examination Under Oath of Luis Santamaria (Doc. 103-5), exclude the evidence contained therein from consideration in deciding Crowley's Motion for Summary Judgment, prohibit Luis Santamaria from testifying at trial, award Crowley attorney's fees and costs for bringing this Motion and Crowley's Motion to Compel (Doc. 66), and enter any other sanctions that this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, and as set forth in the Motion, counsel for Crowley conferred with counsel for Plaintiff and Plaintiff objects to the relief requested in this Motion.

*/s/ Kelly DeGance*
ATTORNEY

Dated this 28th day of August 2023.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: */s/ Kelly DeGance*
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204

17

(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*
*Crowley Maritime Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record: Adria G. Notari, Notari Law, P.A., 1820 SW 14th Court, Fort Lauderdale, Florida 33312 (anotari@NotariLaw.com); J. Ryan Melogy, Maritime Legal Solutions, PLLC, 276 Fifth Ave., Suite 704-1454, New York, NY 10001 (maritimelegalsolutions@pm.me); C. Michael Williams, Law Office of C. Michael Williams, P.A.; 1710 Shadowood Ln, Ste. 220, Jacksonville, Florida 32207 (seemichaelwilliams@gmail.com); Kristyne Kennedy and Kelsey N. Ortiz, Esq, Cole, Scott & Kissane, P.A, Tower Place, Suite 400, 1900 Summit Tower Boulevard, Orlando, Florida 32810 (Kelsey.Ortiz@csklegal.com) (Celia.Cates@csklegal.com) (Kristyne.Kennedy@csklegal.com).

/s/ Kelly DeGance
ATTORNEY

4855-3154-6492, v. 1