United States District Court
Middle District of Florida
Jacksonville Division

**VANESSA TREMINIO,**

    *Plaintiff,*

v.                                                 NO. 3:22-cv-174-MMH-PDB

**CROWLEY MARITIME CORPORATION
& JUAN EMILIO BLANCO,**

    *Defendants.*

# Order

In this order, the Court decides three discovery motions. First, the Court decides a motion by Vanessa Treminio, Doc. 79 (motion), Docs. 79-1 to 79-6 (motion exhibits), Doc. 81 (supplement), Doc. 83 (response), Docs. 83-1, 83-2 (response exhibits). Second, the Court decides a motion by Crowley Maritime Corporation, Doc. 66 (motion), Docs. 66-1 to 66-9 (motion exhibits), Doc. 72 (response), Doc. 84 (reply), Docs. 84-1 to 84-3 (reply exhibits), Doc. 96 (endorsed order), S-Docs. 100-1, 100-2 (sealed transcripts). And third, the Court decides another motion by Crowley, Doc. 76 (motion), Docs. 76-1 to 76-3 (motion exhibits), Doc. 82 (response), Doc. 82-1 (response exhibit). Background about the lawsuit is in the order entered on January 5, 2023. Doc. 34.

Since the motions were filed, Treminio has moved to exclude Crowley's expert, Doc. 92 (motion), Doc. 101 (response); Crowley and Juan Emilio Blanco have moved to exclude Treminio's expert, Doc. 87 (Crowley's motion), Doc. 91 (Blanco's motion), Doc. 102 (response), and for summary judgment, Doc. 88 (Crowley's motion), Doc. 90 (Blanco's motion), Docs. 103, 104 (responses); and

Crowley has moved for sanctions against Treminio, Doc. 105. No one contends additional discovery is necessary to complete a motion or response. The motion for sanctions, Doc. 105, concerns withheld discovery—the transcript of the "Examination Under Oath of Luis Santamaria," S-Doc. 100-2; Doc. 103-5—that is the subject of one of Crowley's motions to compel, Doc. 66. The Court does not address the motion for sanctions in this order.

The Court has carefully considered the discovery motions and related papers. Applying Federal Rules of Civil Procedure 1, 26, 33, 34, and 37, and considering the customary practice detailed in the Discovery Handbook, the motions are **granted** or **denied** as follows for the reasons argued.

1. Treminio must produce all communications between herself and any non-party responsive to requests 16 and 17 of Crowley's first request for production.

2. Treminio must produce all communications between her counsel and any non-party responsive to requests 16 and 17 of Crowley's first request for production.

3. Treminio must produce all documents responsive to requests 21, 22, and 23 of Crowley's expert request for production, as limited by Crowley, *see* Doc. 66 at 14, including any assumptions her counsel provided on which the expert relied.

4. Treminio must produce the complete record of her treatment with Dr. Patricia Rivas, including medical records, invoices, and payments. These documents are considered records within her control under Rule 34(a)(1).

5. Treminio must provide records of her visit with Dr. Ana Cecilia Vazquez de Pastore and Laboratorio Max Block or explain in writing why she cannot provide them despite best

2

       efforts to obtain them. These documents are considered records within her control under Rule 34(a)(1).

6. Treminio must produce all documents responsive to requests 2, 3, and 6 of Crowley's second request for production that she has withheld—without a privilege log—on the basis of work-product protection.

7. Treminio must produce documents responsive to request 5 of Crowley's second request for production. Belatedly providing instructions did not render the request untimely.

8. Treminio must produce a privilege log of all pre-litigation communications between her and her counsel responsive to requests 25, 28, 31, 32, 33, 34, and 35 of Crowley's first request for production. Although parties rarely insist on a log describing communications with counsel, Treminio had insisted on such a log, setting the standard in this action. *See* Doc. 66-2 at 3. Exercising its broad discretion and guided by a sense of reasonableness, the Court declines to find waiver requiring full disclosure of all privileged pre-litigation communications with counsel.

9. Treminio must produce the transcript of the "Examination Under Oath of Blanca Hernandez," S-Doc. 100-1. Regardless of whether the transcript generally is protected under Rule 26(b)(3)(A), Crowley shows production of the transcript is warranted because the transcript is otherwise discoverable, Crowley has substantial need for the transcript to prepare its case, and Crowley could not have obtained a substantial equivalent by other means. The argument that the transcript reveals mental impressions, conclusions, opinions, or legal theories of Treminio's lawyer is unpersuasive, including because the questions asked during the examination are akin to those asked in the transcript of the "Examination Under

      Oath of Luis Santamaria," S-Doc. 100-2, that Treminio has filed on the public docket, Doc. 103-5.

10. Because the transcript of Santamaria's examination is on the public docket, Doc. 103-5, the motion to compel production of the transcript is moot. The transcript, Doc. 103-5, is identical to the sealed transcript, S-Doc. 100-2.

11. No additional discovery is warranted for one or more of these reasons: the objections were sufficiently specific, the discovery now demanded is not responsive to the discovery requested, the discovery has been provided, the discovery is not relevant to the claims and defenses, the discovery is disproportionate to the needs of the case considering the factors in Rule 26(b)(1), and the discovery is otherwise unduly burdensome.

12. Treminio must show cause why expenses incurred in having to move to compel the discovery described in numbered paragraphs 1 to 6 immediately above should not be allowed. The parties' respective positions otherwise are substantially justified.

To the extent she has not already done so, by **September 15, 2023**, Treminio must produce the discovery described or state in writing no responsive documents exist. By the same day, she must respond to the order to show cause.

**Ordered** in Jacksonville, Florida, on August 30, 2023.

 

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*