UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANESSA TREMINIO,

    Plaintiff,                               CASE NO.: 3:22-cv-174-MMH-PDB

vs.

CROWLEY MARITIME
CORPORATION, and
JUAN EMILIO BLANCO,

    Defendants.
_____/

**DEFENDANT CROWLEY MARITIME CORPORATION'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO CROWLEY MARITIME CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Crowley Maritime Corporation ("Crowley"), files this Reply to Plaintiff's Response in Opposition to Crowley's Motion for Summary Judgement (Doc. 103).

**A. Factual errors by Plaintiff[1]**

Crowley disagrees with many of Plaintiff's factual assertions in the Response, although none are material for purposes of deciding the Motion for Summary Judgment. Nevertheless, Crowley corrects some of Plaintiff's more glaring factual errors as follows:

- Plaintiff cited as undisputed that "El Salvador was the most dangerous country in the world in 2017." However, other sources characterized Los Cabos, Mexico, as the most violent city in the world in 2017. The most dangerous country in the world in 2017 was Iraq.[2]
- Plaintiff stated that Blanco "obtained" a "revenge sex tape" of a Crowley employee, implying that Blanco may have taken part in creating it, but Plaintiff testified that Blanco

---

[1] As an initial matter, for the reasons set forth in Crowley's Motion for Sanctions (Doc. 105), the Examination Under Oath of Luis Santamaria should be disregarded by the Court.

[2] *Compare* (Doc. 103) Plaintiff's Response at 10 *with* Woody, Christopher, *Business Insider*, These were the 50 most violent cities in the world in 2017 (Mar. 6, 2018) https://www.businessinsider.com/most-violent-cities-in-the-world-2018-3#17-san-salvador-el-salvador-had-5906-homicides-per-100000-residents-34 (last accessed Aug. 29, 2023); *Global Peace Index 2017*, Institute for Economics & Peace, at 13, Table 1.2.

- had nothing to do with the sex tape or the making of it.[3]
- Plaintiff said that Hernandez spoke of Blanco "procuring" female employees for sexual purposes for Lopez, but Hernandez testified she has no idea whether that was a joke.[4]
- For context, Heitzel Monroy testified that the reason Crowley employees did not trust Jaqueline Najera was because she did not keep things confidential.[5]

### B. There is no evidence of a commercial sex act[6]

A "commercial sex act" is "any sex act, on account of which anything of value is given or received by any person" and the Supreme Court has stated that "the ordinary meaning of 'because of' is 'by reason of' or 'on account of.'" *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 350 (2013) (citing *Gross v. FBL Fin. Services, Inc.*, 557 U.S. 167, 176 (2009)); *see also Ga. Ass'n of Latino Elected Offic., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1124 (11th Cir. 2022) ("because of" means "by reason of [or] on account of" and, therefore, the statute "contains an express causation requirement"). Accordingly, Plaintiff must show causation and that, but-for the alleged sexual assault, she would not have received the alleged "thing of value." *See id.* Plaintiff claims that, "without the trip to Jacksonville," she would not have advanced in her career, continued her employment, and would have received a negative reference (blacklisting).[7] It was the travel that mattered, not the alleged assault that occurred later, and Plaintiff had previously traveled with Blanco without issue. Moreover, Blanco allegedly told Plaintiff she needed

---

[3] *Compare* (Doc. 103) Plaintiff's Response at 11-12 *with* Treminio Depo. at 67.
[4] *Compare* (Doc. 103) Plaintiff's Response at 13 *with* Hernandez Depo. at 39.
[5] *Compare* (Doc. 103) Plaintiff's Response at 15 *with* Monroy Depo. at 108, 201.
[6] Plaintiff has repeatedly cited the Court's Order on Defendants' Motions to Dismiss to support her position. However, the Court's Order addressed the requirements for Plaintiff to meet the low threshold for surviving a motion to dismiss, not what Plaintiff needs to prove to survive a motion for summary judgment. *See* (Doc. 103) Plaintiff's Response at 18.
[7] (Doc. 103) Plaintiff's Response at 19.

to "collaborate" weeks before the trip because she reported him to HR.[8] Notably, Plaintiff has not alleged that Blanco (or anyone) ever promised her continued employment or career advancement at all, let alone in exchange for a sexual act. The TVPRA was not intended to transform every alleged assault into a commercial sex act. There was no "commercial sex act" here and summary judgment should be granted on both sex trafficking claims.

Plaintiff also argues that Crowley received a thing of value by "outsourcing more" work to El Salvador.[9] Crowley Shared Services was established in April 2006, over 10 years before the alleged assault, and was already operating in El Salvador.[10] Moreover, Lopez testified that, in 2015, Crowley began expanding its El Salvador operation.[11] Crowley was also already training employees months prior to the alleged assault.[12] Crowley's El Salvador business was not a thing of value received because of the alleged assault.

### C. Plaintiff failed to plead a "commercial venture" in the Amended Complaint

"Eleventh Circuit precedent precludes a plaintiff from amending [her] complaint through argument at the summary judgment phase of the proceedings." *Stapleton v. CSX Transp., Inc.*, 530 F. Supp. 3d 1128, 1140 (M.D. Fla. 2021). In the Amended Complaint, Plaintiff alleged only a "sex trafficking venture."[13] Plaintiff now pivots and alleges for the first time that the venture was commercial (Crowley's transportation business or implementation of the DFTS contract). The Court should not permit Plaintiff to amend

---

[8] (Doc. 89-1) Treminio Depo. at 88-89. According to Plaintiff, Blanco previously used the word "collaborate" in other contexts with other employees, so it is unclear what was meant by that word. *Id.* at 62, 66-68.
[9] (Doc. 103) Plaintiff's Response at 19.
[10] (Doc. 89-8) Corp. Rep. Depo. at 86 (Exh. 9, Corporate Organization Chart).
[11] (Doc. 89-4) Lopez Depo. at 17.
[12] (Doc. 89-1) Treminio Depo. at 97-101.
[13] (Doc. 14) Amended Complaint at 38 (¶ 107), 39 (¶ 111), 42 (¶ 117), 45 (¶ 126), 46 (¶¶ 127-128); 47 (¶¶ 133-134), 48 (¶¶ 135-136), 49-50 (¶ 137).

her complaint through her Response. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 705 (11th Cir. 2016) (plaintiff could not use his briefing to add and argue new allegations to support his claims). A "commercial" venture was not alleged in the Amended Complaint, and the Court should disregard Plaintiff's new argument of one. *See Davis v. Infinity Ins. Co.*, No. 21-11446, 2022 WL 1152612, at *3 (11th Cir. Apr. 19, 2022) (analyzed claims based on allegations in the complaint, not plaintiff's new allegations made on summary judgment).

### D. Plaintiff cannot establish that Crowley "knowingly benefited"

For beneficiary liability, the benefit received by Crowley must be something more than Crowley would have obtained simply through the general employment relationship. *See Bridges,* 2022 WL 1598437, at *19; *Harris*, 2022 WL 16825200, at *7. Plaintiff claims Crowley benefited from the newly alleged "commercial venture" because Blanco supervised and trained employees on the DFTS contract.[14] However, Blanco, who was a first line supervisor over a group of clerical employees, did not conduct the training; rather, it was given by employees in Jacksonville, which was why Blanco and others had to travel there for it.[15] Moreover, the training began in July 2017 and there is no evidence that it was impacted by Blanco's termination in January 2018.[16]  Crowley received no benefit.

### E. There is no evidence that Crowley had actual or constructive knowledge

Contrary to Plaintiff's argument, Eleventh Circuit precedent provides, "the venture in which the defendant participated and from which it knowingly benefited, must have violated the TVPRA *as to the plaintiff*." *Red Roof Inns, Inc.*, 21 F. 4th at 725; *K.H. v. Riti, Inc.*,

---

[14] (Doc. 103) Plaintiff's Response at 20.
[15] (Doc. 89-4) Lopez Depo. at 26-30. (Doc. 89-1) Treminio Depo. at 132-133.
[16] (Doc. 89-2) LaMoureaux Depo. P. Exhs. 6-7; (Doc. 89-9) Bensen Decl. at 1.

No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *5 n. 3 (N.D. Ga. April 17, 2023).[17] Plaintiff lists several events she claims show Crowley "should have known" that Blanco was engaged in sex trafficking on November 9-10, 2017.[18] First, the EthicsPoint complaints allege behavior that, at most, constitutes harassment and also could not have put Crowley on notice because they were made contemporaneous with Plaintiff's alleged assault and LaMoureaux did not learn of Plaintiff's allegations until weeks later.[19] Some of the alleged events had nothing to do with Plaintiff and, pursuant to the Eleventh Circuit, could not have put Crowley on notice. The remaining events (if true), including the allegation that Plaintiff reported to Najera that she was groped in an elevator, may have indicated that Blanco was engaged in inappropriate conduct but none of them involved Blanco using force to obtain a commercial sex act from anyone.[20] *Fox News Network, LLC*, 2021 WL 4124616, at *11 (allegations of an affair, that employee was a "serial harasser" and had "engaged in sexually inappropriate conduct" were insufficient to establish that the employer knew or should have known that employee was specifically engaged in sex trafficking); *Doe v. Piraino*, No. 3:22-CV-00560, 2023 WL 5310556, at *8 (M.D. Tenn. Aug. 17, 2023) (USA Fencing's knowledge that Piraino allegedly groped a woman, engaged in belligerent and unethical behavior, and was previously arrested "may have put it on notice that Piraino was generally a bad guy and a poor ambassador" but not that he was engaged in the sex trafficking of Doe).

---

[17] *See* (Doc. 103) Plaintiff's Response at 21.
[18] (Doc. 103) Plaintiff's Response at 21. Plaintiff cited the Declaration of Francheska Bensan to claim there was severe and pervasive sexual harassment, but Plaintiff is citing to an exhibit as Bensan did not say that. *Id.*
[19] (Doc. 103) Plaintiff's Response at 7; (Doc. 89-1); Treminio Depo. at 179, 181. Two complaints were made the same day as the alleged assault, and one was made just two days earlier. (Doc. 103) Plaintiff's Response at 5-6.
[20] Regarding perpetrator liability, as argued in the Motion, the knowledge standard is higher than the negligence standard for beneficiary liability. *See Rickey Patel,* 2020 WL 6121939, at *6. There is no evidence that Najera knew or acted in reckless disregard of the fact that Plaintiff would be caused to engage in a *commercial sex act.*

Plaintiff cites the Federal Rules of Evidence and general negligence caselaw to claim that Jane Doe's allegation of being groped in January 2018 (months after Plaintiff's alleged assault) is evidence of a *modus operandi* that establishes Crowley had constructive knowledge of the alleged sex trafficking. This argument is nonsensical. First, Rule 415 "operates in concert with" Rule 403 and evidence is not automatically admissible. *Cleveland v. KFC Nat'l. Mgmt. Co.*, 948 F. Supp 62, 66 (N.D. Ga. 1996). Second, Doe's claim is not part of the record in this case, is an unproven allegation (not sworn testimony) recently made for the first time in her own lawsuit, was not alleged in Case No. 297 (as Doe never claimed assault in Case No. 297)[21] and is dissimilar to Plaintiff's claim. Finally, Doe's alleged groping occurred months *after* Plaintiff's alleged assault and could not have provided notice. Constructive knowledge is "knowledge which one using reasonable care or diligence should have" and there was none here. *Red Roof Inns, Inc.*, 21 F.4th at 725.

### F. Plaintiff cannot establish "forced labor"

Plaintiff exaggerates the record regarding alleged dangers in El Salvador. LaMoureaux generally testified that some people in Central America are afraid they could be harmed for reporting misconduct.[22] Plaintiff has not alleged this concern and she claims to have reported Blanco's conduct to several people, in any event.[23] Also, any alleged threats were financial and, "[f]or 'financial harm' to be sufficiently 'serious,' it must be in some way improper or illicit."[24] *Carter*, 2023 WL 359559, at *8. The alleged threats are

---

[21] *See* (Doc. 89-2) LaMoureaux Depo. at 154-157 (P. Exh. 4).
[22] (Doc. 89-2) LaMoureaux Depo. at 103.
[23] (Doc. 89-1) Treminio Depo. at 78-81, 160-164, 182, 186-187.
[24] *See* (Doc. 88) Crowley's Motion for Summary Judgment at 23-24.

insufficient to establish serious harm and summary judgment should be granted. *See Tegete v. Maryknoll Sisters of Saint Dominic, Inc.*, No. 20-CV-5023 (CS), 2023 WL 2504744, at *10 (S.D.N.Y. Mar. 14, 2023) (granting summary judgment where plaintiff could not establish "the type of extreme isolation that would have led a reasonable person in her situation to believe that she was psychologically imprisoned in a forced-labor situation").

Crowley respectfully requests the Court grant its Motion for Summary Judgment.[25]

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: *s/Kelly DeGance*
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.


*s/Kelly DeGance*
ATTORNEY

---

[25] *Sua sponte* summary judgment in favor of Plaintiff and against Crowley in this case would be contrary to the law because, in its Motion, Crowley cited the evidence and construed all reasonable inferences in Plaintiff's favor and therefore Crowley has not been afforded an adequate opportunity to demonstrate why summary judgment for Plaintiff should not be granted. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999) (summary judgment *sua sponte* is appropriate when there is notice and "the party against whom judgment will be entered . . . has been afforded an adequate opportunity to demonstrate why summary judgment should not be granted").

4876-5811-9294, v. 1