UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANESSA TREMINIO,

    Plaintiff,                                   CASE NO.: 3:22-cv-174-MMH-PDB

vs.

CROWLEY MARITIME
CORPORATION and
JUAN EMILIO BLANCO,

    Defendants.
_____/

**DEFENDANT CROWLEY MARITIME CORPORATION'S MOTION
FOR SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER**

Pursuant to Rule 37(b), Federal Rules of Civil Procedure, Defendant Crowley Maritime Corporation ("Crowley") files this Motion for Sanctions for Failure to Comply with a Court Order. Crowley requests this Court order Plaintiff to fully and completely comply with paragraph 7 of the Court's August 30, 2023 Order (Doc. 106), award Crowley's expenses for bringing this Motion, and grant other such sanctions as the Court deems just and proper. In support of the Motion, Crowley states:

**Background**

On June 20, 2023, Crowley filed a Motion to Compel Responses to Defendant's Second Request for Production ("Motion to Compel").[1] In its Motion to Compel, Crowley requested, among other things, that the Court compel Plaintiff to produce the

---

[1] (Doc. 76) Defendant Crowley Maritime Corporation's Motion to Compel Responses to Defendant's Second Request for Production.

information sought in Crowley's Second Request for Production, Request No. 5. Crowley's Request No. 5 and Plaintiff's response state:

> **Request No. 5:** All information from Plaintiff's Facebook account from January 1, 2017 through the present as retrieved via the process set forth in "Exhibit A" to Defendant Crowley Maritime Corporation's Second Request for Production of Documents.
>
> **Response: Plaintiff objects to this request because there was no Exhibit A attached to Crowley Maritime Corporation's Second Request for Production.**[2]

Plaintiff did not object on any other basis. The information requested, when downloaded pursuant to the instructions, contains such things as data regarding individuals the Facebook User blocked or deleted from their friends list, including the date that action occurred; information regarding the Facebook User's interaction with other individuals' Facebook profiles; and the Facebook User's Facebook posts and messages for the time period requested. It is counsel for Crowley's understanding that the downloaded information also contains data, such as Facebook messages and posts, that have otherwise been deleted from the Facebook User's profile.

Crowley requested production of Plaintiff's Facebook information for several reasons. First, WhatsApp messages produced in discovery reveal that Ayesha Diaz advised Plaintiff to remove anyone affiliated with Crowley from her social media networks, to make sure all of her social media accounts were private, and Diaz advised that Plaintiff's family should delete information about Plaintiff from Facebook in

---

[2] (Doc. 76-1) Plaintiff's Responses to Crowley's Second Request for Production at 4.

preparation for filing this lawsuit.[3] Moreover, information obtained during discovery (including from Plaintiff herself) indicates that Plaintiff authored Facebook posts relating to the lawsuit and/or her claims and alleged emotional distress that have not been produced, notwithstanding Crowley's multiple requests for same.[4]

On August 30, 2023, this Court entered an Order granting Crowley's Motion to Compel, which included ordering Plaintiff to respond to Crowley's Request No. 5.[5] Paragraph 7 of the Court's Order states,

> Treminio must produce documents responsive to request 5 of Crowley's second request for production. Belatedly providing instructions did not render the request untimely.[6]

The Court's Order further compelled production of the discovery, including information responsive to Request No. 5, by September 15, 2023.[7]

On September 16, 2023, at 3:18 a.m. – the day after the Court ordered deadline – Plaintiff served a "Supplemental Response to Defendant Crowley Maritime Corporation's Requests for Production pursuant to Court Order, Doc. 106."[8] Included in Plaintiff's supplemental production were three (3) .html files entitled: *jessicapagan.html.html*; *glendaoreamuno.html.html*; and *mariaferreiro.html.html*. The

---

[3] **Exhibit A,** Plaintiff's WhatsApp Messages with Ayesha Diaz at 2-3 (Certified Translated messages at 5-6).
[4] **Exhibit B,** Facebook Messages between Plaintiff and Jessica Pagan, Glenda Oreamuno, and Maria Ferreiro at 20. Crowley roughly translated the communications using Google Translate, as they were produced in Spanish. The translated messages begin at page 23. On October 5, 2022, Glenda Oreamuno states in a Facebook message, "Hello Vanessa. I just read your post . . . ." *See* **Exhibit B** at 20 (Google Translated message at page 42).
[5] (Doc. 106) August 30, 2023 Order at 3.
[6] (Doc. 106) August 30, 2023 Order at 3 (¶ 7).
[7] (Doc. 106) August 30, 2023 Order at 4.
[8] (Doc. 119-1) September 16, 2023 email.

3

foregoing files contain messages between Plaintiff and Jessica Pagan, Glenda Oreamuno, and Maria Ferreiro downloaded from Plaintiff's Facebook, were responsive to Crowley's Second Request for Production, Request No. 2, and were compelled by the Court in its Order (Doc. 106).[9] Notably, the foregoing messages were not downloaded (let alone produced) until September 16, 2023, after the Court ordered deadline for production.[10] Further, the data downloaded was from January 1, 2017 through August 30, 2023 – which is two-weeks less than the time period for which the data was requested and ordered.[11] Finally, the three files that were produced (and responsive to Request No. 2) were only a small minutia of information that should have been retrieved by Plaintiff (assuming she followed the downloading instructions provided by Crowley) and also produced in response to Request No. 5.

On September 19, 2023, counsel for Crowley sent a letter to counsel for Plaintiff advising Plaintiff of her noncompliance with the Court's Order and requesting that Plaintiff produce all information from Plaintiff's Facebook that was responsive to Request No. 5.[12] Counsel for Plaintiff responded via email stating, "The attached Facebook html documents were attached to my e-mail Saturday morning."[13] Counsel for Crowley replied that it appeared that counsel for Plaintiff improperly limited

---

[9] **Exhibit B**, Facebook Messages between Plaintiff and Jessica Pagan, Glenda Oreamuno, and Maria Ferreiro; (Doc. 106) August 20, 2023 Order at 3 (¶6).
[10] **Exhibit B**, Facebook Messages between Plaintiff and Jessica Pagan, Glenda Oreamuno, and Maria Ferreiro.
[11] **Exhibit B**, Facebook Messages between Plaintiff and Jessica Pagan, Glenda Oreamuno, and Maria Ferreiro.
[12] (Doc. 118-8) September 19, 2023 letter at 2.
[13] (Doc. 118-8) September 19, 2023 email at 3.

4

production to a few private messages between Plaintiff and Crowley's employees/former employees over a narrowed time period; however, neither the request nor the Court's Order (Doc. 106) limited the production in that manner.[14] Counsel for Crowley also provided specific examples of the information Crowley expected to receive in response to Request No. 5.[15] Counsel for Plaintiff did not respond to Crowley's email.

On September 25, 2023, Crowley filed its Reply to Plaintiff's Response to Order to Show Cause, in which Crowley informed the Court of Plaintiff's failure to comply with paragraph 7 of the Order (Doc. 106).[16] Shortly after being served with Crowley's Reply, Counsel for Plaintiff emailed counsel for Crowley and, for the first time, argued that Request No. 5 was "beyond the scope of discovery" stating,

> The way we interpreted your Request No. 5 of the 2nd RFP was as identifying the manner in which to produce and authenticate the Plaintiff's Facebook communications with Crowley's current and former employees about the allegations of the lawsuit as requested in Requests No. 1 and 2 of the 2nd RFP.
>
> We interpreted the court's Order of August 30, 2023 in category No. 7 as relating to the instructions and manner in which these relevant Facebook communications were to be retrieved, i.e. in accordance with the instructions set out in your Attachment A that was belatedly produced to us.
>
> You are now claiming that you are entitled to all data from the Plaintiff's entire Facebook account from January 1, 2017 to the present—a period of more than 6 ½ years of her life—which is completely irrelevant to this case and is data that you cannot even identify, including as you state, "a plethora of additional folders containing .html data archived through Facebook."
>
> This information you are now requesting is far beyond the scope of discovery in this case, and we believe our response to you complies with the court's order,

---

[14] (Doc. 118-8) September 20, 2023 email at 3.
[15] (Doc. 118-8) September 20, 2023 email at 3.
[16] (Doc. 118) Defendant Crowley Maritime Corporation's Reply to Plaintiff's Response to Order to Show Cause.

5

with FRCP 1, 26, 34, and with the customary practice detailed in the Middle District Discovery Handbook.[17]

Notably, Plaintiff did not previously interpret Request No. 5 in this manner or object based on relevance or overbreadth during the parties' lengthy conferral process on the request prior to the Motion to Compel or in any related court filings (Plaintiff's Response to Crowley's Second Request for Production or Plaintiff's Response in Opposition to Crowley's Motion to Compel.)[18] It was only after being ordered by the Court to produce the information and refusing to that Plaintiff now, for the first time, asserts a new objection to the request.

In response and in a further good faith effort to resolve the issue, Crowley again informed counsel for Plaintiff that neither Request No. 5 nor the Court's Order granting Crowley's Motion to Compel contain any language limiting the request in the manner interpreted by Plaintiff.[19] Instead of responding to Crowley and, even though Plaintiff knew there was a dispute regarding Request No. 5, Plaintiff filed a Notice of Compliance with Court Order stating that Plaintiff complied with the Court's August 30, 2023 Order and produced "several attachments which are responsive to the disputed discovery requests, including Crowley's Request No. 5, which sought information from Plaintiff's Facebook account."[20] The "several attachments" referred to by Plaintiff are the three (3) messages between Plaintiff and Jessica Pagan, Glenda

---

[17] **Exhibit C**, September 25, 2023 email at 3.
[18] *See* (Doc. 76-1) Plaintiff's Responses to Crowley's Second Request for Production at 4; (Doc. 82) Plaintiff's Response in Opposition to Crowley Maritime Corporation's Motion to Compel ECF. No. 76 at 5.
[19] **Exhibit C**, September 25, 2023 email.
[20] (Doc. 119) Plaintiff's Notice of Compliance with Court Order.

4866-7754-0483, v. 1

Oreamuno, and Maria Ferreiro.[21] It is undisputed that Plaintiff did not produce "[a]ll information from Plaintiff's Facebook account from January 1, 2017 through the present as retrieved via the process set forth in [the instructions provided by Crowley.]"[22] Accordingly, Plaintiff has failed to comply with this Court's August 30, 2023 Order and, although Crowley was trying to avoid doing so, it must, once again, seek Court intervention.

### Memorandum of Law

"Rule 37(b) provides for sanctions when a party fails to respond to a discovery order from the court." *CS Bus. Sys., Inc. v. Schar*, No. 5:17-CV-86-OC-PGBPRL, 2017 WL 9939116, at *1 (M.D. Fla. Sept. 5, 2017). Rule 37 states, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders[,]" including but not limited to the sanctions set forth in Section 37(b)(2)(A)(i-vii). Fed. R. Civ. P. 37(b)(2)(A). Rule 37 also states that "[i]nstead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). "The sanctions listed in Rule 37(b)(2) are not mutually exclusive. Courts are not limited to these sanctions

---

[21] **Exhibit B**, Facebook Messages between Plaintiff and Jessica Pagan, Glenda Oreamuno, and Maria Ferreiro.
[22] *See* (Doc. 76-1) Plaintiff's Responses to Crowley's Second Request for Production at 4.

and have broad discretion in imposing sanctions under Rule 37." *Broad. Music, Inc. v. Bourbon St. Station, Inc.*, No. 3:09-CV-468-J-25MCR, 2010 WL 1141584, at *1 (M.D. Fla. Mar. 23, 2010).

Moreover, a finding of willfulness or bad faith is not necessary for the imposition of sanctions under Rule 37(b) unless the court imposes the most severe sanction of default or dismissal. *See Coquina Investments v. TD Bank, N.A.*, 760 F.3d 1300, 1319 (11th Cir. 2014). "Strict adherence to Rule 37 is necessary to prevent parties from flouting discovery orders." *Amedisys Holding, LLC v. Siebu*, No. 8:20-CV-1031-JSM-AAS, 2022 WL 227562, at *2 (M.D. Fla. Jan. 26, 2022) (quoting *Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006)). As described in detail above, Plaintiff has refused to comply with paragraph 7 of the Court's August 30, 2023 Order (Doc. 106). Accordingly, the impositions of sanctions against Plaintiff and counsel for Plaintiff pursuant to Rule 37(b) are proper. *See CS Bus. Sys., Inc. v. Schar*, No. 5:17-CV-86-OC-PGBPRL, 2017 WL 9939116, at *2 (M.D. Fla. Sept. 5, 2017) (finding sanctions appropriate under Rule 37(b) and noting that "whatever the merits of [p]laintiffs' argument that the discovery request is over broad, [p]laintiffs . . . never opposed the requests . . . have not moved for a protective order or made any argument that the information sought is not discoverable . . . [and] even if [defendant's] requests were overly burdensome, the [plaintiffs] would not be entitled to simply ignore [the court's] order instructing them to comply with the discovery request by a date certain").

## Conclusion

Wherefore, Crowley respectfully requests this Court compel Plaintiff to produce all information, without limitation, from Plaintiff's Facebook account from January 1, 2017 through September 15, 2023 retrieved via the instructions provided to Plaintiff by Crowley, award Crowley reasonable expenses incurred in bringing this Motion, and grant any other such sanctions this Court deems proper.

Dated this 2nd day of October, 2023.

    Respectfully submitted,

    ALEXANDER DEGANCE BARNETT, P.A.

By: *s/Kelly DeGance*
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
*Attorneys for Crowley Maritime Corporation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, and as set forth in the Motion, counsel for Crowley conferred in good faith with counsel for Plaintiff regarding the issues raised in this Motion via letter on September 19, 2023 and via electronic mail on September 21, 2023 and September 25, 2023. Counsel for Crowley also conferred with counsel for

4866-7754-0483, v. 1

Plaintiff with regard to the relief requested in this Motion and, on October 2, 2023, counsel for Plaintiff stated, "We believe our response to you complies with the Court Order within the parameters of Fed. R. Civ. P. 1, 26, and 34.  We will oppose Crowley's motion for sanctions."

*s/Kelly DeGance*
ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record:: Adria G. Notari, Notari Law, P.A., 1820 SW 14th Court, Fort Lauderdale, Florida 33312 (anotari@NotariLaw.com); J. Ryan Melogy, Maritime Legal Solutions, PLLC, 276 Fifth Ave., Suite 704-1454, New York, NY 10001 (maritimelegalsolutions@pm.me); C. Michael Williams, Law Office of C. Michael Williams, P.A.; 1710 Shadowood Ln, Ste. 220, Jacksonville, Florida 32207 (seemichaelwilliams@gmail.com); Kristyne Kennedy and Kelsey Ortiz, Esq, Cole, Scott & Kissane, P.A, Tower Place, Suite 400, 1900 Summit Tower Boulevard, Orlando, Florida 32810 (Kelsey.Ortiz@csklegal.com) (Celia.Cates@csklegal.com) (Kristyne.Kennedy@csklegal.com).

*s/Kelly DeGance*
ATTORNEY

4866-7754-0483, v. 1