# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

# JACKSONVILLE DIVISION

| | |
|---|---|
| VANESTA TREMINIO,<br><br>    Plaintiff,<br><br>v.<br><br>CROWLEY MARITIME CORPORATION, and JUAN EMILIO BLANCO,<br><br>    Defendants. | 3:22-cv-00174-CRK |

## INTRODUCTION

Before the Court is Defendant's Motion for Sanctions to Strike the Examination Under Oath of Luis Santamaria ("Motion"). See [Crowley's] Mot. Sanctions at 1, Aug. 28, 2023, ECF No. 105 ("Def. Mot."); see also Luis Santamaria Ex. Under Oath at 1, Aug. 23, 2023, ECF No. 103-5. The Motion seeks to prohibit Santamaria from testifying at trial and exclude evidence from Santamaria's examination under oath from being considered in deciding both motions for summary judgment filed by Defendants Crowley Maritime Corporation and Juan Emilio Blanco. See [Crowley's] Mot. Summ. J. at 1, Aug. 2, 2023, ECF No. 88; [Blanco's] Mot. Summ. J. at 1, Aug. 2, 2023, ECF No. 90. For the reasons that follow, the Motion is granted.

**OPINION AND ORDER - 1**

Case No. 3:22-cv-00174-CRK-PDB

## BACKGROUND

Defendant Crowley Maritime Corporation ("Crowley" or "Defendant") filed this Motion in connection with an action filed by Plaintiff Vanessa Treminio ("Plaintiff") against it and Juan Emilio Blanco ("Blanco") (collectively "Defendants") alleging sex trafficking under the Trafficking Victims Protection Reauthorization Act ("TVPRA"),[1] 18 U.S.C. §1591, sexual battery and false imprisonment against Defendant Blanco, and forced labor against Crowley under 18 U.S.C. § 1589 of the TVPRA.  See Am. Compl. at ¶¶ 101–169, Mar. 30, 2022, ECF No. 14.[2]  Plaintiff alleges that Blanco, in his role as Plaintiff's supervisor, and Crowley, as Plaintiff's and Blanco's employer, engaged in violations of the TVPRA, as well as tortious conduct by Blanco.  Id. at ¶¶ 101–39; see also 18 U.S.C. §§ 1589, 1591.

The deadline for mandatory initial disclosures in this case, meaning those parties must "without awaiting a discovery request, provide to the other parties" and which include the "the name and, if known, the address and telephone number of

---

[1] The Trafficking and Victim's Protection Act ("TVPA") has been amended numerous times since its implementation in 2000. See Human Trafficking: Key Legislation, U.S. Dep't of Justice (Aug. 23, 2023), https://www.justice.gov/humantrafficking/key-legislation#:~:text=The%20TVPRA%202008%20expanded%20the,potential%20victims%20of%20human%20trafficking. In 2003, the TVPA was amended by the Trafficking Victims Protection Reauthorization Act of 2003, which refined the criminal provisions against trafficking and included a civil remedy actionable by victims against their traffickers in federal court. See id.; see also Pub. L. No. 108-193.  Because Plaintiff's claims rests upon the civil action remedy created by the 2003 amendment, see Am. Compl. ¶¶ 102, 115, 155, the applicable statute will be referred to as the Trafficking and Victims Protection Reauthorization Act ("TVPRA").

[2] Blanco neither joined Crowley's motion nor did he file his own motion for sanctions against Plaintiff.  Because Blanco is not involved in the issue before the Court, Crowley will be referred to as "Defendant."

**OPINION AND ORDER - 2**

Case No. 3:22-cv-00174-CRK-PDB

each individual likely to have discoverable information" was June 17, 2022. See Sched. Order at 1, Apr. 20, 2022, ECF No. 21; see also Fed. R. Civ. P. 26(a)(1)(A)(i). The deadline for completing discovery and filing motions to compel in this case was July 3, 2023. See Am. Sched. Order at 2, Jan. 19, 2023, ECF No. 39 ("Am. Sched. Order"). To file a dispositive or Daubert motion, the parties had until August 2, 2023. Id. To file all other motions, including motions in limine, the parties have until January 2, 2024. Id.

On January 30, 2023, after the time allotted for initial disclosures had ended, Defendant served Plaintiff with its first request for production ("RFP"). Def. Mot. at 1. These requests (RFP Nos. 7, 8 & 9) sought "any and all statements by other persons with knowledge or information of the facts alleged in Plaintiff's Amended Complaint." Id. at 2. The requests also sought "any and all affidavits, statements, written, audio, digital or video records or otherwise, obtained by Plaintiff at any time that contain information that relates to any of the allegations set forth in Plaintiff's Amended Complaint." Id. On March 12, 2023, Plaintiff responded without objection, stating she did not have any of the requested items in her possession. Id.

On March 27, 2023, Defendant conducted the deposition of Plaintiff Treminio. See Dep. Vanessa Treminio at 1, May 23, 2023, ECF No. 60-3 ("Treminio Dep."). In that deposition, Plaintiff Treminio identified Luis Santamaria ("Santamaria") as a Crowley employee who had traveled with Plaintiff and Defendant Blanco. Id. at 73. Plaintiff examined Santamaria under oath on May 3, 2023. Luis Santamaria Ex. Under Oath at 1, Aug. 23, 2023, ECF No. 103-5 ("Santamaria E.U.O."). In that

**OPINION AND ORDER - 3**

examination, Plaintiff became aware that Santamaria was no longer living in El Salvador but was residing in Texas and had been since 2020.  Id. at 6.  Plaintiff did not update her Rule 26(a) disclosures at this time.

Defendant served Plaintiff with the second RFP on May 15, 2023, seeking "all documents not previously produced that are responsive to Defendant Crowley's . . . First RFP."  Def. Mot. at 2.  Plaintiff responded to the second RFP stating, "Plaintiff will continue to supplement her responses to RFPs and Rule 26 disclosures as the case proceeds."  Id.  Plaintiff did not provide the Santamaria examination under oath or any documents in response, nor did she alert Defendant that she had examined Santamaria.  Id. at 6.  On May 22, 2023, Plaintiff informed Defendant that she planned to depose four witnesses by zoom, including Santamaria,[3] between June 7 and June 23, 2023.  Pl. Resp. Opp. [Crowley's] Mot. Sanctions at 4, Sept. 11, 2023, ECF No. 112 ("Pl. Resp."); E-mail Requesting Various Depositions, Sept. 11, 2023, ECF No. 112-3.

On June 2, 2023, Crowley served Plaintiff with a third RFP asking for all formal and informal statements from current and former Crowley employees regarding Plaintiff's lawsuit, as well as all written formal and informal statements from Wendy Ponce, Ayesha Diaz, Blanca Hernandez, Santamaria, Lya Santamaria, Jeanie Stewart, and any other third party related to the allegations of Plaintiff's claims.  Def. Mot. at 4.  Plaintiff did not respond to that request until July 3, 2023.  Id.  In the meantime, Plaintiff took the deposition of Blanca Hernandez on June 12,

---

[3] Plaintiff never in fact deposed Santamaria.  Pl. Resp. at 4.

**OPINION AND ORDER - 4**

2023. Id. at 3. During that deposition, Crowley learned that Plaintiff had conducted examinations under oath of witnesses earlier in discovery. Id. Based on that information, Defendant filed a motion to compel responses to Defendant's first RFP on June 14, 2023, in which it had asked for all sworn examinations under oath in Plaintiff's possession. [Crowley's] Mot. Compel Resp. to Def.'s First [RFP] at 1, June 14, 2023, ECF No. 66 ("Mot. Compel First RFP"). In response to the motion to compel, Plaintiff argued that the "examinations taken under oath" are protected under the attorney work product doctrine. Pl. Resp. at 1, 4. On July 3, 2023, the discovery deadline, Plaintiff responded to the third RFP from Crowley, claiming again that the examinations under oath are protected by the attorney work product doctrine. Pl. Resp. to [Crowley's] Third [RFP] at 1–2, Aug. 28, 2023, ECF No. 105-4.

Ten days later, on July 13, 2023, Plaintiff filed a supplemental Rule 26 disclosure identifying seven witnesses, including Santamaria. Pl. Second Supp. R. 26 Disclosure at 2, Aug. 28, 2023, ECF No. 105-5 ("Pl. Sec. R. 26 Discl."). The witnesses were not included in Plaintiff's initial Rule 26 disclosure that was filed within the period of discovery. Def. Mot. at 5. In the supplemental Rule 26 disclosure, Plaintiff failed to include the address of or information on where to locate Santamaria. Pl. Sec. R. 26 Discl. at 2. In response to the supplemental disclosure of witnesses, on July 18, 2023, Defendant sent an email to Plaintiff asking Plaintiff to clarify if the individuals listed in the supplemental Rule 26 disclosure were the witnesses who were the subject of the examinations under oath by Plaintiff. Def. Mot. at 5–6. Plaintiff did not respond to this inquiry. Id. at 6.

**OPINION AND ORDER - 5**

Case No. 3:22-cv-00174-CRK-PDB

On August 14, 2023, the Court ordered Plaintiff to file the examinations under oath of Blanca Hernandez and any other witness under seal. Endorsed Order, Aug. 14, 2023, ECF No. 96. Plaintiff complied and on August 21, 2023, filed under seal "#1 Examination Under Oath of Blanca Hernandez," and "#2 Examination Under Oath (Notari, Adria)." Def. Mot. at 8. Two days after filing the examinations under seal, on August 23, 2023, Plaintiff filed her responses in opposition to both motions for summary judgment filed by Defendants. See generally Resp. Opp. [Crowley's] Mot. Summ. J., Aug. 23, 2023, ECF No. 103; Resp. Opp. [Blanco's] Mot. Summ. J., Aug. 23, 2023, ECF No. 104. To support her response, Plaintiff publicly filed the examination under oath of Santamaria on August 23, 2023. See generally Santamaria E.U.O.

On August 30, 2023, the Court ordered Plaintiff to produce the transcript of the examination under oath of Blanca Hernandez, which was being withheld by Plaintiff as protected attorney work product. Order at 1, Aug. 30, 2023, ECF No. 106. The court found that production of the transcript was warranted because the transcript is otherwise discoverable, Defendant has a substantial need for the transcript to prepare its case, and Defendant could not have obtained a substantial equivalent by other means. Id. at 2–4. Additionally, the Court noted that because the transcript of the examination under oath of Santamaria is now filed on the public docket, the motion to compel production of the transcript is moot. Id. at 4.

## DISCUSSION

Defendant argues Plaintiff's failure to disclose information regarding Santamaria's examination under oath, or the information in that examination

**OPINION AND ORDER - 6**

Case No. 3:22-cv-00174-CRK-PDB

revealing his whereabouts, violates Plaintiff's obligations under Federal Rules of Civil Procedure 26(a) and 26(e). Def. Mot. at 8–17. Defendants ask the court to sanction Plaintiff by excluding the examination under oath, prohibiting Santamaria from testifying at trial, and granting Crowley its fees and costs in bringing this motion. Id. at 1, 16–17. Plaintiff responds that Santamaria's identity was disclosed to all parties during Treminio's March 27, 2023 deposition—before discovery was over—as well as on July 13, 2023, which was within the time period for pre-trial disclosures under Fed. R. Civ. P. 26(a)(3). Pl. Resp. at 1. For the following reasons, Defendant's motion is granted.

The Federal Rules of Civil Procedure regarding discovery ensure "the [m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)). The advisory committee's notes for the 1983 amendments to the Federal Rules of Civil Procedure, state that the "spirit of the rules is violated when advocates attempt to use [the rules] as weapons rather than to expose the facts and illuminate the issues." Id. Accordingly, Rule 26(a)(1)(A) requires parties disclose certain information to the other parties without a request for disclosure. Fed. R. Civ. P. 26(a)(1)(A). Parties must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, a party must provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession

**OPINION AND ORDER - 7**

. . . and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26(e)(1)(A) requires parties supplement disclosures "in a timely manner . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

If a party fails to make the required disclosures outlined in Rule 26, it is subject to Rule 37. Fed. R. Civ. P. 37. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) provides a self-executing sanction for failure to disclose information required by Rule 26. Id. Additionally, on motion the court may "(A) order payment of reasonable expense, including attorney's fees, caused by the failure; (B) inform the jury of the party's failure; and (C) impose other appropriate sanctions." Id. The advisory committee's note to the 1993 amendment explained that 37(c) "provides a self-executing sanction for failure to make disclosures." Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment. The advisory committee noted that the automatic sanction is intended to "provid[e] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion, such as one under Rule 56." Id.

To avoid the self-executing sanction under Rule 37(c), the failure to disclose must be substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The rule-breaking party bears the burden to demonstrate substantial justification and

**OPINION AND ORDER - 8**

harmlessness. See Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment; see also Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 812 (11th Cir. 2017). "Substantial justification" means "reasonable people could differ as to the appropriateness of the contested action." Knight through Kerr, 856 F.3d at 812 (citing Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997)).

The meaning of "harmlessness" for Rule 37(c)(1) is unsettled in the Eleventh Circuit. Compare Crawford v. ITW Food Equipment Group LLC, 977 F.3d 1331, 1342–43 (11th Cir. 2020) (Tjoflat, J., dissenting) (advocating for a stricter reading of "harmless" than the majority under Rule 37(c)(1)); with Taylor v. Mentor Worldwide LLC, 940 F.3d 582, 607–08 (11th Cir. 2019) (affirming a finding of harmlessness and refusing to strike a witness where the proposing party failed to disclose the expert's opinions as required by Rule 26). In Crawford, the court issued a narrow holding in which it did not find it necessary to define Rule 37(c)'s "harmlessness" in its analysis. 977 F.3d at 1342–43. The dissent, however, analyzed the advisory committee's examples[4] and argued that it "strongly sugges[ted] that 'harmlessness' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Id. at 1353–54 (Tjoflat, J., dissenting); see also Taylor, 940 F.3d at 607–08 (Tjoflat, J., dissenting). The dissent emphasized that the purpose of the

---

[4] The advisory committee listed examples of instances in which the sanction may be unnecessary: "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or lack of knowledge of a pro se litigant of the requirement." Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment.

**OPINION AND ORDER - 9**

disclosure and supplementation requirement in the rules is to "make a trial less a game of a blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Crawford, 977 F.3d at 1353 (Tjoflat, J., dissenting) (quoting Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992)).

Other courts continue to apply a pre-Rule 37(c)(1) "judicially created, non-exhaustive" list of factors to determine the harmlessness.  Griffin v. United States, No. 3:19-CV-441-MMH-PDB, 2021 WL 4947180, at *15 (M.D. Fla. July 30, 2021). These factors include "the explanation for the failure, the importance of the witness's testimony, the need for time to prepare and respond to the testimony, and the possibility of continuance." Id. (citing Murphy v. Magnolia Elec. Power Ass'n, 639 F.2d 232, 235 (5th Cir. 1981)); See also Romero v. Drummond Co., Inc., 552 F.3d 1303, 1321 (11th Cir. 2008) (applying 37(c) factors to find that a district court did not abuse its discretion in excluding the testimony of several late-disclosed witnesses).

Here, Plaintiff violated Rule 26(a) and 26(e) by failing to disclose Santamaria's address or contact information, the intent to use him as a witness, or his examination under oath with Defendant.  Plaintiff examined Santamaria under oath on May 3, 2023, during the discovery period. Santamaria E.U.O. at 1.  During the examination, Plaintiff learned that Santamaria was residing in the United States but did not update or inform the defendants. Rule 26(a) and 26(e) required Plaintiff to "disclose the name and if known, the address and telephone number of" Santamaria "in a timely manner" if this information had not "otherwise been made known to the other

**OPINION AND ORDER - 10**

Case No. 3:22-cv-00174-CRK-PDB

parties during the discovery process or in writing" and to supplement any disclosure as information becomes available. Fed. R. Civ. P. 26(a)(1) (A)(i).

Further, Defendant specifically requested information and statements related to Plaintiff's complaint in two requests for production to Plaintiff.[5] Def. First [RFP] at 2–5, Aug. 28, 2023, ECF No. 105–1; Def. Third [RFP] at 3, Aug. 28, 2023, ECF No. 105–4. Despite her ongoing obligation to supplement her Rule 26(a) disclosures, as well as her responses to Defendant's requests for production, Plaintiff did not disclose him as a witness, provide his contact information, address, or provide the examination to Crowley until August 23, 2023, over a month after the discovery period had ended, and only in response to Crowley's motion for summary judgment. Pl. Resp. to [Crowley's] Mot. Summ. J. at 3, Aug. 23, 2023, ECF No. 103; Santamaria E.U.O. at 1. Plaintiff's assertion that Defendant knew of Santamaria's "identity and involvement" erects a straw man. See Pl. Resp. at 1. Rule 26 requires not just disclosure of potential witnesses, but a means by which to reach them, if known. Fed. R. Civ. P. 26(a)(1)(A)(i) ("a party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information."). Because Plaintiff failed to

---

[5] Defendant served its First RFP requesting "all statements of employees, former employees or agents of Defendant related in any way to the facts alleged in Plaintiff's Amended Complaint" on January 30, 2023. Pl. Notice of Serving Resp. to [Crowley's] First RFP at 2, 4, Aug. 28, 2023, ECF No. 105-1. Defendant's second RFP requested "all documents not previously produced that are responsive to Defendant Crowley Maritime Corporation's First RFP to Plaintiff and was served on May 15, 2023. Pl. Notice of Serving Resp. to [Crowley's] Second RFP at 2, 5, Aug. 28, 2023, ECF No. 105-2.

**OPINION AND ORDER - 11**

Case No. 3:22-cv-00174-CRK-PDB

meet her duty to disclose, she is subject to the self-executing Rule 37(c)(1) sanctions unless she demonstrates a substantial justification for her failure, or that her failure to disclose was harmless.

Plaintiff fails to demonstrate that her non-disclosure was substantially justified. Plaintiff claims she did not disclose Santamaria as a witness, his address or contact information, or his examination under oath because he was named in Plaintiff Treminio's deposition, and therefore Defendant had the opportunity to identify and contact him.[6] Pl. Resp. at 1, 4. Even if the failure to identify Mr. Santamaria or produce his examination under oath was substantially justified, the failure to alert Defendants to his whereabouts or a means of contacting him—even if that was only an email address or phone number—is not substantially justified. Plaintiff had access to Santamaria as soon as May 3 and did not disclose his contact information, address, or that he was going to be used as a witness.[7] Santamaria

---

[6] In response to Crowley's prior motion to compel the examination under oath, Plaintiff claimed that she viewed the examination under oath as attorney work product and it was therefore protected from disclosure. Pl. Resp. Opp. [Crowley's] Mot. Compel Resp. to [Crowley's] First RFP at 7–10, June 28, 2023, ECF No. 72. Even assuming Plaintiff's good faith belief that reasonable minds could differ as to whether the examination under oath was protected by a qualified privilege, Santamaria's whereabouts were not protected by attorney work product privilege. The "protective cloak" of attorney work privilege is a qualified privilege. Hickman, 329 U.S. at 508; see also F.T.C. v. Grolier Inc., 462 U.S. 19, 19 (1983). It "does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation." Hickman, 329 U.S. at 508.

[7] Plaintiff took Santamaria's examination under oath virtually via "Remote Audio-Video Communication". Santamaria E.U.O. at 1. To set up this remote examination, Plaintiff must have had Santamaria's contact information, at minimum, his phone number or email. No phone number, email, or other contact information was disclosed to Defendant.

**OPINION AND ORDER - 12**

E.U.O. at 1.  Plaintiff knew that Santamaria was residing in the United States and did not disclose that information to Crowley.  Santamaria E.U.O. at 6.  Plaintiff's choice to postpone disclosing her intention of using Santamaria as a witness allowed Crowley to continue in its belief that Santamaria was not accessible.  Plaintiff cannot reasonably justify this violation.

Plaintiff fails to show harmlessness under any definition of the term.  The failure to disclose Santamaria's contact information, the examination under oath, or Plaintiff's intent to use him as a witness was not a mistake.  See Crawford, 977 F.3d at 1353 (Tjoflat, J., dissenting).  Plaintiff intentionally and continuously refused to identify Santamaria as the subject of the examination under oath, after Defendant requested more information and Plaintiff went as far as to hide Santamaria's name on the docket when submitting the examinations to the Court.[8]  Def. Mot. at 7.  Plaintiff conceded the nondisclosure was purposeful when she argued the information was protected attorney work product.  Pl. Resp. at 8.   Thus, Plaintiff's omission of information cannot be explained as a mistake.

Applying the "judicially created, non-exhaustive factors" to assess harmlessness, Plaintiff's nondisclosure also requires Rule 37(c)(1) sanctions.  First, as discussed above, Plaintiff provides no explanation for her failure to alert

---

[8] After the Court ordered Plaintiff to file the examinations under oath of Blanca Hernandez and any other witness under seal, Plaintiff complied and on August 21, 2023, filed under seal "#1 Examination Under Oath of Blanca Hernandez," and "#2 Examination Under Oath (Notari, Adria)." "#2 Examination Under Oath" is that of Luis Santamaria.  Adria Notari is the name of the counsel who conducted Santamaria's deposition.

**OPINION AND ORDER - 13**

defendants that Mr. Santamaria was residing in the United States. Plaintiff carefully maneuvered her disclosures and responses to attempt to comply with the letter of the disclosure rules while flouting their spirit. Plaintiff's tactical decision to withhold information regarding her examination of Santamaria violated both the letter and spirit of Rule 26. The importance of Santamaria's testimony is undisputed. See Def. Mot. At 15; Pl. Resp. at 2–3. Such importance is exhibited by Plaintiff's references to Santamaria's examination under oath throughout her responses to both Crowley's and Blanco's motions for summary judgment. See generally Resp. Opp. [Crowley's] Mot. Summ. J., Aug. 23, 2023, ECF No. 103; Resp. Opp. [Blanco's] Mot. Summ. J., Aug. 23, 2023, ECF No. 104. Further, Santamaria's location, contact information, and testimony would have been important for Defendant to access during discovery, and Defendant has been prejudiced by not having that information before the close of discovery.[9] Even if Defendant simply knew that Santamaria was accessible by email or somewhere in the United States, it could have undertaken measures to reach him. Plaintiff's use of Santamaria's testimony as evidence in response to summary judgment, long after discovery had closed, left Defendant

---

[9] Plaintiff suggests that prejudice is lacking here because it did not have a physical address to give Defendant and therefore it would have even unlikely that Defendant could have found Santamaria to serve him with a subpoena. Plaintiff contends in her response, "Plaintiff only knew… [Santamaria] was living between Texas and California . . . Therefore, it is a highly dubious proposition that Crowley would have been able to locate Mr. Santamaria and subpoena him." Pl. Resp. at 4. Plaintiff's conjectures are not persuasive. The Federal Rules of Civil Procedure require that Plaintiff disclose Rule 26(a) information. See Fed. R. Civ. P. 26(a). The Court will not speculate as to difficulties that Defendant might have subsequently encountered if provided with the information to which it was entitled.

**OPINION AND ORDER - 14**

Case No. 3:22-cv-00174-CRK-PDB

without any opportunity to prepare for, or respond to, his testimony in its motion for summary judgment. This was not a harmless act under any definition of the word.

## CONCLUSION

Because Plaintiff violated Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure and her violations were neither harmless nor substantially justified, Plaintiff is subject to the self-executing sanctions of Rule 37. Rule 37 requires the exclusion of Santamaria's testimony from summary judgment arguments, at trial, or for any further proceedings in this case.

For the foregoing reasons, it is

**ORDERED** that the Motion is granted; and it is further,

**ORDERED** that the Examination Under Oath of Luis Santamaria, see ECF No. 103-5, is excluded from the evidence and will not be considered in connection with either Crowley's or Defendant Blanco's Motion for Summary Judgment, see ECF No. 88 and ECF No. 90; and it is further,

**ORDERED** that Luis Santamaria shall be stricken from the Plaintiff's witness list and precluded from testifying at trial. The Court recognizes that disallowing the testimony of a witness due to a violation of Rule 26(a) is a drastic remedy, but the sanction is warranted here; and it is further

**ORDERED** that

    a. Pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), Crowley is awarded its reasonable attorney's fees and costs for bringing the Motion;

    b. On or before Monday, December 18, 2023, the parties shall confer in person or via telephone in a good faith effort to agree about the amount of attorney's fees and costs awarded pursuant to this Order. If the parties are

**OPINION AND ORDER - 15**

Case No. 3:22-cv-00174-CRK-PDB

able to reach agreement, they shall file on or before Friday, January 19, 2024 a joint notice with the Court setting forth the agreed amounts;

c. If the parties are unable to agree on the amount of attorney's fees and costs, then, on or before Friday, January 19, 2024, Crowley may file a motion to quantify the attorney's fees and costs awarded in this Order. The motion for quantification must be supported by evidence concerning counsels' hourly rate and the time spent on bringing the Motion, as well as contain appropriate legal authority to support the requested amounts;

d. Plaintiff may respond to Crowley's motion for quantification on or before Friday, February 2, 2024.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:     November 22, 2023
           New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 16**