UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

| | |
|---|---|
| VANESSA TREMINIO,<br><br>　　Plaintiff,<br><br>v.<br><br>CROWLEY MARITIME CORPORATION, and JUAN EMILIO BLANCO,<br><br>　　Defendants. | 3:22-cv-00174-CRK-PDB |

INTRODUCTION

The matter before the Court involves the Order entered by the United States Magistrate Judge on November 6, 2023 ("Magistrate Judge's Order"). See Order at 1, Nov. 6, 2023, ECF No. 125 ("Mag. J. Order"). The Magistrate Judge's Order required Plaintiff Vanessa Treminio ("Plaintiff") to comply with Defendant Crowley Maritime Corporation's ("Defendant" or "Crowley") discovery request[1] to turn over all "information from [her] Facebook account from January 1, 2017, through the present."[2] Id. at 4. Plaintiff objects to the Magistrate Judge's Order ("Objections"),

---

[1] The magistrate judge previously ordered Plaintiff to comply with Defendant's discovery request in an order issued on August 30, 2023. See Order, Aug. 30, 2023, ECF No. 106 ("Aug. 30 Order").

[2] Defendant, Juan Emilio Blanco did not join Crowley's response in opposition to Plaintiff's Objections or file his own response to Plaintiff's Objections. Because Blanco is not involved in the issue before the Court, Crowley will be referred to as "Defendant."

OPINION AND ORDER - 1

claiming that it incorrectly burdened Plaintiff by finding that she failed to timely object to discovery, rather than requiring Crowley to show the "relevancy, reasonableness and proportionality" of the request as a threshold matter. See generally Pl. Obj. Mag. J. Order, Nov. 15, 2023, ECF No. 127 ("Pl. Objs."). Crowley asserts that Plaintiff waived any relevancy objections on the requested discovery, that the order was not clearly erroneous, and that the request is relevant and proportional to the needs of the case. See generally [Crowley's] Resp. Opp'n Pl. Obj. Mag. J. Order, Nov. 30, 2023, ECF No. 131 ("Def. Resp."). For the following reasons, Plaintiff's Objections are overruled.

## BACKGROUND

On June 30, 2023, Crowley filed a motion to compel responses to its second request for production ("RFP"). Mot. Compel Resp. to [Crowley's] Second [RFP] at 1, June 30, 2023, ECF No. 76 ("Def. Mot. Compel"). Crowley requested, inter alia, that the Court order Plaintiff to comply with Request No. 5 within Crowley's second RFP, in that she must turnover "[a]ll information from Plaintiff's Facebook account from January 1, 2017 through the present as retrieved via the process set forth in 'Exhibit A' to [Crowley]'s Second [RFP]."[3] Id. at 4; Pl. Resp. [Crowley's] Second [RFP] at 4, June 30, 2023, ECF No. 76-1 ("Pl. Resp. Second RFP"); Def. Resp. at 2. When serving the second RFP to Plaintiff, Crowley mistakenly failed to attach Exhibit A. Def. Mot. Compel at 4; Def. Resp. at 2. In her response to the second RFP, Plaintiff objected to

---

[3] Exhibit A of Crowley's second RFP contained the download instructions for the data contained in Plaintiff's Facebook account. See June 22, 2023, Email with Attachment at Ex. A, June 30, 2023, ECF No. 76-3.

**OPINION AND ORDER - 2**

Request No. 5 on the sole grounds that "there was no Exhibit A attached to [Crowley's] Second [RFP]." Pl. Resp. Second RFP at 4; Def. Resp. at 2. Plaintiff did not object to the breadth, burden, relevancy, proportionality, timing, or any other grounds in her response to the request. See Pl. Resp. Second RFP at 4; Def. Resp. at 2. Crowley provided the download instructions to Plaintiff on June 22, 2023. Def. Resp. at 2. Plaintiff continued to refuse production of the information, arguing in her response brief to Crowley's motion to compel that the request was untimely because the missing exhibit was not corrected until eleven days before the July 3 discovery deadline.[4] Id. at 2–3; [Pl.] Resp. in Opp'n to [Def. Mot. Compel] at 5, July 14, 2023, ECF No. 82 ("Pl. Resp. Mot. Compel").

On August 30, 2023, the magistrate judge issued an order requiring Plaintiff to respond to Request No. 5 by September 15 and to show cause as to why expenses incurred by Crowley should not be assessed against her. Aug. 30 Order at 3. On September 16, Plaintiff served Crowley with a supplemental response to the magistrate judge's order, including files containing Plaintiff's Facebook account that were responsive to Request No. 2 of Crowley's second RFP. Def. Resp. at 4; Letter to Counsel for Pl. and Resp., Sept. 19, 2023, ECF No. 118-8. Crowley responded to the supplemental response by alerting Plaintiff to her failure to comply with Request No. 5 as required by the August 30 Order. Def. Resp. at 4; Letter to Counsel for Pl. and

---

[4] As noted by Defendant, Plaintiff did not argue in her response that Request No. 5 was "unreasonable, sought information that was not relevant to the case, was not proportional to the needs of the case, was vague or harassing, [or] any other objection or argument against producing the information." Def. Resp. at 3; see generally Pl. Resp. Mot. Compel.

**OPINION AND ORDER - 3**

Resp., Sept. 19, 2023, ECF No. 118-8. Plaintiff responded by stating that the responsive documents were included in the supplemental response, to which Crowley replied that the included documents were "improperly limited" and not in compliance with the August 30 Order. Def. Resp. at 4; Letter to Counsel for Pl. and Resp., Sept. 19, 2023, ECF No. 118-8.

On September 20, 2023, the magistrate judge ordered Crowley to reply to Plaintiff's response to the order to show cause. See Order at 1, Sept. 20, 2023, ECF No. 116. Crowley replied on September 25, disclosing to the Court Plaintiff's failure to comply with the August 30 Order. See [Crowley's] Reply to Pl. Resp. to Order to Show Cause at 2–3, Sept. 25, 2023, ECF No. 118. Plaintiff then emailed Crowley, arguing that Request No. 5 in Crowley's second RFP was "beyond the scope of discovery" and that the documents she turned over on September 16 were sufficient to satisfy the August 30 Order. Sept. 25 Email [Exchange Between Pl. and Def.] at 3, Sept. 25, 2023, ECF No. 121-3 ("Email Exchange"). Crowley again told Plaintiff that the August 30 Order did not limit the scope of Request No. 5. Id. at 2–3. Instead of replying to Crowley, Plaintiff filed with the Court a notice of compliance with the August 30 Order, stating that she produced responsive documents for Request No. 5. Pl. Not. Compl. at 1, Sept. 27, 2023, ECF No. 119.

On October 2, Crowley filed a motion for sanctions against Plaintiff, alleging that she failed to comply with the August 30 Order. See [Crowley's] Mot. Sanct. For Failure to Comply With Court Order at 1, Oct. 2, 2023, ECF No. 121 ("Def. Mot. Sanct."). Plaintiff responded on October 16 by arguing that "Crowley has not

**OPINION AND ORDER - 4**

3:22-cv-00174-CRK-PDB

established that the requested discovery is relevant and proportional to the needs of the case." [Pl.] Resp. Opp'n [Def. Mot. Sanct.] at 1, Oct. 16, 2023, ECF No. 124. On November 6, the magistrate judge ordered Plaintiff to provide all Facebook information without limitation to Crowley by November 16, 2023. Mag. J. Order at 4. The Magistrate Judge's Order stated that Plaintiff failed to object in response to Defendant's Request No. 5 in Crowley's second RFP, therefore she waived any objections to its relevancy and proportionality. Id. at 4.

On November 15, 2023, Plaintiff filed the Objections before the Court. See Pl. Obj. at 1. Plaintiff argues that the Magistrate Judge's Order incorrectly shifted the threshold discovery burden of Federal Rule of Civil Procedure 26(g) away from Crowley and onto Plaintiff, and that Request No. 5 is not timely[5] nor is its relevancy readily discernable. See generally id. Pursuant to the Court's November 20 order, Crowley filed its response to Plaintiff's Objections on November 30, 2023. See Def. Resp. at 1; Order at 1, Nov. 30, 2023, ECF No. 129. Crowley argues that Plaintiff is precluded from objecting to the nature of Request No. 5 because she waived any

---

[5] Plaintiff challenges the timeliness of Defendant's request in a heading and in one sentence of her objecting brief. See Pl. Objs. at 2–3. Plaintiff seems to base her timeliness argument on the late submission of Exhibit A of Crowley's second RFP which contained the download instructions for the data contained in Plaintiff's Facebook account. Pl. Objs. at 3; see June 22, 2023, Email with Attachment at Ex. A, June 30, 2023, ECF No. 76-3. The magistrate judge concluded that Crowley's "belatedly providing instructions did not render the request untimely." See Aug. 30 Order at 3. Plaintiff acknowledged this ruling in her response to Defendant's motion for sanctions and developed no argument regarding the timeliness of the request. See [Pl.] Resp. Opp'n [Def. Mot. Sanct.] at 3, Oct. 16, 2023, ECF No. 124. Nor does Plaintiff develop her argument that the late instructions rendered the request untimely here, and therefore the Court considers this argument waived.

**OPINION AND ORDER - 5**

objections by not previously raising relevancy or proportionality, the Magistrate Judge's Order is not clearly erroneous, and Request No. 5 is relevant and proportional to the needs of the case. See generally Def. Resp.

## STANDARD OF REVIEW

The Court reviewing a magistrate judge's order for a non-dispositive matter may only reverse that order "if it is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). Findings of fact "are clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002) (citing Univ. of Georgia Athletic Ass'n v. Laite, 756 F.2d 1535, 1543 (11th Cir. 1985); see also Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D. Ga. 1994) (finding a magistrate judge's order in clear error must be set aside), aff'd, 65 F.3d 183 (11th Cir. 1995). "In the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." S.E.C. v. Merkin, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401 (1990)). Magistrate judges are given "broad discretion in issuing nondispositive pretrial orders related to discovery." Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).

3:22-cv-00174-CRK-PDB

## DISCUSSION

Plaintiff claims the Magistrate Judge's Order applies an incorrect standard to Defendant's discovery request and erred by not requiring Defendant, "as the requesting party, to show the relevancy, reasonableness, and proportionality to the case first." Pl. Obj, at 2. Crowley responds that Plaintiff's failure to object to Request No. 5 within 30 days of the August 30 Order constitutes a waiver of the objection. Def. Resp. at 8. For the following reasons, Plaintiff's Objections are overruled.

A party has thirty days after being served to specify its objection to a discovery request. Fed. R. Civ. P. 34(b)(2). An objection must be made with specificity, giving the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(C). The failure to file objections within the time constraint of Rule 34 results in the waiver of such objections. See Fed. R. Civ. P. 34 (b)(2); see also M.D. Fla. Civil Discovery Handbook (2021) at Section 3.A.6 ("Absent compelling circumstances, failure to assert an objection to a request for production with the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel").

If there was no request for an extension of time or good cause for a failure to file, a party has waived any further objections. Coker v. Duke & Co., Inc., 177 F.R.D. 682, 685 (M.D. Ala. 1998); Pitts v. Francis, No. 5:07cv169/RS/EMT, 2008 WL 2229524, at *5 (N.D. Fla. 2008) (holding defendants failed to file timely objections resulting in the defendant's objections being waived). The failure to raise an objection constitutes waiver even where an objection to the requested discovery would otherwise be proper. United States v. Wilkins, No. 8:14-cv-993-T-17JSS, 2017 WL 4182342 (M.D. Fla.

**OPINION AND ORDER - 7**

2017) (iterating "[a] party who fails to timely object to discovery waives all objections, including those based on privilege or work product") (internal quotations and citations omitted); Reliance Ins. Co. v. Core Carriers, Inc., No. 3:06-CV-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. 2008) ("[waiver of objections through untimely filing] operates even in situations where a party had a proper objection to a discovery request"). Therefore, if a specific objection is not filed within thirty days, the plaintiff has waived any further objections. Bailey Industries, Inc. v. CLJP, Inc., 270 F.R.D. 662, 668 (N.D. Fla. 2010).

Here, the Magistrate Judge's Order was correct in holding that Plaintiff waived any objections she had to Request No. 5 in Defendant's second RFP. Mag. J. Order at 4. Plaintiff had multiple opportunities to object to Request No. 5. First, she could have objected to its substance after Defendant inadvertently omitted Exhibit A, rather than solely on the grounds that Exhibit A was missing. See Pl. Resp. Second RFP at 4; Def. Resp. at 2. However, Plaintiff did not file any objections to Request No. 5 on any relevancy or proportionality grounds within thirty days of Crowley's second RFP or within thirty days after receiving Exhibit A. See Pl. Resp. Second RFP at 4. Second, she could have objected to the request within thirty days of the August 30 Order. Indeed, the August 30 Order bound Plaintiff to "produce all documents responsive to [Request No. 5] of Crowley's second [RFP]."[6] Aug. 30 Order at 3. Yet, Plaintiff failed to object within the prescribed timeframe of Rule 34. See Fed. R. Civ.

---

[6] The Magistrate Judge also ruled that Plaintiff's belated receipt of the download instructions contained in Exhibit A did not render the request untimely. Aug. 30 Order at 3.

**OPINION AND ORDER - 8**

P. 34(b)(2). Instead, Plaintiff waited until October 16, 2023—forty-seven days after the Aug. 30 Order—to raise objections to the scope of Request No. 5 for the first time. See [Pl.] Resp. Opp'n [Def. Mot. Sanct.] at 1, Oct. 16, 2023, ECF No. 124.

Given the opportunities that Plaintiff had to object to Request No. 5, and her untimeliness in actually doing so, Plaintiff has waived any objections to the RFP. See Third Party Verification, Inc. v. SignatureLink, Inc., No. 606CV-415-ORL-22DAB, 2007 WL 1288361, at *3 (M.D. Fla. May 2, 2007) (denying party's objection because untimeliness rendered the objection waived). Plaintiff did not request any extensions of time to file a timely objection, and failed to present good cause or compelling circumstances that might warrant disregarding Rule 34's timeliness requirements. See M.D. Fla. Civil Discovery Handbook (2021) at Section 3.A.6 (requiring compelling circumstances for a court to disregard waiver of an objection in response to a motion to compel); Coker, 177 F.R.D. at 684 (finding good cause where disclosure of discovery would be risky to the defendant). Accordingly, the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.

Plaintiff argues that the Magistrate Judge's Order incorrectly determined the timeliness of Plaintiff's Objections before first requiring Crowley to show the relevancy, reasonableness, and proportionality of its request as a threshold matter. See Pl. Objs. at 1–2. Plaintiff's argument is not persuasive. Plaintiff's contention that in the absence of an objection, the burden shifts to the requestor to demonstrate relevancy would eliminate the need to object on the basis of relevancy altogether. Such a view contradicts the framework set forth in the rules. See Fed. R. Civ. P.

**OPINION AND ORDER - 9**

3:22-cv-00174-CRK-PDB

34(b)(2) (prescribing that a party has thirty days to respond and object to an RFP after being served).

Further, Plaintiff's argument that the Magistrate Judge's Order incorrectly placed the burden is unsupported by the authority she cites. See Pl. Objs. at 2–9. Indeed, all of the cases cited by Plaintiff to support her Objections involve properly and timely filed objections that were within the timeframe provided by Rule 34(b)(2). See, e.g., S.E.C. v. BankAtlantic Bancorp, Inc., 285 F.R.D. 661, 664 (S.D. Fla. 2012) (involving timely objections to the plaintiff's discovery requests); Sanchez v. Cardon Healthcare Network, LLC, No. 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013) (granting the defendant's objection to the scope of the plaintiff's discovery request that was timely filed); Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008) (granting objection to discovery scope that was timely filed); Davenport v. State Farm Mut. Auto. Ins. Co., No. 3:11-CV-632-J-JBT, 2012 WL 555759, at *1 n.1 (M.D. Fla. Feb. 21, 2012) ("Prior to the filing of the [motion to compel production], [the plaintiff] served a timely response to the subject request, in which she objected thereto on substantially identical grounds to those argued in her response to the [motion to compel production]"); Jewell v. Aaron's, Inc., No. 1:12-CV-0563-AT, 2013 WL 3770837, at 1 (N.D. Ga. July 19, 2013) (involving timely filed objections to opposing counsel's requests for admission); Bryant v. Perry, No. CV509-060, 2010 WL 11590650, at *2 (S.D. Ga. Apr. 22, 2010) (overruling the plaintiff's timely objection to the defendant's RFP); NOLA Spice Designs, LLC v. Haydel Enterprises, Inc., No. CIV.A. 12-2515, 2013 WL 3974535, at *1 (E.D. La. Aug. 2, 2013)

**OPINION AND ORDER - 10**

3:22-cv-00174-CRK-PDB

("[plaintiff] filed a timely written opposition [to the defendant's motion to compel discovery"); Prospero v. Sullivan, No. 2:20-CV-110, 2022 WL 19837447, at 4 (S.D. Ga. Apr. 25, 2022) (granting the plaintiff's timely filed objection to the scope of the requested discovery); Rollins v. Banker Lopez & Gassler, No. 8:19-CV-2336-T-33SPF, 2020 WL 1939396, at *3 (M.D. Fla. Apr. 22, 2020) (stating that "failure to make timely objections to [] discovery [requests] waives those objections" when denying the party's untimely objection); Matter of the Complaint of Paradise Fam., LLC, No. 8:20-CV-2056-TPB-AAS, 2021 WL 2186459, at *4 (M.D. Fla. May 28, 2021) (granting the petitioner's motion to compel over the timely objection of the respondent); Artt v. Orange Lake Country Club Realty, Inc., No. 6:14-CV-956-ORL-40, 2015 WL 4911086, at *3 (M.D. Fla. Aug. 17, 2015) (sustaining the plaintiff's timely objection to the scope of the defendant's motion to compel discovery). Thus, Plaintiff's argument is without merit, and her Objections are overruled.

## CONCLUSION

Upon consideration of Plaintiff's Objections to the Magistrate Judge's Order, see ECF No. 127, it is

**ORDERED** that the Objections are overruled.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated:   December 13, 2023
         New York, New York

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 11**