## UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

|  |  |
|---|---|
| VANESSA TREMINIO,<br><br>      **Plaintiff,**<br><br>v.<br><br>CROWLEY MARITIME<br>CORPORATION, and JUAN EMILIO<br>BLANCO,<br><br>      **Defendants.** | **3:22-cv-00174-CRK-PDB** |

## INTRODUCTION

Before the Court are two motions in limine to exclude evidence. Both motions seek to exclude evidence that Defendant Crowley Maritime Corporation ("Crowley") and Defendant Juan Emilio Blanco ("Blanco") (collectively "Defendants") claim to be inadmissible. See [Crowley's] Mot. In Lim. Excl. Ev. & Inc. Mem. L. at 1–2, Jan. 2, 2024, ECF No. 140 ("Crowley Mot."); [Blanco's] Mot. In Lim. & Supp. Mem. L. at 1, Jan. 2, 2024, ECF No. 141 ("Blanco Mot."). For the following reasons, the motions are granted in part and denied in part.

## BACKGROUND

Plaintiff Vanessa Treminio ("Plaintiff") sued Crowley and Blanco, alleging violations of 18 U.S.C. §§ 1589, 1591, and 1595 of the Trafficking Victims Protection Reauthorization Act ("TVPRA") against Crowley for sex trafficking and forced labor,

**OPINION AND ORDER - 1**

Case No. 3:22-cv-00174-CRK-PDB

and violations of the TVPRA for sex trafficking and state tort claims against Blanco.[1]
See Am. Compl. at ¶¶ 101–69, Mar. 30, 2022, ECF No. 14.  By its motion, Crowley
requests exclusion of the following from admission at trial under Federal Rules of
Evidence 402, 403, 404, and 408: (1) a settlement offer by Crowley to Plaintiff when
she was terminated from her position at Crowley; (2) complaints against third-party
supervisors, not involving Blanco, by Plaintiff's colleagues in Crowley's El Salvador
office; (3) evidence of Blanco's conduct towards other employees which Crowley refers
to as "me too" evidence; and (4) any characterization that Plaintiff's termination for
performance was "pretextual" or a "pretext."  Crowley Mot. at 2.  Plaintiff opposes
Crowley's motion, arguing that the disputed evidence is admissible because: (1) the
settlement offer by Crowley is relevant to Crowley's affirmative defenses; (2) the
complaints against third-party managers are relevant to and probative of multiple
elements of Plaintiff's TVPRA claims; (3) evidence of Blanco's conduct towards other
employees is probative of both Plaintiff's state of mind and Crowley's notice of
Blanco's conduct and therefore relevant to Plaintiff's TVPRA claims; and (4)

---

[1]  The Trafficking and Victim's Protection Act ("TVPA") has been reauthorized and
amended numerous times since its implementation in 2000.  See Human Trafficking:
Key   Legislation,   U.S.   Dep't   of   Just.   (Aug.   23,   2023),
https://www.justice.gov/humantrafficking/key-
legislation#:~:text=The%20TVPRA%202008%20expanded%20the,potential%20victi
ms%20of%20human%20trafficking (last visited Jan. 27, 2024).  In 2003, Congress
reauthorized and amended the TVPA with the Trafficking Victims Protection
Reauthorization Act of 2003, which refined the criminal provisions against trafficking
and included a civil remedy actionable by victims against their traffickers in federal
court.  See id.; see also Pub. L. No. 108-193.  Because Plaintiff's sex trafficking and
forced labor claims rest upon the civil action remedy created by the 2003 amendment,
see Am. Compl. ¶¶ 102, 115, 155, the applicable statute will be referred to as the
Trafficking and Victims Protection Reauthorization Act ("TVPRA").

OPINION AND ORDER - 2

Case No. 3:22-cv-00174-CRK-PDB

"Plaintiff's termination was a direct result of her attempt to mitigate her damages and can reasonably be characterized as 'pretextual.'" Pl.'s Resp. Opp'n [Crowley Mot.] at 1–15, Jan. 16, 2024, ECF No. 154 ("Pl. Resp. (Crowley)").

Blanco's motion seeks to exclude: (1) third-party testimony of "bad acts" previously committed by Blanco; (2) third-party testimony of allegations of sexual assault, harassment, or misconduct by Blanco against Wendy Ponce Fecie ("Ponce"); and (3) Blanca Hernandez's ("Hernandez") testimony concerning her psychiatric treatment, medication and financial status while employed by Crowley. Blanco Mot. at 2–11. Plaintiff argues the evidence is admissible because: (1) third-party testimony regarding Blanco's previous "bad acts" is relevant to establishing a modus operandi under the TVPRA; (2) third-party testimony of the allegations surrounding Blanco and Ponce are relevant to Blanco's purported modus operandi; and (3) Hernandez's testimony of her psychiatric treatment, medication, and financial status during employment at Crowley is probative Defendants' knowledge elements of Plaintiff's TVPRA claims. Pl.'s Resp. Opp'n [Blanco Mot.] at 2–10, January 16, 2024, ECF No. 155 ("Pl. Resp. (Blanco)").

## DISCUSSION

### I.     Settlement Offer By Crowley

#### A.     Rule 401 and 408

The parties dispute whether evidence of a settlement offer by Crowley to Plaintiff—both over email and in person—is admissible under Federal Rules of Evidence 401 and 408. Crowley Mot. at 3–8; Pl. Resp. (Crowley) at 2–5; see Dec. 16,

**OPINION AND ORDER - 3**

Case No. 3:22-cv-00174-CRK-PDB

2020 Email from Pl. to Claudia Moran at 1, Dec. 16, 2020, ECF No. 140-2 ("Dec. 16, 2020 Email"); Dec. 18, 2020 Email from Pl. to Claudia Moran at 1, Dec. 18, 2020, ECF No. 140-3; Dec. 28, 2020 Email String, Dec. 28, 2020, ECF No. 140-4. A motion in limine moves the Court "to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984); see Barfield v. CSX Transportation, Inc., No. 3:14-CV-1031-J-PDB, 2017 WL 662012, at *3 (M.D. Fla. Feb. 17, 2017). The party moving the Court maintains the burden of demonstrating the inadmissibility of the evidence on any theory it believes relevant. United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010); Barfield, 2017 WL 662012 at *3.

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence[] and the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 408 prohibits evidence of an offer or negotiation to settle a claim to prove or disprove liability of one of the parties. Fed. R. Evid. 408(a). However, evidence of a settlement proposal or negotiation is admissible for other purposes, including, but not limited to, demonstrating bias, prejudice of a witness, and undue delay. Fed. R. Evid. 408(b); see, e.g., CNA Fin. Corp. v. Brown, 162 F.3d 1334, 1338 (11th Cir. 1998) ("[Rule 408] explicitly permits the introduction of [settlement] offers for other purposes"); United States v. Pendergraft, 297 F.3d 1198, 1211 n.8 (11th Cir. 2002) (stating admission of compromise offers was proper under Rule 408 because it evinced cooperation by the defendants); Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338, 1342–43 (9th Cir. 1987) (affirming

**OPINION AND ORDER - 4**

**Case No. 3:22-cv-00174-CRK-PDB**

admission of settlement agreements in an ADEA case because they were probative of discrimination and tended to show coercion); Urico v. Parnell Oil Co., 708 F.2d 852, 854–55 (1st Cir. 1983) (allowing admission of settlement agreement to counter the defendant's argument that the plaintiff failed to mitigate damages); Kraft v. St. John Lutheran Church of Seward, Neb., 414 F.3d 943, 947 (8th Cir. 2005) (holding the trial court's admission of settlement negotiations proper because it proved the plaintiff's knowledge of a causal connection between his injuries and the alleged abuse that was the basis of the tort action).

Here, introduction of the settlement proposal might be relevant under 401 and admissible under Rule 408. Plaintiff does not seek to offer the discussions to support her claim that Crowley is liable for violations of the TVPRA. Pl. Resp. (Crowley) at 4–5. Rather, Plaintiff offers the proposal to refute two of Crowley's affirmative defenses: estoppel and failure to mitigate damages.[2] See id. at 4; Crowley Defenses

---

[2]   Crowley's claims estoppel as an affirmative defense to Plaintiff's claims in paragraph nine of its affirmative defenses:

> Plaintiff's claims against Crowley are barred, in whole or in part, by the doctrines of estoppel and/or estoppel by silence because Plaintiff continued her employment with Crowley following the alleged events and failed to bring this cause of action until years later and after her termination from employment.

[Crowley's] Affirm. Defenses at ¶ 9, Jan. 19, 2023, ECF No. 38 ("Crowley Defenses"). Crowley also claims failure to mitigate damages as an affirmative defense in paragraph ten:

> Plaintiff failed to mitigate any damage or loss that she may have suffered because of the acts and omissions alleged in the Amended Complaint. Plaintiff further failed to mitigate her damages by failing to obtain reasonable and necessary medical treatment and/or by failing to follow the medical recommendations of her treating healthcare

**OPINION AND ORDER - 5**

at ¶¶ 9–10.  More specifically, Crowley states in its Answer that Plaintiff's claims are barred by estoppel because "Plaintiff continued her employment with Crowley following the alleged events and failed to bring this cause of action until years after," and that "Plaintiff further failed to mitigate her damages by failing to obtain reasonable and necessary medical treatment . . . ." Crowley Defenses at ¶¶ 9–10.  The settlement correspondences contain evidence from which a jury could reasonably infer that Plaintiff took steps to mitigate the alleged damages caused by Defendants through medical treatment, and that Crowley was aware of those efforts.  See Dec. 16, 2020 Email at 1.  Although parts of the communications are redacted, Plaintiff specifically requested Crowley to "intervene and see how the company can help [her] with the expenses for medication and to be able to continue [her] psychological treatment."  Id.  Thus, the communications between Plaintiff and Crowley could be probative of Crowley's affirmative defenses rather than Crowley's liability.  Because admission of the evidence could be relevant to serving this other purpose, exclusion under Rules 401 and 408 is improper at this time.  See Urico, 708 F.2d at 854–55.

### B.    Rule 403

The parties next dispute any prejudicial effect Crowley might suffer by introducing evidence concerning the settlement proposal.  Crowley Mot. at 7–8; Pl. Resp. (Crowley) at 5–6.  Relevant evidence may be excluded if its "probative value is substantially outweighed" by the danger of unfair prejudice, confusing the issues, or

---

providers.  Any recovery made by Plaintiff should be barred or reduced, accordingly.
Id. at ¶ 10.

Case No. 3:22-cv-00174-CRK-PDB

misleading the jury.  Fed. R. Evid. 403.  The Court has broad discretion to weigh the probative value against a danger within Rule 403 because of its unique ability "to view witnesses and assess the impact of evidence." United States v. King, 713 F.2d 627, 631 (11th Cir. 1983); United States v. Mitrovic, 890 F.3d 1217, 1226 (11th Cir. 2018) ("As the Supreme Court explained 'the Constitution leaves to the judges who must make these [admissibility] decisions wide latitude to exclude evidence that . . . poses an undue risk of . . . confusion of the issues'" (quoting Crane v. Kentucky, 476 U.S. 683, 688–89 (1986))).  However, because there are circumstances where probative evidence will nonetheless be excluded, Rule 403 "is an extraordinary remedy that must be used sparingly." United States v. McGregor, 960 F.3d 1319, 1324 (11th Cir. 2020) (citing United States v. Cross, 928 F.2d 1030, 1051 (11th Cir. 1991)); King, 713 F.2d at 631.

With respect to unfair prejudice, Rule 403 is "limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Meester, 762 F.2d 867, 875 (11th Cir.1985) (internal quotations and citations omitted).  Unfair prejudice is often embodied by "a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Old Chief v. United States, 519 U.S. 172, 180 (1997) (internal quotations and citations omitted).  The reviewing court must view the contested evidence in a lens favoring admission, "maximizing its probative value and minimizing its undue prejudicial impact." McGregor, 960 F.3d at 1324 (citing Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1069 (11th Cir. 2014)).

**OPINION AND ORDER - 7**

Case No. 3:22-cv-00174-CRK-PDB

Here, the probative value of the settlement communications is not substantially outweighed by its potential prejudicial effect. Crowley claims that it will suffer substantial prejudice because Plaintiff was only offered a settlement in compliance with El Salvador law. Crowley Mot. at 8. The Court agrees that the settlement amounts contained in the communications are not relevant to Plaintiff's suit and could substantially prejudice Crowley, and therefore must be excluded. Accordingly, should Plaintiff seek to admit into evidence of the settlement negotiations, she will redact any references to any amounts. However, Crowley fails to explain in any further detail what prejudice it would suffer.

Crowley's affirmative defense that Plaintiff failed to mitigate her own damages and continued employment at Crowley precludes exclusion of evidence of the offer without further support or context. Given Crowley's affirmative defense, the Court cannot say that there are no circumstances under which evidence of the settlement offer would be admissible. Thus, exclusion of the negotiations would be improper without additional context. Accordingly, Crowley's request to exclude evidence of settlement negotiations at Plaintiff's termination is denied at this time; Crowley is free to renew its objection at trial in proper context. Arthrex, Inc. v. Parcus Med., LLC, No. 2:10-CV-151-FTM-38, 2014 WL 2700802, at *1 (M.D. Fla. June 13, 2014) ("the district judge is free, in exercise of sound judicial discretion, to alter a previous in limine ruling"). Additionally, any reference to monetary amounts within such negotiations will be redacted or excluded.

**OPINION AND ORDER - 8**

Case No. 3:22-cv-00174-CRK-PDB

## II.   Employee Complaints Against Third-Party Management in El Salvador

### A.   Rule 401 and 403

The parties dispute the relevancy of complaints by Crowley employees against Crowley Inland Department supervisors Mario Granada ("Granada") and Jose Lopez ("Lopez").[3]  Crowley Mot. at 8; Pl. Mot. (Crowley) at 6.  Specifically, the parties contest whether the complaints reported in the "Trip Report" by Lenny Campos and the email by Senobia Matute titled "Notes from Heitzel Monroy's Meeting with Trucking Area," are relevant to Plaintiff's claims.  Crowley Mot. at 8; Pl. Resp. (Crowley) at 6; see DFTS RSM SAL Team Trip Rep. at 1–2, May 1, 2018, ECF No. 140-5 ("Trip Rep."); May 2, 2018 Email at 1–2, May 2, 2018, ECF No. 140-6 ("May 2, 2018 Email").  The complaints contain numerous details of Granada and Lopez's treatment of Inland Department employees, one which pre-dates or coincides with the timing of Plaintiff's claims and others of which occurred or were reported after Plaintiff's allegations.  See Trip Rep. at 1–2; May 2, 2018 Email at 1–2.

Evidence is relevant if it has a tendency to make a fact of consequence to a claim more or less probable.  Fed. R. Evid. 401.  Relevant evidence is nonetheless excludable if its probative value is substantially outweighed by its danger of unfair prejudice, confusion of the issues, or potential to mislead the jury.  Fed. R. Evid. 403.  The moving party "has the burden of demonstrating that the evidence is inadmissible

---

[3]  While employed by Crowley, Plaintiff worked for an El Salvador team called the Inland Department, supervised by Blanco during his employment at Crowley.  Am. Compl. at ¶ 11; [Crowley] Answer at ¶ 11, Jan. 19, 2023, ECF No. 38.

**OPINION AND ORDER - 9**

Case No. 3:22-cv-00174-CRK-PDB

on any relevant ground." <u>Barfield,</u> 2017 WL 662012, at *3 (citing <u>Gonzalez</u>, 718 F. Supp. 2d at 1345). Most of the allegations in the reports are either undated or clearly after the accrual of Plaintiff's causes of action. <u>See</u> Trip Rep. at 1–2; May 2, 2018 Email at 1–2. Allegations of mistreatment by Crowley supervisors occurring after Plaintiff's claims would appear to have no relevance to Crowley's notice or knowledge of Plaintiff's allegations.

Nonetheless, Crowley fails to demonstrate that the evidence in the reports is inadmissible on any relevant ground. Certain statements may be probative of facts relating to Crowley's affirmative defenses. For example, statements in the Trip Report refer to "retaliation" and Human Resources disregarding complaints, which would be probative of facts relating to Crowley's affirmative defense of estoppel. Trip Rep. at 2. Another statement in the email from Senobia Matute exhibits interactions between Blanco and Plaintiff prior to Blanco's termination. Specifically, Item 26 of the May 2, 2018 Email to Tiffanny King and Robert Weist states:

> The team said Jose Lopez does not have human sense. They share a situation were [sic] [Plaintiff] and Luis were in Puerto Rico and had no money. Luis wrote to Juan Blanco, copying Jose Lopez, telling them they had no more money. [Blanco] answered if he wanted money to go drink alcohol with [Plaintiff] and [Lopez] did not say anything.

May 2, 2018 Email at 2. This statement is relevant to Plaintiff's state of mind and whether she feared retaliation from Crowley or believed any complaints would be futile, directly involving Crowley's affirmative defense of estoppel, and more specifically that Plaintiff continued her employment at the company. <u>See</u> Crowley Defenses at ¶ 9. These examples tend to elucidate Plaintiff's belief that she might

**OPINION AND ORDER - 10**

suffer harm, retaliation, or neglect from her supervisors if she took steps to officially report Blanco's behavior.  Indeed, Item 26 and the rest of the reports are illustrative of the culture at Crowley, a recurring theme in Plaintiff's lawsuit.  Plaintiff's beliefs are thus relevant to her continued employment at Crowley, and an assumption that any report to upper management would be futile.  Additionally, the probative value of these statements is not substantially outweighed by any of the dangers posed in Rule 403 to warrant exclusion.  Accordingly, evidence contained in the "Trip Report" by Lenny Campos and the email by Senobia Matute titled "Notes from Heitzel Monroy's Meeting with Trucking Area," are relevant to Plaintiff's claims.  <u>See</u> Trip Rep. at 1–4; May 2, 2018 Email at 1–2.  The Court may determine that certain constraints and limitations are warranted at trial, but that can be accomplished with a proper objection by the parties at that time.  <u>See</u> <u>Harris v. Wingo</u>, No. 2:18-CV-17-FTM-29MRM, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021), <u>aff'd</u>, No. 22-10905, 2023 WL 3221640 (11th Cir. May 3, 2023).

## B.   Hearsay

Crowley argues that evidence of the complaints against Granada and Lopez are precluded under Rule 802 as inadmissible hearsay.  Crowley Mot. at 10.  The Federal Rules of Evidence define hearsay as an out of court statement introduced to prove the truth of the matter asserted.  Fed. R. Evid. 801.  Rule 802 prohibits hearsay unless otherwise allowed by statute, the Federal Rules of Evidence, or any other rule prescribed by the Supreme Court.  Fed. R. Evid. 802.  The rules contain certain exceptions to the prohibition of hearsay under Rule 803, thus allowing out of court

Case No. 3:22-cv-00174-CRK-PDB

statements to prove their truth.  <u>See generally</u> Fed. R. Evid. 803.  Under Rule 803(6), a record of an act or event is admissible as an exception to the rule against hearsay if (A) the record was made at or near the time by someone with knowledge; (B) the record was kept in the course of a regular business activity; (C) creation of the record was regular practice of that activity; (D) the previous conditions are shown or certified by the testimony of the custodian or another qualified witness; and (E) the record is trustworthy.  Fed. R. Evid. 803(6).

Here, the reports are subject to an exception to the rule against hearsay under Rule 803(6) as records of regularly conducted activity.  The reports: (A) were recorded by and reported to Crowley employees with first-hand knowledge at or near the time of the alleged incidents; (B) were kept in the ordinary course of Crowley's Human Resources and Internal Audit departments concerning investigations related to Crowley's Ethics Point system; (C) were routinely made in  regular practice with Crowley's Human Resources Department policies in response to employee complaints; (D) were shown to satisfy these conditions by the testimony of Tiffany King, a Human Resources professional at Crowley who was a recipient of the reports; and (E) have not been alleged to be untrustworthy by Defendants.  <u>See</u> Fed. R. Evid. 803(6); Dep. Tiffany King at 96–97, 142–49, 151, 157, 161–63, 215–221, 238–241, May 17, 2023, ECF No. 89-3 ("King Dep."); Trip Rep. at 1–4; May 2, 2018 Email at 1–2.  Therefore, admission of the reports is proper at this time.  Accordingly, Crowley's motion is denied; but Crowley is free to renew any objection to the reports at trial in proper context.

**OPINION AND ORDER - 12**

Case No. 3:22-cv-00174-CRK-PDB

### III.   Blanco's Conduct Towards Other Employees

#### A.   Rule 404

The parties dispute whether evidence of Blanco's acts of alleged sexual harassment and assault of others are admissible at trial, including first-hand experiences by employees under Blanco's supervision and Ponce's Ethics Point complaints and related testimony.[4]   Crowley Mot. at 11; Blanco Mot. at 3; Pl. Resp. (Crowley) at 9; Pl. Resp. (Blanco) at 2.   Crowley and Blanco anticipate Plaintiff will call witnesses to provide testimony that Blanco "allegedly sexually harassed and/or made sexually explicit statements to and about various employees."   Crowley Mot. at 13; see Blanco Mot. at 5.   Crowley and Blanco predict Plaintiff will call several current and former Crowley employees, including Hernandez, Lya Santamaria, Elsa Castro, and Ponce, to present their knowledge of and experience with Blanco to the jury. Crowley Mot. at 11–18; Blanco Mot. at 2–9.   Additionally, Crowley seeks to limit Ponce's testimony to the information contained in the Ethics Point reports that launched Crowley's investigation into Blanco, and Blanco moves to strike her testimony altogether.   Crowley Mot. at 19–22; Blanco Mot. at 9.

#### 1.   Evidence Offered for Other Purpose

Rule 404(a) prohibits evidence of a person's character or character trait to show that the person acted consistent with that character or character trait on a particular

---

[4]  Ethics Point is a hotline that Crowley employees can call or access online to submit grievances against other Crowley employees to the Human Resources Department. King Dep. at 96–100.  Members of Human Resources then investigate filed reports and recommend corrective action to supervising employees.  Id. at 104–15.

**OPINION AND ORDER - 13**

**Case No. 3:22-cv-00174-CRK-PDB**

occasion.  Fed. R. Evid. 404(a)(1).  Similarly, Rule 404(b) prohibits evidence of "any other crime, wrong, or act" to prove a person's character and that the person acted in accordance with that character on a particular occasion.  Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) permits evidence of other crimes, wrongs, or acts for other purposes, including to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

Admission of evidence for another purpose under Rule 404(b)(2) is subject to a three-pronged test.  See United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000) (explaining test); Williams v. Asplundh Tree Expert Co., No. 3:05-CV-479-J-33MCR, 2006 WL 2868923, at *2 n.1 (M.D. Fla. Oct. 6, 2006) (acknowledging that although Chavez was a criminal case, the test under 404(b)(2) is the same in the civil context). To be admissible, evidence must "(1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) [satisfy Rule 403]."  Chavez, 204 F.3d at 1317; Williams, 2006 WL 2868923, at *2.

Here, a blanket exclusion on the evidence is inappropriate.  The testimony regarding Blanco's conduct is relevant to issues other than Blanco's character, including whether Crowley had notice of Blanco's conduct and Crowley's affirmative defense of estoppel.  Plaintiff's ability to show Crowley's awareness of an employee's misconduct, and subsequent inaction to discipline the employee or remedy the misconduct, implicates Crowley's mens rea in Plaintiff's TVPRA claims.  See 18 U.S.C. §§ 1589, 1591.  Moreover, Blanco's conduct is relevant to Crowley's defense

**OPINION AND ORDER - 14**

**Case No. 3:22-cv-00174-CRK-PDB**

that Plaintiff maintained employment despite her allegations, as it might show that Plaintiff's actions following the alleged incident were reasonable in light of the experiences of others who had similar encounters. The witnesses will be able to testify to their firsthand experiences with Blanco, which in turn will be submitted to the jury for credibility determinations. These credibility determinations pertain to matters of weight, rather than admissibility. See Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony").

However, the anticipated testimony offered for notice should be limited to Blanco's alleged misconduct toward Inland Department employees under his supervision prior to Plaintiff's allegations. Such testimony directly pertains to whether Crowley was aware of Blanco's conduct as relating to Plaintiff. Any acts subsequent to Plaintiff's allegations are thus irrelevant for the purpose of exhibiting Crowley's notice. Furthermore, the details of Ponce's encounters with Blanco in the Ethics Point reports are permitted to establish Blanco's modus operandi, as discussed below, but not permitted to show that Crowley had notice of Blanco's actions since Ponce's allegations post-date Plaintiff's claims.

Moreover, Rule 403 does not warrant exclusion of evidence exhibiting Blanco's conduct. Crowley contends that admission of Blanco's conduct towards other employees would be improper because it would inflame the jury and improperly influence its decision. Crowley Mot. At 18. Crowley also alleges that the testimony

**OPINION AND ORDER – 15**

Case No. 3:22-cv-00174-CRK-PDB

would result in a series of "mini trials" that would confuse the issues and mislead the jury as to the proper subject of the trial.  Id. at 18.

Here, Crowley's arguments fail to persuade the Court that the prejudice Crowley might suffer substantially outweighs the probative value of evidence concerning Blanco's conduct.  The testimony tends to show that Crowley had notice of Blanco's conduct.  The evidence is also probative of reasons for Plaintiff's continued employment at Crowley—including her belief that Crowley would not remedy the environment fostered by Blanco—and thus Crowley's affirmative defense of estoppel.  Given the nature of Plaintiff's claims, the probative effect of the anticipated testimony is not substantially outweighed by any prejudice Crowley might suffer.  Crowley is free to renew its objection at trial, if trial developments give more support for such objection.  Arthrex, Inc., 2014 WL 2700802, at *1 (stating that the trial judge can alter previous rulings in limine).  Moreover, the Court can mitigate any potential juror confusion through a limiting instruction.  See Ebanks v. Great Lakes Dredge & Dock Co., 688 F.2d 716, 723 (11th Cir. 1982) (holding that limiting instruction can cure deficiencies in Rule 403 determinations); Gilson v. Indaglo, Inc., No. 6:12-CV-1423-ORL-I8GJK, 2013 WL 12394255, at *4 (M.D. Fla. Dec. 19, 2013) (stating that the defendant's "concerns under Rule 403 may be adequately addressed by appropriate, limiting instructions given to the jury at trial").  There is a presumption that jurors can be relied upon to follow curative directives at the Court's instruction.  See Samia v. United States, 599 U.S. 635, 646 (2023) ("[limiting instruction's] historical evidentiary practice is in accord with the law's broader assumption that

**OPINION AND ORDER - 16**

Case No. 3:22-cv-00174-CRK-PDB

jurors can be relied upon to follow the trial judge's instructions"). Thus, evidence of Blanco's conduct is not precluded under Rule 404 against Crowley.

### 2. Blanco's Modus Operandi

Blanco argues that Ponce's Ethics Point reports and any testimony relating to her allegations and pending lawsuit are inadmissible. Blanco Mot. at 6. Plaintiff counters that the testimony is relevant to proving Blanco's modus operandi, and thus Blanco's mens rea, for her claims under the TVPRA. Pl. Resp. (Blanco) at 2–6. Here, Ponce's testimony is relevant.

Under the TVPRA, courts have allowed a showing of a defendant's modus operandi to be sufficient for establishing knowledge. See Ardolf v. Weber, 332 F.R.D. 467, 475 (S.D.N.Y. 2019) (ruling that establishing the defendant's modus operandi was a permitted method to demonstrate knowledge under the TVPRA); United States v. Todd, 627 F.3d 329, 334 (9th Cir. 2010) ("What the [TVPRA] requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in prostitution"); Boyce v. Weber, No. 19-CV-3825 (JMF), 2021 WL 2821154, at *4–6 (S.D.N.Y. July 7, 2021) (permitting modus operandi to establish knowledge under the TVPRA). Courts have also found that a defendant's actions subsequent to the events charged in a suit were permitted to show the defendant had a modus operandi. Turner v. United States, 426 F.2d 480, 483–84 (6th Cir. 1970) (allowing evidence of stolen automobiles after the charged theft to prove defendant's modus operandi); United States v. Goodwin, 492 F.2d 1141, 1154 (5th Cir. 1974) (articulating that a subsequent incident is permitted to show modus

**OPINION AND ORDER - 17**

operandi if the subsequent act "bears such a high degree of similarity as to mark it as the handiwork of the accused").

The allegations contained in Ponce's Ethics Point reports are similar to Plaintiff's case.  In both cases, Blanco and the complainant were in Jacksonville, Florida for company training within months of each other.  <u>See</u> Ethics Point No. 297 at 2–3, Jan. 23, 2018, ECF No. 140-8; Am. Compl. at ¶ 40.  Both instances allegedly occurred in the evening after Blanco had consumed multiple alcoholic drinks.  Ethics Point No. 297 at 2; Am. Compl. at ¶ 42.  In both cases, Blanco allegedly proceeded to act in an inappropriate and unwelcomed manner to both complainants.  Ethics Point No. 297 at 2; Am. Compl. at ¶ 44.  Moreover, both Plaintiff and Ponce alleged Blanco groped them at a certain point in their working relationships.  <u>See</u> Crowley Mot. at 20; Blanco Mot. at 9; Pl. Resp. (Crowley) at 14; Pl. Resp. (Blanco) at 6; Am. Compl. at ¶ 23.

The geographical, temporal, and behavioral similarities between the events are sufficient to submit for jury determination of whether Blanco had an established modus operandi.   <u>See</u> <u>Acevedo</u>, 860 F.App'x at 610 (stressing temporal and geographical proximity in the similarity of two acts); <u>United States v. Stubbins</u>, 877 F.2d 42, 44 (11th Cir. 1989) (allowing evidence that the extrinsic act and the charged offense occurred at the same address); <u>Boyce</u>, 2021 WL 2821154, at *5 (allowing evidence to establish the defendant's modus operandi where inappropriate touching alleged by the victims was similar in temporal, geographic, and behavioral proximity).  Moreover, the Court cannot say at this time that the prejudicial effect of

**Case No. 3:22-cv-00174-CRK-PDB**

Ponce's Ethics Point reports and related testimony substantially outweigh its probative nature given the similarities of the allegations.  Blanco is free to renew his objections at trial in proper context.  See Barfield, 2017 WL 662012, at *3.  Accordingly, Ponce's Ethics Point reports and testimony of her allegations are not excluded under Rule 404 because they are relevant to Blanco's modus operandi.

### 3.  Hearsay

The parties dispute whether testimony of Blanco's conduct and Ponce's Ethics Point reports are prohibited as hearsay under Rule 802.  Crowley Mot. at 11–12; Pl. Resp. (Crowley) at 9–10.  As previously discussed, the Federal Rules of Evidence contain certain exceptions to the rule against hearsay.  Fed. R. Evid. 802; see generally Fed. R. Evid. 803.  Under Rule 803(6), a record of an act or event is admissible as an exception if (A) the record was made at or near the time by someone with knowledge; (B) the record was kept in the course of a regular business activity; (C) creation of the record was regular practice of that activity; (D) the previous conditions are shown or certified by the testimony of the custodian or another qualified witness; and (E) the record is trustworthy.  Fed. R. Evid. 803(6).  To satisfy requirement (D), it is sufficient that the qualified witness can testify that the records generally meet the conditions of the exception rather than having any personal knowledge of the specific circumstances of the record.  In re Int'l Mgmt. Assocs., LLC, 781 F.3d 1262, 1268 (11th Cir. 2015) ("The testifying witness does not need firsthand knowledge of the contents of the records, of their authors, or even of their preparation [to satisfy Rule 803(6)(D)]"); United States v. Butler, 635 F. App'x 585, 589 (11th Cir.

**OPINION AND ORDER - 19**

Case No. 3:22-cv-00174-CRK-PDB

2015) (admitting cellphone records where a third-party contractor familiar with phone records in general certified the records at issue satisfied Rule 803(6)).

Here, testimony of Blanco's conduct is not subject to exclusions of Rule 802. First, the statements as they relate to Crowley's defense of estoppel are not offered for their truth. Rather, they are relevant to whether Crowley had notice of Blanco's conduct, and also Plaintiff's belief that reporting Blanco's behavior or seeking other employment was futile. The statements are not allowed to prove that Blanco committed acts in the past or that he committed the acts alleged in the instant suit. Accordingly, there is no hearsay concern with respect to Crowley's notice of Blanco's conduct and its defense of estoppel.

Second, Ponce's Ethics Point reports are admissible as records of a regularly conducted activity. See Fed. R. Evid. 803(6). Here, the reports fall within the constraints of Rule 803(6), as: (A) the reports were made at or near the time of Ponce's allegations by Ponce; (B) the reports was kept in Crowley's Human Resources regular practice of filing internal complaints against Crowley employees; (C) creation of the complaints were within the regular practice of Crowley's Human Resources Department; (D) the reports were shown to satisfy these conditions by the testimony of Tiffany King; and (E) nothing offered by the Defendants indicates a lack of trustworthiness. See Fed. R. Evid. 803(6); King Dep. at 96–97, 142–49, 151, 157, 161–63, 215–221; Ethics Point No. 297 at 2. That King only had knowledge of Human Resources' general practice of creating Ethics Point reports in response to employee

**OPINION AND ORDER - 20**

Case No. 3:22-cv-00174-CRK-PDB

complaints is sufficient to demonstrate the reports satisfy Rule 803(6).  See In re Int'l

Mgmt. Assocs., LLC, 781 F.3d at 1268; Butler, 635 F. App'x at 589.

Additionally, Ponce's first-hand testimony of her allegations against Blanco do

not constitute hearsay.  Indeed, Rule 602 permits Ponce to testify to matters of which

she has personal knowledge.  Fed. R. Evid. 602.  Whether Ponce's testimony is

credible is a matter of weight, rather than admissibility.  See Fed. R. Evid. 602 ("A

witness may testify to a matter only if evidence is introduced sufficient to support a

finding that the witness has personal knowledge of the matter.  Evidence to prove

personal knowledge may consist of the witness's own testimony").  Accordingly,

evidence of Blanco's conduct is admissible to show Crowley had notice of Blanco's

conduct and are not excluded as inadmissible hearsay.  The contents of the Ethics

Point reports and Ponce's related testimony are admissible to establish Blanco's

modus operandi.

### 4.   Rule 415

Crowley requests that the testimony of Ponce be limited to the information

contained in the Ethics Point complaints against Blanco that launched Crowley's

internal investigation.  Crowley Mot. at 19.  Plaintiff opposes Crowley's request,

arguing that Ponce's testimony should not be limited and is admissible under Rule

415.  Pl. Resp. (Crowley) at 14.  Federal Rule of Evidence 415 allows evidence that

shows a party committed "any other sexual assault," as defined in Rule 413, in a civil

sexual assault lawsuit.  Fed. R. Evid. 415(a).  Rule 413 contains five definitions of the

term "sexual assault," including "contact, without consent, between any part of the

OPINION AND ORDER - 21

**Case No. 3:22-cv-00174-CRK-PDB**

defendant's body . . . and another person's genitals or anus."[5]  Fed. R. Evid. 413(d)(2).

Courts have construed the term "genitals" to exclude a person's breasts.  See Davis v.

Pope, No. CV 511-105, 2013 WL 3934209, at *7 (S.D. Ga. July 30, 2013); Seeley v.

Chase, 443 F.3d 1290, 1297 (10th Cir. 2006) (finding that evidence the defendant

rubbed a victim's breasts did not qualify under 413(d)(2)).

Here, testimony of Ponce's allegations against Blanco is not admissible under

Rule 415.   Crowley's description of Ponce's anticipated testimony is vague,

speculating she will recount that Blanco groped her.  Crowley Mot. at 20.  Plaintiff

does not provide any details, but rather also implies that she will testify that she was

physically assaulted by Blanco.  Pl. Resp. (Crowley) at 14.  Regardless, evidence that

Blanco groped or touched Ponce's breasts does not fall within the purview the term

"genitals" within Rule 413.  See Fed. R. Evid. 415(a); Davis, 2013 WL 3934209, at *8;

Seeley, 443 F.3d at 1297.  Because groping or touching of another's breasts is not

---

[5]  The full list of definitions contained within Rule 415 is as follows:
> (d) Definition of "Sexual Assault." In this rule and Rule 415, "sexual assault" means a crime under federal law or under state law . . . involving:
>> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
>> (2) contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus;
>> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
>> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
>> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4).

Fed. R. Evid. 415(d).

**OPINION AND ORDER - 22**

Case No. 3:22-cv-00174-CRK-PDB

included under Rule 413's definition, Rule 415 does not provide for admission of Ponce's testimony.

However, and as discussed, Ponce's testimony is relevant for Blanco's modus operandi. The Court may determine that certain constraints and limitations are warranted at trial, but that can be accomplished with a proper objection by the parties at that time. <u>See</u> <u>Harris</u>, 2021 WL 5028201, at *1 ("A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence"); <u>Barfield</u>, 2017 WL 662012, at *3 (stating that a court may deny or defer ruling on any of the issues to see the evidence in context at trial). Therefore, Crowley's request to limit Ponce's testimony to the information contained in the Ethics Point report is denied, but Crowley may renew any objection to the relevant evidence at trial for evaluation in its proper context provided there is additional support.

## IV. Characterization that Plaintiff's Termination Was a "Pretext" or "Pretextual"

The parties dispute whether Plaintiff's potential characterization that her termination was a "pretext" or "pretextual" should be excluded. Crowley Mot. at 22; Pl. Resp. (Crowley) at 15. Crowley claims that the use of the term "pretext" or "pretextual" infers that Plaintiff's termination was due to unlawful or discriminatory employment practices by Crowley. Crowley Mot. at 22. Because unlawful or discriminatory employment practices are not at issue in this case, Crowley argues that any reference to Plaintiff's termination as a "pretext" or "pretextual" will therefore confuse the issues or mislead the jury and must be excluded under Rule 403.

Case No. 3:22-cv-00174-CRK-PDB

Here, granting Crowley's request would be improper.  The terms "pretext" or "pretextual" are not exclusive to employment discrimination claims brought under Title VII.  It is unclear to the Court why Crowley believes the use of the word "pretext" would lead to confusion. Crowley only claims "[t]he burden shifting framework that is set forth in <u>McDonnel Douglas</u> and applies to various causes of action does not apply to any of the claims made by Plaintiff," and any use of "pretext" or "pretextual" "implies that Plaintiff's termination was the result of an unlawful employment action such as discrimination" in the context of a Title VII action.  Crowley Mot. at 22–23; <u>see</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 804 (1973) (stating the Title VII claimant must be able to show that an employer's reasons for refusing to re-employ the claimant was a pretext or discriminatory in its application).  Crowley's argument is unpersuasive.  Crowley fails to consider the layman definition of "pretext," which consists of "a purpose or motive alleged or an appearance assumed in order to cloak the real intention or state of affairs."  <u>Pretext</u>, Merriam-Webster's Dictionary, https://www.merriamwebster.com/dictionary/pretext?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last visited Jan. 22, 2024).  Crowley seems to assume that the jury will know the <u>McDonnel Douglas</u> framework and impute the term of art definition to "pretext" without supporting this conclusion with any authority. Moreover, any characterization by Plaintiff that her termination was a "pretext" or "pretextual" affects the weight of the evidence, not its admissibility.  <u>See</u> Fed. R. Evid. 602.  Accordingly, Crowley's request to prohibit Plaintiff's description of her termination as a "pretext" or "pretextual" is denied.

**OPINION AND ORDER - 24**

Case No. 3:22-cv-00174-CRK-PDB

## V.    Evidence Regarding Blanca Hernandez

Lastly, the parties dispute whether Plaintiff may introduce Hernandez's testimony concerning her mental health.  Blanco Mot. at 9–10; Pl. Resp. (Blanco) at 7.  Blanco moves to exclude testimony of Hernandez's mental state under Rules 401 and 403, which he anticipates Plaintiff will introduce to illustrate the lasting effects of Blanco's conduct upon Hernandez's psychiatric treatment, medications, and financial state.  Blanco Mot. at 9.  Plaintiff counters that the testimony evinces Blanco's knowledge and Crowley's notice as elements of her claims under the TVPRA. Pl. Resp. (Blanco) at 7.

Evidence is relevant if it affects the probability of a fact of consequence to a claim underlying the action.  Fed. R. Evid 401.  Relevant evidence may nonetheless be excluded if its probative value is substantially outweighed by its danger to be unduly prejudicial, to waste time, or by its needlessly cumulative effect.  Fed. R. Evid. 403.

Here, Hernandez's testimony is relevant to display Blanco's modus operandi, as explained above.  However, any mental toll upon Hernandez or ailments she suffered as a result of Blanco's alleged conduct are not relevant to Plaintiff's TVPRA suit.  Indeed, Hernandez's emotional toil stemming from interactions with Blanco has little to no bearing upon any elements Plaintiff must prove to be successful under the TVPRA.[6]  See 18 U.S.C. §§ 1589, 1591.  Moreover, the potential for confusion and the

---

[6]  Plaintiff contends that evidence of Hernandez's enrollment in Crowley's wellness program and prescribed medications are probative of Crowley's notice as to Blanco's

**Case No. 3:22-cv-00174-CRK-PDB**

prejudicial effect Blanco might suffer is great.  The specific damages incurred by an unrelated party as a result of Blanco's alleged actions might inflame the jury and lead to an emotional decision, and it could further confuse or mislead the jury as to whose damages are at issue.  Accordingly, Blanco's request is granted in part, and Plaintiff is prohibited from introducing testimony from Hernandez relating to hardships she suffered resulting from Blanco's misconduct.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Crowley's motion in limine to exclude evidence, <u>see</u> ECF No. 140, is granted in part and denied in part consistent with this opinion; and it is further

**ORDERED** that Blanco's motion in limine to exclude evidence, <u>see</u> ECF No. 141, is granted in part and denied in part consistent with this opinion; and it is further

**ORDERED** that Crowley's request to exclude evidence of a settlement offer to Plaintiff at trial is denied, but exclusion of reference to amounts of money offered during such settlement negotiations is granted; and it is further

---

workplace behavior.  Pl. Resp. (Blanco) at 7–8.  Plaintiff offers nothing to suggest that an employee's use of workplace resources or any personal medical treatments are available to Crowley.  Moreover, assuming Hernandez's medical treatments are not confidential and were known to Crowley, Plaintiff offers nothing to suggest that Crowley would then know or be able to find out the underlying basis for such treatment.  Accordingly, Plaintiff's argument is rejected.

**OPINION AND ORDER - 26**

**Case No. 3:22-cv-00174-CRK-PDB**

**ORDERED** that Crowley's request to exclude introduction of the complaints against Granada and Lopez is denied; and it is further

**ORDERED** that Crowley and Blanco's request to exclude evidence of Blanco's conduct, Ponce's Ethics Point reports, and her related testimony is denied; and it is further

**ORDERED** that Crowley's request to prohibit Plaintiff from characterizing her termination by Crowley as "pretextual" or a "pretext" is denied; and it is further

**ORDERED** that Blanco's request to exclude testimony of Hernandez's interactions with Blanco is denied, but his request to exclude discussion of Hernandez's own damages resulting from Blanco's treatment is granted.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:  February 1, 2024
    New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 27**