# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| VANESSA TREMINIO,<br><br>　　Plaintiff,<br><br>v.<br><br>CROWLEY MARITIME CORPORATION, and JUAN EMILIO BLANCO,<br><br>　　Defendants. | 3:22-cv-00174-CRK-PDB |

# INTRODUCTION

Before the Court is Plaintiff Vanessa Treminio's ("Plaintiff") motion requesting the Court to reconsider its Order granting in part and denying in part Defendant Crowley Maritime Corporation's ("Crowley") Motion in Limine. See [Plaintiff's] Mot. Reconsideration at 1, Feb. 22, 2024, ECF No. 164 ("Pl. Mot."); Opinion and Order at 21–23, Feb. 1, 2024, ECF No. 162 ("MIL Order"); see also [Crowley's] Mot. In Lim. Excl. Ev. & Inc. Mem. Law., Jan. 2, 2024, ECF No. 140 ("Crowley MIL."). The Court's prior Order denied, inter alia, Crowley's motion to exclude Wendy Ponce's ("Ponce") testimony. See MIL Order at 21–23. Although Plaintiff opposed Crowley's motion, arguing that Federal Rule of Evidence 415 permitted Ponce's testimony, see Pl. Mot. at 1, the Court rejected Plaintiff's argument. See MIL Order at 21–23. Nonetheless, the Court concluded that Ponce's testimony would be permitted to demonstrate Defendant Juan Emilio Blanco's ("Blanco") modus operandi and denied Defendant's

**OPINION AND ORDER - 1**

motion for this issue. See id. at 17–18, 21, 23. In denying Crowley's motion, the Court stated that, although Ponce's testimony was not admissible under Federal Rule of Evidence 415, it was relevant to Blanco's modus operandi and that it "may determine that certain constraints and limitations are warranted at trial" which "can be accomplished with a proper objection by the parties at that time." Id. 23. The Court also specified Crowley could "renew any objection to the relevant evidence at trial for evaluation in its proper context provided there is additional support." Id. For the following reasons, Plaintiff's motion to reconsider is denied.

## DISCUSSION

Plaintiff claims reconsideration of the Court's Rule 415 determination is required to prevent clear error and manifest injustice. See Pl. Mot. at 3; see also MIL Order at 21–23. Crowley counters that (1) the Court's Order did not exclude Ponce's testimony, leaving no issue for the Court to reconsider, (2) Plaintiff's motion restates its argument against Crowley's motion in limine, and (3) the Court's conclusion regarding the admissibility of Ponce's testimony under Federal Rule of Evidence 415 was correct and not "clear error" or "manifest injustice." See [Crowley's] Resp. Opp'n [Pl. Mot.] at 3–8, March 5, 2024, ECF No. 166 ("Crowley Resp.").

Plaintiff's Motion to Reconsider lacks merit. "The standard for granting reconsideration is strict and will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." In re Checking Account Overdraft Litig., No. 1:09-CV-23186-JLK, 2015 WL 12642011, at *1 (S.D. Fla. Aug. 21, 2015) (emphasis omitted). Reconsideration can be justified "on three

3:22-cv-00174-CRK-PDB

grounds: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Id. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Tardif v. People for Ethical Treatment of Animals, No. 2:09-CV-537-FTM-29, 2011 WL 6004071, at *1 (M.D. Fla. Dec. 1, 2011).

The Court's Order on Crowley's motion in limine did not exclude Ponce's testimony; rather it denied Crowley's request to exclude Ponce's testimony. MIL Order at 23. Therefore, Plaintiff has no basis to seek reconsideration of the Court's Order granting what Plaintiff sought in the first place, i.e., denial of Crowley's motion to exclude Ponce's testimony. Moreover, Plaintiff may not use a motion to reconsider to argue the same facts and legal arguments previously asserted unless there was some defect in the first determination by which the Court and the parties have been misled. See Local Access, LLC v. Peerless Network, Inc., 222 F. Supp. 3d 1113, 1115 (M.D. Fla. 2016).

Further, Plaintiff's argument that the Court must reconsider its ruling with respect to Federal Rule of Evidence 415 because the Court "inadvertently excluded conduct prohibited by 18 U.S.C. Chapter 109A from the definition of 'Sexual Assault' encompassed by Federal Rules of Evidence 413 and 415," is mistaken. Pl. Mot. at 2. Plaintiff argues that Rule 415(a) allows the Court to admit evidence that the party committed "any other sexual assault" as defined in Rule 413, and that the definition of "sexual assault" in Rule 413 includes "any conduct prohibited by 18 U.S.C. Chapter 109A." Id. at 2–4. Plaintiff believes this definition with reference to Chapter 109A

**OPINION AND ORDER - 3**

3:22-cv-00174-CRK-PDB

includes "the intentional touching, either directly or through the clothing, of the . . . breast . . . or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." See id. at 3–4. Plaintiff fails to understand the manner by which the rule functions, overlooking that only conduct prohibited by 18 U.S.C. Chapter 109A triggers Rule 415 under Subsection (d)(1). See Fed. R. Evid. 413(d)(1).

Rule 415 permits admission of evidence of any other sexual assault to bolster a "civil case involving a claim for relief based on a party's alleged sexual assault." Fed. R. Evid. 415(a). To determine whether the admission is allowed, Rule 415 looks to Rule 413. Id. Parallel to Rule 415, Rule 413 permits admission of "any other sexual assault" to bolster a criminal case where the defendant is accused of sexual assault. Fed. R. Evid. 413(a). Additionally, Rule 413 provides for the five definitions of "sexual assault" that governs the admissibility of sexual assault evidence in both criminal and civil cases. Fed. R. Evid. 413(d); see also Fed. R. Evid. 415. Among these definitions, and at issue here, is the definition that "sexual assault" includes "any conduct prohibited by 18 U.S.C. chapter 109A."[1] Id.

---

[1] The other four definitions contained in Rule 413 are as follows:
> (2) contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus;
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4).

Fed. R. Evid. 413(d)(2)–(5).

**OPINION AND ORDER - 4**

3:22-cv-00174-CRK-PDB

Federal crimes involving sexual abuse are contained in chapter 109A of Title 18, as referenced by Rule 413. Within the definitions section of the statute are two descriptions of terms relevant to Plaintiff's claim: "sexual act" under 18 U.S.C. § 2246(2); and "sexual contact" under Section 2246(3). Importantly, the definition of "sexual act"[2] does not include conduct such as groping unless the victim is under 16 years of age, while "sexual contact"[3] does include such conduct, regardless of age.

The definitions of Section 2246 delineate acts proscribed under the statute subject to criminal penalties. See generally 18 U.S.C. §§ 2241–48. A "sexual act" is a necessary element for many of the defined crimes under chapter 109A of Title 18. See, e.g., 18 U.S.C. § 2241(a) ("Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a

---

[2] The code defines "sexual act" as
  (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
  (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
  (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
  (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]
18 U.S.C. § 2246(2).

[3] The code defines "sexual contact" as "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

**OPINION AND ORDER - 5**

contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act"); 18 U.S.C. § 2242(1) ("whoever . . . knowingly[] causes another person to engage in a sexual act by threatening or placing that other person in fear"). Sexual contact, however, is applicable in limited situations involving minors, special maritime and territorial jurisdictions, and federal prisons and other similar institutions. See, e.g., 18 U.S.C. § 2244(b) ("Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in sexual contact with another person without that other person's permission shall be fined under this title, imprisoned not more than two years, or both"); 18 U.S.C. § 2244(c) ("If the sexual contact . . . is with an individual who has not attained the age of 12 years, the maximum term of imprisonment that may be imposed for the offense shall be twice that otherwise provided in this section"); see also Carroll v. Trump, 660 F. Supp. 3d 196, 203 n.12 (S.D.N.Y. 2023) (finding the defendant's groping of the plaintiff to be within the bounds of Rule 415 because the alleged act occurred on an aircraft in the United States and thus within the special maritime and territorial jurisdiction of the United States).

      Here, Plaintiff's contention that Blanco's alleged acts fall within chapter 109A of Title 18 and thus the ambit of Rule 415 is incorrect. No provisions within the sections of the chapter apply to the allegations of her lawsuit. It is undisputed that

**OPINION AND ORDER - 6**

3:22-cv-00174-CRK-PDB

Plaintiff was approximately 26 years old at the time she was allegedly assaulted by Defendant—thus she was not a minor. See Am. Compl. at ¶¶ 6, 40. It is undisputed that the alleged events occurred in either Florida or El Salvador, and not the special maritime or territorial jurisdiction of the United States or a federal prison or similar facility or institution. See id. at ¶¶ 101–69. Accordingly, Plaintiff's argument was, and continues to be incorrect. The motion for reconsideration is denied.

## CONCLUSION

Plaintiff's motion lacks merit. Plaintiff cannot seek reconsideration of a ruling in its favor. Moreover, Plaintiff's interpretation of Federal Rule of Evidence 415 is incorrect.

So Ordered.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:   March 11, 2024
         New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 7**