# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |
|---|---|
| VANESSA TREMINIO,<br><br>         **Plaintiff,**<br><br>v.<br><br>**CROWLEY MARITIME<br>CORPORATION, and JUAN EMILIO<br>BLANCO,**<br><br>         **Defendants.** | **3:22-cv-00174-CRK** |

## INTRODUCTION

Before the Court is Defendant Crowley Maritime Corporation's ("Crowley" or "Defendant") Fourth Motion for Sanctions for Plaintiff Vanessa Treminio's alleged failure to comply with discovery obligations and Court Orders ("Fourth Motion for Sanctions").[1]  See [Crowley's] [Fourth] Mot. Sanctions at 1, Jan. 31, 2024, ECF No. 160 ("Def. Mot.").  Defendant seeks dismissal with prejudice of this entire action, or alternatively, additional discovery, a jury instruction regarding presumptions, the preclusion of certain witnesses, and monetary sanctions.  Id. at 23−24.  For the following reasons, the Motion is granted in part and denied in part.

---

[1]  Defendant Juan Emilio Blanco neither joined Crowley's motion nor did he file his own motion for sanctions against Plaintiff.  Because Blanco is not involved in the issue before the Court, Crowley will be referred to as "Defendant."

**OPINION AND ORDER - 1**

**Case No. 3:22-cv–00174-CRK-PDB**

## <u>BACKGROUND</u>

This motion before the Court follows a series of discovery disputes resulting in multiple sanctions motions filed by Defendant.  On January 30, 2023, Defendant served Plaintiff with its first request for production ("RFP") and first set of interrogatories, seeking "any and all statements by other persons with knowledge or information of the facts alleged in Plaintiff's Amended Complaint."  <u>See</u> Order [Re. August Motion for Sanctions] at 3, Nov. 22, 2023, ECF No. 130 ("August Sanctions Order").  Defendant's interrogatory No. 13 requested Plaintiff to disclose all "current and former Crowley employees with whom she had communicated" since her termination of employment with Crowley.  Pl.'s Not. Serving Resps. To [Def.'s] First Set Interrogs. at 12–13, Mar. 10, 2023, ECF No. 160-3 ("First Interrogs."); Def. Mot. at 3.  On March 10, 2023, Plaintiff responded to Defendant's first set of interrogatories with a list of current and former Crowley employees with whom she had communicated via social media.  Def. Mot. at 3.  In Defendant's deposition of Plaintiff on March 27, 2023, Plaintiff stated that her responses to Defendant's interrogatories were accurate and that she did not withhold any relevant communications.  <u>Id.</u> at 4.

Between the months of May 2023 and December 2023, Defendant served Plaintiff with multiple additional RFP's, filed multiple motions to compel, and filed multiple motions for sanctions based on Plaintiff's alleged failure to comply with this Court's Order of August 30, 2023, instructing her to produce her relevant Facebook

**OPINION AND ORDER - 2**

**Case No. 3:22-cv-00174-CRK-PDB**

account information.[2]  In its August Motion for Sanctions, Defendant sought, inter alia, to strike the examination under oath of Luis Santamaria because of Plaintiff failed to disclose Santamaria's address or contact information and her intent to use his examination under oath or call him as a witness at trial.  [Crowley's] Mot. Sanctions, Including But Not Limited To Striking Exam. Under Oath Of Luis Santamaria at 1, Aug. 28, 2023, ECF No. 105 ("August Motion for Sanctions").  The Court granted the August Motion for Sanctions, precluding the testimony of Luis Santamaria.  See August Sanctions Order at 15–16.

In Defendant's October Motion for Sanctions, Defendant sought enforcement and sanctions in connection with a prior Order to compel requiring Plaintiff to produce, inter alia, a variety of Facebook data.  [Crowley's] Mot. Sanctions For Failure to Comply With Court Order at 1, Oct. 2, 2023, ECF No. 121 ("October Motion for Sanctions"); see also Order on Motion to Compel at 1–4; Order [Re. October Motion for Sanctions] at 1–5, Nov. 6, 2023, ECF No. 125 ("October Sanctions Order")

---

[2]  On May 15, 2023, Defendant served Plaintiff with its second RFP seeking documents that were not produced in response to the first RFP.  August Sanctions Order at 4.  On June 2, 2023, Defendant served the third RFP asking for statements from current and former Crowley employees regarding the lawsuit.  Id.  On June 14, 2023, Defendant filed a motion to compel responses to Defendant's first RFP seeking any sworn examinations under oath which Plaintiff possessed.  Id. at 5.  On July 3, 2023, this Court ordered Plaintiff to supplement her discovery production.  See Order, Directing [Plaintiff] to Supplement Discovery, July 3, 2023, ECF No. 77.  On August 30, 2023, this Court granted Defendant's motion to compel in part.  See Order [Re. Mot. to Compel] at 1–4, Aug. 30, 2023, ECF No. 106, ("Order on Motion to Compel").  On November 22, 2023, this Court granted Defendant's August motion for sanctions.  August Sanctions Order at 4.

**OPINION AND ORDER - 3**

**Case No. 3:22-cv-00174-CRK-PDB**

(granting the motion for sanctions in part to require Plaintiff to produce certain Facebook data).

On December 27, Defendant filed a third sanctions motion ("Third Motion for Sanctions").  See [Crowley's] [Third Motion for Sanctions] at 1, Dec. 27, 2023, ECF No. 134.[3]  In the motion, Defendant again sought immediate production of Facebook data as well as other sanctions including costs.[4]  Id.  On January 5, 2024, the Court ordered a status conference to discuss the ongoing issues with the production of discovery.  Order [Re. Jan. 5 Tele. Conf.] at 1–2, Jan. 5, 2024, ECF No. 143.  On January 9, 2024, the parties reported to the Court that the Facebook data at issue had been downloaded and given to the Defendants.  Joint Status Report [Re. Jan. 8, 2024 Meeting] at 1–4, Jan. 9, 2024, ECF No. 145.  Plaintiff produced 685 Megabytes of Facebook account information spanning from 2017 to 2023.  Aff. of Vanessa Treminio, at 1, Feb. 13, 2024, ECF No. 163-1 ("Pl. Aff.").  Subsequently, Defendant filed a motion challenging the confidentiality designations made by Plaintiff in connection with its production.  Mot. Misc. Relief at 1, Jan. 11, 2024, ECF No. 148

---

[3]  Crowley titled its December 27, 2023, sanctions motion its "Second Motion for Sanctions for Failure to Comply with a Court Order."  See Third Motion for Sanctions at 1.  The Court has chosen to characterize the motion as Crowley's "Third Motion for Sanctions" as it is the third time Crowley has moved the Court in this manner during this litigation.

[4]  The parties consented to an amendment of the motion to substitute redacted exhibits.  See Consent Mot. Am. [Third Motion for Sanctions] at 1, Dec. 27, 2023, ECF No. 135.

**OPINION AND ORDER - 4**

Case No. 3:22-cv-00174-CRK-PDB

("Conf. Mot."). The Court granted Defendants motion.[5]  Order [Re. Misc. Relief] at 1–2, Jan. 25, 2024, ECF No. 159.

Despite Plaintiff's statements that her production responses were complete, numerous Facebook posts and messages had not previously been disclosed.  See Def. Mot. at 8–13; see also Pl. Resp. at 2–7.  Specifically, Plaintiff exchanged messages with individuals at various points since 2017, including communications with former Crowley employees Fernando Giron, Evelyn Vasquez, and Chad Yarborough.  See Def. Mot. at 8–13; see also Pl. Resp. at 2–7.  Further, two Facebook messages between Plaintiff and Ayesha Diaz on June 10, 2021, were deleted at some point after June 10, 2021, and at least sixteen messages sent to Alejandra Moreno were deleted at some point after August 24, 2021.  See Def. Mot. at 8–9, 13; see also Pl. Resp. at 2–3, 6.

Crowley filed the instant fourth sanctions motion on January 31, 2024.  See generally Def. Mot.  The motion seeks various requests and sanctions, including dismissal of Plaintiff's lawsuit with prejudice.  See id. at 14–24.  On February 13, 2024, Plaintiff filed her response brief opposing Crowley's motion.  See generally Pl. Resp. Opp'n [Def. Mot.], Feb. 13, 2024, ECF No. 163 ("Pl. Resp.").  For the following reasons, Defendant's motion is granted in part and denied in part.

---

[5]   In addition to challenging the confidentiality status of Plaintiff's discovery production, Crowley moved for an award of fees and costs in bringing the motion.  See Mot. Misc. Relief at 11.  Plaintiff did not oppose Crowley's requests in its motion, and thus the Court awarded attorney's fees and costs.  See Order [Re. Misc. Relief] at 2; Pl.'s Resp. Non-Opp'n [Mot. Misc. Relief] at 1, Jan. 19, 2024, ECF No. 157 ("Pl. Conf. Resp.").

OPINION AND ORDER - 5

Case No. 3:22-cv-00174-CRK-PDB

### **DISCUSSION**

Crowley claims that Plaintiff's spoliation of evidence and failure to comply with discovery obligations under the Federal Rules of Civil Procedure and the Court's Orders exhibit patterns "of contumacious and bad faith conduct" warranting dismissal of Plaintiff's case with prejudice. Def. Mot. at 14. Alternatively, Defendant requests the Court to (1) reopen discovery to re-depose Plaintiff, take additional discovery regarding evidence contained in the Facebook production, and obtain a forensic examination of Plaintiff's electronic devices since January 1, 2017;[6] (2) instruct the jury concerning spoliated evidence; (3) preclude certain witnesses; and (4) impose monetary sanctions against Plaintiff. Id. at 23–24. Plaintiff opposes Crowley's motion, disputing its characterization of the transpired events and that granting Defendant's requests would be unjust, except for the opportunity to re-depose Plaintiff and individuals not previously disclosed. Pl. Resp. at 17.

### I.  **Rule 37(e) Sanctions for Electronically Stored Information**

The Federal Rules of Civil Procedure govern imposition of sanctions relating to discovery disputes. Rule 26 instructs that during initial disclosures, both parties must provide "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P.

---

[6] Defendant also requests that "[t]o the extent the Court determines that an evidentiary hearing is necessary . . . that Plaintiff and [Ayesha] Diaz be ordered to appear and provide testimony at the hearing with respect to the spoliation issues." Def. Mot. at 24. The Court will not order an evidentiary hearing at this point.

**Case No. 3:22-cv-00174-CRK-PDB**

26(a)(1)(A)(i).  Further, parties have a duty to supplement those disclosures when necessary:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>> (B) as ordered by the court.

Fed. R. Civ. P. 26(e).

The Rules define the general scope of discoverable information as "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party."  Fed. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350 (1978).  "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  Akridge v. Alfa, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting Oppenheimer, 437 U.S. at 350).  Documents located in available electronic systems, deleted emails, and computer files are included in the discovery to which a party is entitled.  See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp., 280 F.R.D. 681, 685 (S.D. Fla. 2012); Classic Soft Trim, Inc. v. Albert, No. 6:18-cv-1237-ORL-78GJK, 2020 WL 6734369, at *7 (M.D. Fla. June 15, 2020).  With respect to the preservation of information that is discoverable, specifically electronically stored information ("ESI"),

**OPINION AND ORDER - 7**

Case No. 3:22-cv-00174-CRK-PDB

parties must preserve information once litigation is reasonably foreseeable.  Alabama Aircraft Indus., Inc. v. Boeing Co., No. 20-11141, 2022 WL 433457, at *14 (11th Cir. Feb. 14, 2022) ("Alabama Aircraft II").  The Rules "strongly favor full discovery whenever possible," and thus a civil litigant is generally entitled to "any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence."  See Akridge, 1 F.4th at 1276 (first quoting Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013); and then quoting Degen v. United States, 517 U.S. 820, 825–26 (1996)); see also Hickman v. Taylor, 329 U.S. 495, 506 (1947) (stating discovery rules need to be interpreted and applied liberally to allow for robust discovery).  However, "discovery, like all matters of procedure, has ultimate and necessary boundaries" that can arise with conduct in bad faith or that annoys, embarrasses, or oppresses the subject of the inquiry.  Hickman, 329 U.S. at 507.

A party that fails to adhere to Rule 26 discovery requirements can be sanctioned under Rule 37.  When imposing sanctions under Rule 37, the Court has "discretion to decide how to respond to a litigant's failure to make a required disclosure under Rule 26."  Middlebrooks v. Equifax, Inc., No. 23-11086, 2024 WL 631000, at *5 (11th Cir. 2024) (quoting Taylor v. Mentor Worldwide LLC, 940 F.3d 582, 593 (11th Cir. 2019)).  This standard gives "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) (internal citations omitted); see also United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (explaining discretion afforded to trial judge).

**OPINION AND ORDER - 8**

**Case No. 3:22-cv-00174-CRK-PDB**

Rule 37(e) provides guidance for when sanctions are appropriate in connection

with ESI:

> (1) upon finding prejudice to another party from loss of the information,
> [the Court] may order measures no greater than necessary to cure the
> prejudice; or
> (2) only upon finding that the party acted with the intent to deprive
> another party of the information's use in the litigation[,] [the Court]
> may:
>> (A) presume that the lost information was unfavorable to the
>> party;
>> (B) instruct the jury that it may or must presume the information
>> was unfavorable to the party; or
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). Thus, the Court must consider multiple factors before imposing

sanctions for ESI spoliation under Rule 37(e), including findings that: (1) a party had

a duty to preserve the ESI; (2) the ESI was lost or destroyed; (3) the ESI was lost as

a result of the party's failure to take reasonable steps to preserve it; and (4) the lost

or destroyed ESI is restorable or recoverable through additional discovery.  See Doe

v. Willis, No. 8:21-CV-1576-VMC-CPT, 2023 WL 2918507, at *5 (M.D. Fla. Apr. 12,

2023) (collecting cases).

In cases involving the failure to preserve ESI, the Court will resort to sanctions

where a party fails to honor its duty to preserve discoverable information in light of

reasonably foreseeable litigation.  Alabama Aircraft II, 2022 WL 433457, at *14; see

Fed. R. Civ. P. 37(e).  Litigation is reasonably foreseeable when  the party controlling

the evidence anticipates a lawsuit will be commenced.  See Alabama Aircraft Indus.,

Inc. v. Boeing Co., 319 F.R.D. 730 (N.D. Ala. 2017) ("The duty to preserve relevant

evidence must be viewed from the perspective of the party with control of the

**OPINION AND ORDER - 9**

Case No. 3:22-cv-00174-CRK-PDB

evidence") ("Alabama Aircraft I"), aff'd, Alabama Aircraft II, 2022 WL 433457 at *1; Hoover v. NCL (BAHAMAS) Ltd., No. 19-22906-CIV, 2020 WL 4505634, at 12 (S.D. Fla. Aug. 5, 2020) (finding party had no duty to preserve ESI when it was unaware of the plaintiff's claims when it destroyed the evidence because there was no anticipation of litigation). The standard to determine whether litigation is reasonably foreseeable is an objective one. See Alabama Aircraft I, 319 F.R.D. at 742; Title Cap. Mgmt., LLC v. Progress Residential, LLC, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

The two tiers of sanctions under Rule 37(e) are imposed based on the conduct of a party or its consequences. Skanska v. U.S.A. Civil Southeast, Inc. v. Bagelheads, Inc., 75 F.4th 1290, 1311–12 (11th Cir. 2023); see also Jones v. Life Care Centers of Am., Inc., No. 3:20-CV-488-TJC-PDB, 2022 WL 4389727 at *30 (M.D. Fla. Aug. 11, 2022), report and recommendation adopted, No. 3:20-CV-488-TJC-PDB, 2022 WL 4384175 (M.D. Fla. Sept. 22, 2022). Sanctions under Rule 37(e)(1) are administered when the opposing party has been prejudiced; sanctions under Rule 37(e)(2) are imposed upon a finding of bad faith regardless of prejudice. See Skanska, 75 F.4th at 1311–12. Courts have found that "the 'intent to deprive' standard in Rule 37(e)(2) may very well be harmonious with the 'bad faith' standard previously established by the Eleventh Circuit." Alabama Aircraft I, 319 F.R.D. at 746 (citing Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd., 2016 WL 1105297, at *6 (S.D. Fla. Mar. 22, 2016)).

**OPINION AND ORDER - 10**

Case No. 3:22-cv-00174-CRK-PDB

The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the Court's orders." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). In Skanska, the Eleventh Circuit upheld the trial court's decision to dismiss the cause of action under Rule 37(e)(2). Id. at 1313. Despite a lack of evidence that the party acted in bad faith, the district court found that a "lack of any cogent explanation" for the plaintiff's failure to preserve the evidence was enough to administer Rule 37(e)(2) sanctions. Id. The Court of Appeals affirmed, noting that the plaintiff's intent was a "close question." Id. Similarly, in Jones v. Life Care Centers of America Inc., the Court dismissed the lawsuit with prejudice because there was clear evidence of bad faith. 2022 WL 4389727, at *34 (explaining that a T-Mobile receipt revealed the plaintiff's "clear pattern of willful contempt[.]").

"While the burden of establishing prejudice generally falls on the party seeking sanctions, courts acknowledge that it can often never be proved what was contained in destroyed evidence. Typically, only the spoliator knows how much prejudice has been caused by the destruction." Classic Soft Trim, Inc. v. Albert, No. 6:18-CV-1237-ORL-78GJK, 2021 WL 720435, at *6 (M.D. Fla. Feb. 10, 2021) ("'Prejudice exists where documents that are relevant to a claim are unavailable and the moving party has come forward with a plausible, good faith suggestion as to what the evidence might have been'" (quoting Goldrich v. City of Jersey City, No. CV-15-885-SDW-LDW, 2018 WL 4492931, at *10 (D.N.J. July 25, 2018))). Thus, courts have broad discretion in assessing prejudice from spoliated evidence and the subsequent imposition of

**OPINION AND ORDER - 11**

**Case No. 3:22-cv-00174-CRK-PDB**

sanctions based upon the facts of the case. Fed. R. Civ. P. 37 advisory committee's notes to 2015 amendment; Jones, 2022 WL 4389727 at *30 ("the court should determine which party bears the burden [of proving prejudice] case by case"); see also Skanska, 75 F.4th at 1311.

Here, sanctions under Rule 37(e)(2) are not appropriate absent a showing that Plaintiff acted in bad faith. Although Plaintiff deleted two Facebook messages with Ayesha Diaz on or after June 10, 2021, see Def. Mot. at 8, Plaintiff claims the deletions were due to "negligent oversight." Pl. Resp. at 1, 3. Plaintiff "cannot remember why she deleted the two Facebook messages," but she is "fairly confident" that they were deleted the same day they were sent. Id. at 3. Further, Plaintiff also sent Facebook messages to Alejandra Moreno, a family friend and attorney in the United States, between August 24 and August 27, 2021, and deleted them at some point after they were sent. See Def. Mot. at 13; see also Pl. Resp. at 6. Plaintiff also claims that these messages were deleted "after a few days" because Moreno never responded. Pl. Resp. at 6; Pl. Aff. at ¶ 58.

Although Plaintiff's statements concerning the deleted messages stem from a self-serving affidavit, at this stage the Court is not prepared to conclude that these messages were deleted in bad faith.[7] See Pl. Aff. at ¶¶ 10, 58–59. There are lesser

---

[7] Plaintiff argues there is no circumstantial evidence of bad faith. Pl. Resp. at 10–11. However, there are several messages from Diaz instructing Plaintiff to delete ESI relevant to her employment at Crowley. See e.g., WhatsApp Messages Between Diaz & Plaintiff at 3, 55, Jan. 11, 2024, ECF No. 149-1 ("WhatsApp Diaz Messages"). Nonetheless, without more, the Court is unprepared to say that Plaintiff acted in bad faith.

**OPINION AND ORDER - 12**

**Case No. 3:22-cv-00174-CRK-PDB**

sanctions that can be imposed to achieve justice, and therefore, without any clear evidence of bad faith at this time, it would be improper to grant Rule 37(e)(2) sanctions. See Skanska, 75 F.4th at 1311.

Plaintiff's deletion of messages warrants sanctions other than dismissal with prejudice because of the effect they have on Defendant.[8]  Plaintiff's argument that she had no duty to preserve the deleted messages fails to persuade because she explicitly anticipated litigation when the messages were deleted.  From an objective viewpoint, Plaintiff reasonably anticipated litigation when she deleted the text messages.  See Alabama Aircraft I, 319 F.R.D. at 742.  Plaintiff shared with Diaz a draft of a statement to Crowley via WhatsApp on June 10, 2021—the same days she sent the messages that were then deleted—proclaiming, "I'm ready to take my lawsuit to the media and social media, local and in the United States."[9]  WhatsApp Diaz Messages at 8.  Additionally, and in the Facebook message thread with Diaz itself, Plaintiff states two messages before the deletions that "[i]f I win the lawsuit, I

---

[8]  Elements two and three of the factors for Rule 37(e) sanctions here are satisfied. See Doe v. Willis, 2023 WL 2918507, at *5.  Plaintiff concedes both that she deleted the messages with Diaz and Moreno, Pl. Resp. at 13–14, and that the deletions were due to "negligent oversight" with no argument that she undertook reasonable steps to preserve the information. Id. at 1.  Plaintiff claims that the deleted messages with Diaz are "duplicative of the content documented in the preserved WhatsApp chats sent contemporaneously;" however, there is no basis to support that assertion other than Plaintiff's self-serving affidavit.

[9]  Plaintiff also sent a revised version of the draft statement to Diaz two messages after the deletions in the Facebook message thread. Exh. E: Ayesha Diaz – Treminio FB Messages at 16, Jan. 31, 2024, ECF No. 160-5 ("Facebook Diaz Messages").

**OPINION AND ORDER - 13**

**Case No. 3:22-cv-00174-CRK-PDB**

will donate a part to an organization for abused women."[10]  See Facebook Diaz Messages at 15.  Not only did Plaintiff anticipate the lawsuit, but the messages themselves reveal that Plaintiff understood her communications would be relevant to that lawsuit.  See Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998) ("[The] obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation"); see also Leidig v. Buzzfeed, Inc., No. 16-CIV-542-VM-GWG, 2017 WL 6512353, at *8–10 (S.D.N.Y. Dec. 19, 2017) (finding duty to preserve ESI attached when the party "knew that there was a realistic potential for litigation" through implicit threats of legal action).[11]

---

[10]  The advisory committee's notes to Rule 37 explain that courts should consider "the party's sophistication with regard to litigation in evaluating preservation efforts." Fed. R. Civ. P. 37(e) advisory committee's notes to 2015 amendment.  Here, not only does the information in the Facebook data demonstrate that Plaintiff was anticipating litigation, but also demonstrates some sophistication, because of the discussion regarding deletion of ESI related to the suit.  See e.g., Diaz Messages at 3, 55.

[11]  Although some courts have found that the duty to preserve does not apply when the data is out of control of the litigant, that is not the case here.  See, e.g., Wooden v. Barringer, No. 3:16-CV-446-MCR-GRJ, 2017 WL 5140518, at *7 (N.D. Fla. Nov. 6, 2017) (finding no duty to preserve surveillance footage that was contained on the litigant's employer's camera system that would automatically overwrite every 30 days); Franklin v. Shelby Cnty. Bd. Of Educ., No. 20-CV-02812-JPM-TMP, 2021 WL 6066673 (W.D. Tenn. Sept. 28, 2021), report and recommendation adopted in part, No. 220-CV-02812-JPM-TMP, 2021 WL 5449005 (W.D. Tenn. Nov. 22, 2021) (finding no spoliation with software application that automatically deleted old recordings in the possession of pro se litigant).  Plaintiff's phone was in her possession, and she had been warned by Diaz to delete ESI relating to her former employment at Crowley.

**OPINION AND ORDER - 14**

**Case No. 3:22-cv-00174-CRK-PDB**

Plaintiff's deletion of messages deprives Defendant of discoverable information to which it was entitled; however, all the ramifications of that deprivation are unclear at this point. Indeed, the rule requires the Court to ascertain whether further discovery can remedy any prejudice. Here, Defendant suggests that the prejudice stems from adverse information conveyed in the deleted messages. Def. Mot. at 16. A forensic examination of Plaintiff's devices may be able to remedy that prejudice by recovering what was said. Thus, in order to remedy the prejudice to Defendant, the Court orders a forensic examination of Plaintiff's devices including any cell phones, computers, and tablets she utilized between January 1, 2017, and the present, the costs of which she shall incur.[12] The Court will also permit further discovery including the deposition of Plaintiff and including a limited number of additional depositions of undisclosed individuals such as Giron, as discussed more fully below. These remedies may alleviate the prejudice caused by the deletion of ESI or alternatively may suggest that further sanctions are warranted. The Court will entertain further sanctions, if necessary, after completion of further discovery.

---

[12]  Absent a showing of bad faith, the Court at this point will not grant Crowley's request to exclude Diaz or Moreno as witnesses at trial or preclude Plaintiff from making references to any communications with Diaz during Plaintiff's employment at Crowley to the jury. See Def. Mot. at 24. Moreover, the Court will not grant Defendant's request to instruct the jury to accept as true Plaintiff's statements to Giron in the Facebook messages at this time. See id. As for Plaintiff's assertion that any conversations with Moreno are privileged, see Pl. Resp. at 6, Plaintiff also deleted messages from Diaz and therefore the Court need not reach the merits of her claim regarding her messages with Moreno at this time.

**OPINION AND ORDER - 15**

Case No. 3:22-cv-00174-CRK-PDB

## II.    Rule 37(c) Sanctions

Plaintiff's failure to supplement her initial disclosures warrant sanctions under Rule 37(c) as well.[13]   By not disclosing Facebook messages with Crowley employees, such as Fernando Giron, Evelyn Vasquez, Chad Yarborough, Plaintiff caused Defendant to bear unnecessary costs and deprived Defendant of information to which it was entitled in preparing its defense.   Def. Mot. at 13 (noting Plaintiff failed to disclose the identity and any communications with Yarborough).   Plaintiff claims that she simply did not remember the communications with Giron and Yarborough, and that she believed the communications with Vasquez to be irrelevant because they concerned "matters unrelated to the allegations in the complaint or issues in the lawsuit."   Pl. Resp. at 4.   However, given that these individuals are former employees of Crowley, the communications that occurred after 2017 should have been disclosed to comply with Defendant's interrogatory No. 13.   See First Interrogs. at 12–13 (requesting Plaintiff's disclosure of all communications with current or former Crowley employees since Plaintiff's separation of employment with Crowley to present).   The Court concludes that dismissal with prejudice for the failure to disclose and supplement disclosure of the listed individuals is not warranted, but that appropriate sanctions under Rule 37(c) are warranted.

---

[13] Plaintiff appears to concede that what she refers to as "inadvertent failures to supplement" might support Rule 37(c) sanctions, including re-deposing Plaintiff as well as the ability to depose previously undisclosed individuals such as Giron.   Pl. Resp. at 17–18.

OPINION AND ORDER - 16

Case No. 3:22-cv-00174-CRK-PDB

Defendant's request to be permitted to conduct additional discovery including deposing undisclosed individuals such as Giron is reasonable in these circumstances. Def. Mot. at 23.  As discussed, parties have a duty to supplement disclosures when necessary.  Fed. R. Civ. P. 26(e).  If a party fails to disclose or supplement disclosures, and that failure is not "harmless" or "substantially justified," "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial," and the Court may: (A) order payment of reasonable expenses incurred by the failure, including attorney's fees; (B) inform the jury of the party's failure; and (C) impose other appropriate sanctions, including those listed in Rule 37(b)(2)(A)(i)–(vi).  Fed. R. Civ. P. 37(c)(1)(A–C).

Plaintiff had a duty to disclose these communications under Rule 26(a), and a duty to supplement any failure to disclose under Rule 26(e).  See Fed. R. Civ. P. Rule 26(a), (e).  Following the Court's October Sanctions Order and the Order overruling her objections, Plaintiff should have been aware that her disclosures needed to be supplemented.  See October Sanctions Order at 4; Order Overruling Pl.'s Objs. to [October Sanctions Order] at 11, Dec. 13, 2023, ECF No. 133 ("Objections Order").  At the very least, by January 9, 2024, Plaintiff had supplied Facebook information and designated significant portions of that information as confidential.  See Conf. Mot. at 4–5 (Defendant objecting to confidentiality designation); Pl. Conf. Resp. at 1 (Plaintiff conceding to Defendant's objection).  It is unclear to the Court how Plaintiff could have sought to designate information as confidential without reviewing that information and learning that it contained the names of the individuals who should

**OPINION AND ORDER - 17**

**Case No. 3:22-cv-00174-CRK-PDB**

have been disclosed to Defendant. Yet, Plaintiff failed to supplement her disclosures. Plaintiff had knowledge that there were individuals she should have disclosed to Defendant pursuant to Rule 26, and that Defendant might seek additional discovery with respect to those individuals if Defendant knew of them (and Plaintiff argues that Defendant knew of only one, Pl. Resp. at 4–5). Plaintiff nonetheless allowed this Court to confer with the parties and to establish a new trial timeline, including a new trial date, without that information being shared with the Defendant or the Court.

Nothing in Plaintiff's response would lead to the conclusion that her failure to supplement was substantially justified or that her actions were harmless. This Court previously explained:

> The rule-breaking party bears the burden to demonstrate substantial justification and harmlessness. See Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment; see also Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 812 (11th Cir. 2017). "Substantial justification" means "reasonable people could differ as to the appropriateness of the contested action." Knight through Kerr, 856 F.3d at 812 (citing Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997)).

August Sanctions Order at 8–10. The meaning of "harmlessness" for Rule 37(c)(1) is unsettled in the Eleventh Circuit. See Crawford v. ITW Food Equipment Group LLC, 977 F.3d 1331, 1342–43 (11th Cir. 2020) ("our opinion adds little to the meaning or scope of the term "harmless"); id. at 1342–43 (Tjoflat, J., dissenting) (advocating for a strict reading of "harmless" under Rule 37(c)(1)); see also Mentor Worldwide LLC, 940 F.3d at 603 (Carnes, J., concurring) (acknowledging the uncertainty of the word "harmless" in the context of Rule 37(c)). Some circuits apply a pre-Rule 37(c)(1)

**OPINION AND ORDER - 18**

Case No. 3:22-cv-00174-CRK-PDB

"judicially created, non-exhaustive" list of factors to determine harmlessness. <u>Griffin</u> <u>v. United States</u>, No. 3:19-CV-441-MMH-PDB, 2021 WL 4947180, at *15 (M.D. Fla. July 30, 2021).  These factors include "the explanation for the failure, the importance of the witness's testimony, the need for time to prepare and respond to the testimony, and the possibility of continuance." <u>Id.</u> (citing <u>Murphy v. Magnolia Elec. Power Ass'n</u>, 639 F.2d 232, 235 (5th Cir. 1981)); <u>see also</u> <u>Romero v. Drummond Co., Inc.</u>, 552 F.3d 1303, 1321 (11th Cir. 2008) (applying 37(c) factors to find that a district court did not abuse its discretion in excluding the testimony of several late-disclosed witnesses).

Here, Plaintiff's argument that her failure to supplement her disclosures was substantially justified is meritless.  Plaintiff attempts to justify her failure to disclose certain names of individuals because she did not intend to call them as witnesses or use their statements in support of her case.  Pl. Resp. at 17 n.3 (first citing Fed. R. Civ. P. 26(a); and then citing <u>Ziglar v. GE Cap. Retail Bank</u>, No. 3:13-CV-1081-J-34JBT, 2014 WL 12634276, at *2 (M.D. Fla. May 23, 2014)).  The proper citation is to the advisory committee's notes to Rule 26(a), and, as <u>Ziglar</u> makes clear, this exception to supplementation applies to automatic disclosures under Rule 26(a), particularly "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." <u>Zigler</u>, 2014 WL 12634276, at *2 (quoting Fed. R. Civ. P. 26(a)(1)(A)).  The supplementation required here is not for

**OPINION AND ORDER - 19**

Case No. 3:22-cv-00174-CRK-PDB

automatic disclosures, but specific interrogatories. Thus, Plaintiff's justification based on the advisory committee's note is wrong.

Plaintiff's argument that her failures to comply with the discovery rules and Orders by the Court were harmless because they involved an "honest mistake" is unpersuasive. Pl. Resp at 17. Even if her failure to properly respond to Crowley's interrogatory was an honest mistake, Plaintiff had multiple opportunities to discover and rectify that mistake. One would think that while Plaintiff was disputing the discoverability of the Facebook data that she would have reviewed that data and realized that her disclosure responses needed to be supplemented. See, e.g., October Sanctions Order at 4 ("[Plaintiff] must provide without limitation all information from her Facebook account since January 1, 2017"); Objections Order at 11 (overruling objections to the October Sanctions Order and affirming the instruction to produce Facebook information). Once Plaintiff reviewed the Facebook data for confidentiality concerns, she would have been on notice of information that needed to be supplemented. Under no definition could Plaintiff's conduct be considered harmless. Her failure to update her disclosures after the Facebook dispute and the confidentiality designations cannot be considered a mistake. Furthermore, her explanation for the failure after the Facebook dispute and confidentiality determinations is unpersuasive. Therefore, sanctions are appropriate.

OPINION AND ORDER - 20

Case No. 3:22-cv-00174-CRK-PDB

## III.    Attorney's Fees

Plaintiff argues that Defendant lacks any basis to recover attorney's fees in connection with this motion.  The Court disagrees.  Both Rule 37(c) and 37(e) allow for the imposition of attorney's fees.   Indeed, Rule 37(c) specifically provides for "payment of the reasonable expenses, including attorney's fees, caused by the failure" to disclose. Fed. R. Civ. P. 37(c)(1)(A).   Rule 37(e) allows the Court to order measures to remedy the prejudice, which here would include the cost of bringing this motion.[14] See Fed. R. Civ. P. 37(e)(1).  Therefore, Plaintiff will pay Defendant's reasonable attorney's fees in connection with bringing this motion.

## <u>CONCLUSION</u>

Due to Plaintiff's violations of Federal Rule of Civil Procedure 26(a) and 26(e), sanctions are warranted.  Federal Rule of Civil Procedure 37 and relevant case law allow the imposition of sanctions which this Court deems appropriate.  Defendant will have the opportunity to re-depose Plaintiff regarding the new Facebook information, take additional discovery including depositions of individuals not previously disclosed such as Giron, and obtain a forensic examination of Plaintiff's cell phones, computers, and tablets that Plaintiff used between January 1, 2017, to

---

[14] Plaintiff argues that fees may only be awarded for bad faith conduct, willful disobedience of an order, or under Rule 11(c).  <u>See</u> Pl. Resp. at 18 (citing <u>Esprit Stones Private LTD v. Rio Stone Grp. Inc.</u>, No. 6:19-cv-637-CEM-LHP, 2023 U.S. Dist. LEXIS 94680, at *10 (M.D. Fla. May 31, 2023).  The case Plaintiff relies upon is inapposite, as it pertains to a motion filed for "attorneys' fees and costs for the entirety of [the] litigation as a sanction against [the defendant]" in response to allegedly bad faith conduct by the defendant throughout the litigation, rather than a failure to comply with discovery rules.  <u>See</u> <u>id.</u> at *8.

**OPINION AND ORDER - 21**

**Case No. 3:22-cv-00174-CRK-PDB**

present (the cost of which will be incurred by Plaintiff). The Court denies Defendant's requests for dismissal with prejudice, a jury instruction with an adverse inference, the preclusion of Diaz and Moreno as witnesses for Plaintiff, and references by Plaintiff to Diaz. Although Defendant argues that these sanctions are warranted even in the absence of bad faith due to the prejudice caused by Plaintiff's conduct, the Court need not reach the merits of this argument until further discovery is conducted. See Def. Mot. at 20. If, upon the completion of additional discovery, Defendant believes the prejudice it suffered by Plaintiff's conduct has not been remedied or that further sanctions under Rule 37(c) or (e) are warranted, Defendant may move for further sanctions. Plaintiff will incur monetary sanctions equivalent to Defendant's reasonable attorneys' fees and costs associated with the filing of the instant motion.[15]

For the foregoing reasons, it is

**ORDERED** that the Motion is granted in part and denied in part; and it is further

**ORDERED** that Defendant will have the opportunity to re-depose Plaintiff regarding the new Facebook information; and it is further

**ORDERED** that Defendant will have the opportunity to conduct limited additional discovery including depositions of individuals who were not previously disclosed, including Fernando Giron; and it is further

---

[15] Defendant's motion for sanctions filed December 27, 2023 raises issues that are either addressed by this order or previously remedied after the date of filing. See generally Third Motion for Sanctions. Accordingly, Defendant's motion is denied as moot.

**OPINION AND ORDER - 22**

**Case No. 3:22-cv-00174-CRK-PDB**

**ORDERED** that Plaintiff will incur the cost of a forensic examination of her cell phones, computers, and tablets that were used between January 1, 2017 to present; and it is further

**ORDERED** that Defendant's Third Motion for Sanctions, ECF No. 134, is denied as moot; and it is further

**ORDERED** that the Amended Scheduling Order, <u>see</u> ECF No. 156, is vacated; and it is further

**ORDERED** that the parties shall meet and confer to propose new discovery and trial schedule that reasonably accommodates time for the instructions of this Order; and it is further

**ORDERED** that

a. Pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), Crowley is awarded its reasonable attorney's fees and costs for bringing this motion;

b. On or before Monday, April 1, 2024, the parties shall confer in person or via telephone in a good faith effort to agree about the amount of attorney's fees and costs awarded pursuant to this Order. If the parties are able to reach agreement, they shall file on or before Monday, April 15, 2024 a joint notice with the Court setting forth the agreed amounts;

c. If the parties are unable to agree on the amount of attorney's fees and costs, then, on or before Monday, April 15, 2024, Crowley may file a motion to quantify the attorney's fees and costs awarded in this Order. The motion for quantification must be supported by evidence concerning counsels' hourly rate and the time spent on bringing the Motion, as well as contain appropriate legal authority to support the requested amounts;

**OPINION AND ORDER - 23**

**Case No. 3:22-cv-00174-CRK-PDB**

      d. Plaintiff may respond to Crowley's motion for quantification on or before Monday, April 29, 2024.


/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]


Dated:      March 12, 2024
               New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 24**